IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| CHRISTINA R. PAOLI<br>34363 SUMMERLYN DRIVE<br>#204<br>LEWES, DE 19958<br><br>      Plaintiff<br><br>vs.<br><br><br><br>THE STATE OF DELAWARE<br><br>      and,<br><br>DELAWARE TECHNICAL AND<br>COMMUNITY COLLEGE<br><br>      Defendants. | Docket No: 06- 462<br><br><br><br>Jury Trial Demanded |

1

## COMPLAINT

### I. INTRODUCTION

1. This is a proceeding to enjoin Defendant's from continuing a course of discriminatory conduct designed to deprive plaintiff of her right to an education, employment, harass, intimidate, violate privacy, and defame, Plaintiff along with the redress of the above actions as well as the deprivation of rights secured to the plaintiffs under the United States Constitution, and the decisional laws fo the United States of America.

### II. JURISDICTION

2. The Jurisdiction of the Court over this controversy is based upon 28 U.S.C. Section 1331 the Jurisdiction of the United States Federal Courts to enforce actions relating to the redress of violations of the rights afforded individuals under the United States Constitution, and the laws of the United States of America, (Federal Question Jurisdiction).

### III. VENUE

3. Venue lies in the Federal District Court for the District of Delaware for the following reasons:
   a) Plaintiff and all Defendant's reside in the State of Delaware and the actions complained of occurred in the State of Delaware.

## IV. PARTIES

4. The Plaintiff in this action is Christina R. Paoli, an adult individual residing at 34363 Summerlyn Drive, Number 204, Lewes, Delaware, 19958.

5. The Defendant's are The State of Delaware and Delaware Technical and Community College, hereinafter referred to as DTCC, a Delaware State Educational Institution, with its principle address at 400 Stanton Christiana Road, Newark, Delaware, 19713.

## V. STATEMENT OF FACTS

6. That Christina Paoli was a student at DTCC from September 2004 until July of 2005 when Plaintiff received a letter from the school indicating that she was no longer allowed to attend or be on the school's property.

7. That as a student, plaintiff was on the Deans list each semester and was on the Presidents List.

8. That as a student, plaintiff received A and B grades routinely.

9. That plaintiff was a good student during her time at DTCC until she was forced to leave the school and abandon her education and sports endeavors, (Softball).

10. That plaintiff played softball for DTCC from 2005 through 2006, in the fall and spring.

11. That plaintiff received softball scholarships in both 2005 and 2006.

12. That plaintiff was an employee of DTCC as a Tutor from September of 2004 through October 2005, and to the best of plaintiff's knowledge and belief is still on the DTCC payroll

13. That on or about February 2006 plaintiff reported to the Dean of the School, Dean Goldsmith, that she observed disturbing and potentially illegal conduct on the part of her softball coaches being:
   a) Coaches drinking with students after games;
   b) Coaches drinking with under aged students after games;
   c) Coaches buying alcohol for students;
   d) That on March 11, 2006 Coach Emilie told Stacie Burris to hit the Camden team batter in her "F in" face with the "F in" ball;
   e) That the coaches let individuals play with non- qualifying grades.
   f) That she lent her coach Matt $300.00 in October of 2005 which he failed to repay.

14. That immediately after reporting her serious concerns to the Dean, Plaintiff was "blackballed" from softball and the school.

15. Thereafter DTCC proceeded on a course of conduct designed to punish, intimidate, and harass Plaintiff as a direct result of her bringing to the schools attention, serious and disturbing matters.

16. Plaintiff hired Delaware Licensed Private Detective Hugh Craig, who investigated her claims, substantiated them and thereafter was also intimidated, and harassed by DTCC. And asked not to ever return to the premises.

17. In a further effort to intimidate and harass plaintiff, DTCC scheduled a hearing for May 10, 2006, on plaintiff's objections to the schools vexatious action dismissing her from DTCC.

18. That Plaintiff forwarded a valid Doctor's note indicating that as a result of her being brutally beaten and hospitalized, she could not attend the hearing, and as such Plaintiff asked for the May 10, 2006 hearing to be rescheduled.

19. In violation of Plaintiff's Due Process rights, and in a further effort to discriminate and harass her, DTCC held the hearing in her absence, and thereafter sent her a letter that their decision was that she be terminated from the school and all school activities, (See Exhibit "A").

20. That DTCC is an entity of the State of Delaware, being created by the Delaware General Assembly in 1966, pursuant to House Bill 529.

21. That DTCC is a statewide institution of higher education, providing academic, technical, continuing education, and industrial training opportunities to **every resident of Delaware.**

22. That DTCC's mission statement is that "Delaware Technical and Community College is a state-wide multi-campus community college committed to providing **open admission...**

23. That DTCC wilfully violated its charter, and its Mission Statement in the retaliatory and vexatious dismissal of Plaintiff from DTCC.

## VI. DAMAGES

### Plantiff - Christina Paoli

24. As a direct and proximate consequence of Defendant's unlawful, harassing, intimidating, and discriminatory practices, Plaintiff, Christina Paoli has suffered Mental and Emotional Distress, physical injuries, suffered embarrassment, humiliation, and the defamation of her character, irreparable harm to Plaintiff's reputation and standing in the public and business community, alarm, harassment and annoyance, the loss of a public education, the loss of ability to play softball at DTCC, and the loss of employment, which amount is in excess of $1,000,000.00. Punitive damages as a result of Defendant's discriminatory practices are also requested in an amount in excess of $10,000,000.00 (Ten Million United States Dollars).

**VII. STATEMENT OF CLAIMS**

<u>COUNT - I</u>

<u>Civil Rights Violation</u>
<u>42 U.S.C.S. Sections 1981 and 1983</u>

25. Paragraphs 1 through 24 above are incorporated herein as though set forth in full.

26. That as a result of Defendant' State of Delaware and DTCC actions as set forth in this Complaint, Plaintiff has been denied the right to continuing education at a State Chartered, public College.

27. That based on the facts set forth in paragraphs 6 through 23 above, incorporated herein, Plaintiff Christina Paoli avers that Defendant's engaged in a course of conduct which violated her Civil Rights.

<u>COUNT - II</u>
<u>United States Constitution</u>
<u>Equal Protection Violation</u>

28. Paragraphs 1 through 27 above are incorporated herein as though set forth in full.

29. That based on the facts set forth in paragraphs 6 through

7

23 above, incorporated herein, Plaintiff Christina Paoli avers that Defendant's engaged in a course of conduct which violated her United States Constitution guarantee to Equal Protection.

30. That the United States Supreme Court recognizes the vital importance of all levels of public education, <u>Grutter v. Bollinger</u>, 539 US 306, (2003).

COUNT - III

United States Constitution
Due Process Violation

31. Paragraphs 1 through 30 above are incorporated herein as though set forth in full.

32. That based on the facts set forth in paragraphs 6 through 23 above, incorporated herein, Plaintiff Christina Paoli avers that Defendant's engaged in a course of conduct which violated her United States Constitution guarantee to Due Process of Law.

33. That Defendant's intentionally held a hearing without Plaintiff, knowing that Plaintiff was very ill and under the Care of a Physician.

34. That DTCC knew that the results of the hearing were a foregone conclusion before the May 10, 2006 hearing was ever commenced, and as such was a violation of Plaintiff's Due Process Rights, <u>Marfork Coal Co. v. Callahan</u>, 601 SE 55 (2004).

## COUNT -IV
## Whistleblower Employee Protection Violation
## 31 U.S.C. Section 3730(h)

35. Paragraphs 1 through 34 above are incorporated herein as though set forth in full.

36. That based on the facts set forth in paragraphs 6 through 23 above, incorporated herein, Plaintiff Christina Paoli avers that Defendant's engaged in a course of conduct which violated the anti-retaliation provisions of 1986 False Claims Act, 31 U.S.C. Section 3730(h).

## COUNT – V
## Discrimination on the Basis of Retaliation

37. Paragraphs 1 through 36 above are incorporated herein as though set forth in full.

38. That based on the facts set forth in paragraphs 6 through 23 above, incorporated herein, Plaintiff Christina Paoli avers that Defendant's engaged in a course of conduct which discriminated against her unlawfully and in retaliation for her whistleblower statements.

39. As a furtherance of Defendant DTCC Retaliation against Plaintiff, DTCC failed to protect Plaintiff on numerous instances

including:

a) During softball games when she was attacked by other players, which was promptly reported to DTCC, who took no action;

b) When on April 20, 2006 she was intentionally locked out of the DTCC Softball Van by other players while by her Coach Matt, sat by in the Van and did nothing, further being harassed and ridiculed by the other players, which was promptly reported to DTCC, which took no action;

c) When she reported that her computer was broken and her textbook was stolen by another softball player on the DTCC Softball bus, which was promptly reported to DTCC who took no action;

COUNT - VI
Violation of the Family Educational Rights and Privacy Act of 1974, (The Buckley Amendment)

40. Paragraphs 1 through 39 above are incorporated herein as though set forth in full.

41. That based on the facts set forth in paragraphs 6 through 23 above, incorporated herein, Plaintiff Christina Paoli avers that Defendant's engaged in a course of conduct which violated the Buckley Amendment.

42. That DTCC is holding what it knows to be inaccurate and misleading information regarding Plaintiff in her school files.

43. That DTCC Security Division is holding information in its joint school files which is inaccurate and misleading including information that Plaintiff hired a Private Detective

10

Hugh Craig to harass other student, which a complete fabrication on the part of DTCC.

44. That the above false and misleading Security Division information relating to Plaintiff is in her school file.

### COUNT - VII
### Defamation of Character

45. Paragraphs 1 through 44 above are incorporated herein as though set forth in full.

46. That based on the facts set forth in paragraphs 6 through 23 above, incorporated herein, Plaintiff Christina Paoli avers that Defendant's engaged in a course of conduct which slandered and libeled plaintiff by Defendant's.

47. Plaintiff avers that this action for slander and liable is a derivative action of the above counts set forth in this complaint.

11

## COUNT - VIII
### Disability Discrimination
### Section 504 of the Rehabiliation Act of 1973
### and the Americans with Disabilities Act

48. Paragraphs 1 through 47 above are incorporated herein as though set forth in full.

49. That based on the facts set forth in paragraphs 6 through 23 above, incorporated herein, Plaintiff Christina Paoli avers that Defendant's engaged in a course of conduct which violated the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

50. That DTCC, a public educational institution, knew from Plaintiff directly and from various medical notes, that she was disabled as defined by the ADA.

51. That DTCC took no action to accommodate Plaintiff in her attendance at DTCC, and for the May 10th, 2006 hearing, in direct violation of the ADA.

## COUNT - IX
### Injunctive Relief

52. Paragraphs 1 through 51 above are incorporated herein as though set forth in full.

53. This Honorable District Court has the authority to enjoin Defendants from withdrawing Plaintiff from DTCC during the pendency of this action.

12

54. That if Plaintiff is unable to continue her education at one of the only Delaware State funded public college's during the pendency of this action, plaintiff will be irreparably harmed.

55. That there is a substantial likelihood that Plaintiff will prevail in this action.

_____Wherefore, Plaintiff respectfully requests this Honorable Court to enter an injunction upon the filing of this Complaint, enjoining DTCC from terminating Plaintiff's education and enrollment at the College, along with her enrollment in DTCC college athletic programs, during the pendency of this action.

### VIII. STATUS OF SETTLEMENT NEGOTIATIONS

_____56. That Plaintiff attempted by letter, e-mail and phone calls to DTCC to settle this matter. Other than plaintiff's attempts set forth above, no settlement have been undertaken.

## IX. RELIEF REQUESTED

57. Wherefore, Plaintiff Christina Paoli respectfully requests judgement against the Defendant's DTCC and the State of Delaware as follows:

a) For punitive damages in the amount of $10,000,000.00 (Ten Million United States Dollars), for Defendant's intentional and wilful course of discriminatory, punitive and retaliatory conduct;

b) For a money judgement for damages in excess of $100,000.00 for Defendant's unlawful actions as set forth in the complaint;

c) For General and Special Damages in excess of $100,000.00;

d) For a money judgement representing prejudgment interest;

e) For an order in the form of injunctive relief, restoring Plaintiff immediately to DTCC as a student, as an athlete, and as an employee;

f) For the costs of the suit, including as award of reasonable attorney's fees; and,

g) For such other relief as the Court deems just and proper.

## X. JURY TRIAL DEMANDED

58. Plaintiff Christina Paoli herein demands a trial by jury of all issues in this action, and avers that to the best of her knowledge and belief the amount in controversy exceeds $100,000.00 United States Dollars.

14

Respectfully Submitted:

x _____Christina Pash_____

Dated: ~~August~~ July 28, 2006

**CERTIFICATE OF SERVICE**

I, _Christina Paoli_, do hereby certify that I am this __28__ day of __July__, 2006, serving the following persons and in the following manner with a true and correct copy of the attached Complaint.

**CERTIFIED MAIL/ PROPER POSTAGE ATTACHED:**

Orlando J. George, Jr
President
Delaware Technical and Community College
400 Stanton/Christiana Road
Newark, De 19713


Ruth Ann Minner
Governor
State of Delaware
Delaware State Office Building
8th and French Streets
Wilmington, De   19801

_Christina Paoli_

16

06 - 462

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Christina Paoli

**DEFENDANTS**
Delaware Technical Community College and State of Delaware

**(b)** County of Residence of First Listed Plaintiff: Sussex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: New Castle
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

34313 Summerlyn Drive #204
Lewes DE 19958

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Christina Paoli 302-260-1036

Attorneys (If Known)
Brian Shirey

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☒ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C Section 1331

Brief description of cause:
Defendant's engaged in illegal, harassing, discriminating behavior

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER _____

after plaintiff reported illegal activities. They also violated due process rights and civil rights.

DATE: July 28, 2006

SIGNATURE OF ATTORNEY OF RECORD: Christina Paoli

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 06 - 462

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___2___ COPIES OF AO FORM 85.

_July 28, 2006_  _Christina Paoli_
(Date forms issued)    (Signature of Party or their Representative)

_Christina Paoli_
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

RE: C.A.# _06-462_

CASE CAPTION: _Christina Paoli_ v. _Delaware T_

## ACKNOWLEDGMENT OF RECEIPT FOR F.R.Civ.P. 4

I hereby acknowledge receipt of a copy of Rule 4 (Summons) of the Federal Rules of Civil Procedure, and understand that it is my responsibility to make service of process on defendants in accordance with this rule.

Date Received by Plaintiff: _July 28, 2006_     Signed: _Christina Paoli_
                                                         Pro Se Plaintiff

Date Received by Clerk's office: _7/28/06_     Signed: _E Strickln_
                                                       Deputy Clerk

Note: If you received Federal Rule 4 by mail, please sign this receipt and return it to:

Clerk
U.S. District Court
844 N. King Street
Lockbox 18
Wilmington, DE 19801

If applicable, Rule 4 mailed to plaintiff:

_____
Date mailed

_____
By Deputy Clerk

cc: Docketing Clerk

wp\forms\rule4receipt 2-04