IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA R. PAOLI, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C. A. NO. 06-462 (GMS) |
| | : |
| THE STATE OF DELAWARE and DELAWARE | : TRIAL BY JURY OF 12 DEMANDED |
| TECHNICAL AND COMMUNITY COLLEGE, | : |
| | : |
| Defendants. | : |

ANSWER TO COMPLAINT BY DEFENDANT
DELAWARE TECHNICAL AND COMMUNITY COLLEGE

Delaware Technical and Community College ("**Delaware Tech**"), by its counsel, White and Williams LLP, responds to the Complaint filed by Christiana R. Paoli ("**Plaintiff**") as follows:

I. Introduction

1. No response to paragraph 1 of the Complaint is required as said paragraph merely states Plaintiff's subjective purpose for filing the Complaint. To the extent a response is deemed required, Delaware Tech denies any and all liability to Plaintiff.

II. Jurisdiction

2. Paragraph 2 of the Complaint is admitted in part and denied in part. Admitted that 28 U.S.C. § 1331 affords jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States with the District Court; denied that the United States District Court for the District of Delaware has jurisdiction with respect to the Complaint.

WILDMS 137353v.3

### III. Venue

3.  Paragraph 3 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, Delaware Tech admits only that it is a resident of the State of Delaware and denies all other allegations of paragraph 3 of the Complaint.

### IV. Parties

4.  Delaware Tech is without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 4 of the Complaint.

5.  Paragraph 5 of the Complaint is admitted.

### V. Statement of Facts

6.  Paragraph 6 of the Complaint is admitted.

7.  Paragraph 7 of the Complaint is denied.

8.  Paragraph 8 of the Complaint is admitted.

9.  Paragraph 9 of the Complaint is denied.

10. Paragraph 10 of the Complaint is admitted.

11. Paragraph 11 of the Complaint is denied.

12. Paragraph 12 of the Complaint is admitted in part and denied in part. Admitted only that Plaintiff was employed on a temporary, part-time basis from October 4, 2004 through December 18, 2004; from January 3, 2005 through May 13, 2005; and from August 19, 2005 through December 16, 2005; otherwise, the remaining averments of paragraph 12 of the Complaint are denied.

13. Paragraph 13 of the Complaint is admitted in part and denied in part. Admitted only that Plaintiff stated to Dean Goldberg that a softball coach told a player to hit an opponent

with a ball; otherwise the remaining averments of paragraph 13 of the Complaint, including subparts (a) through (f), are denied.

14. Paragraph 14 of the Complaint is denied.

15. Paragraph 15 of the Complaint is denied.

16. Paragraph 16 of the Complaint is denied as stated. By way of further response, Plaintiff hired an individual to harass and stalk Delaware Tech students and personnel and accordingly said individual was prohibited from Delaware Tech.

17. Paragraph 17 of the Complaint is admitted in part and denied in part. Admitted that a hearing was scheduled on May 10, 2006; otherwise, the averments in paragraph 17 of the Complaint are denied.

18. Paragraph 18 of the Complaint is admitted in part and denied in part. Admitted that Plaintiff presented to Delaware Tech a note from Plaintiff's doctor; otherwise, the averments in paragraph 18 of the Complaint are denied.

19. Paragraph 19 of the Complaint is admitted in part and denied in part. Admitted that Delaware Tech sent Plaintiff a letter confirming Plaintiff's termination from Delaware Tech and all Delaware Tech activities; otherwise, the averments in paragraph 19 of the Complaint are denied. It is further denied that Exhibit "A" was attached to the Complaint.

20. Paragraph 20 of the Complaint is admitted.

21. Paragraph 21 of the Complaint is denied as stated.

22. Delaware Tech's mission statement is a writing that speaks for itself. Paragraph 22 of the Complaint is admitted only to the extent that it is consistent with Delaware Tech's written mission statement; otherwise, the averments of paragraph 22 of the Complaint are denied.

WILDMS 137353v.3

23. Paragraph 23 of the Complaint is denied.

## VI. Damages

24. Paragraph 24 of the Complaint is denied.

## VII. Statement of Claims

### Count I

### Civil Rights Violation
### 42 U.S.C. Sections 1981 and 1983

25. Delaware Tech incorporates all of the foregoing paragraphs of its answer as if set forth herein at length.

26. Paragraph 26 of the Complaint is denied.

27. Paragraph 27 of the Complaint is denied.

### Count II

### United States Constitution
### Equal Protection Violation

28. Delaware Tech incorporates all of the foregoing paragraphs of its answer as if set forth herein at length.

29. Paragraph 29 of the Complaint is denied.

30. Paragraph 30 of the Complaint states a legal conclusion to which no response is required.

### Count III

### United States Constitution
### Due Process Violation

31. Delaware Tech incorporates all of the foregoing paragraphs of its answer as if set forth herein at length.

32. Paragraph 32 of the Complaint is denied.

33. Paragraph 33 of the Complaint is denied.

WILDMS 137353v.3

34. Paragraph 34 states a legal conclusion to which no response is required. To the extent a response is deemed required, paragraph 34 of the Complaint is denied.

## Count IV

### Whistleblower Employee Protection Violation
### 31 U.S.C. Section 3730(h)

35. Delaware Tech incorporates all of the foregoing paragraphs of its answer as if set forth herein at length.

36. Paragraph 36 states a legal conclusion to which no response is required. To the extent a response is deemed required, paragraph 36 of the Complaint is denied.

## Count V

### Discrimination on the Basis of Retaliation

37. Delaware Tech incorporates all of the foregoing paragraphs of its answer as if set forth herein at length.

38. Paragraph 38 of the Complaint is denied.

39. Paragraph 39 of the Complaint, including specifically subparts (a) through (c), is denied in its entirety.

## Count VI

### Violation of the Family Educational Rights and Privacy Act
### of 1974 (The Buckley Amendment)

40. Delaware Tech incorporates all of the foregoing paragraphs of its answer as if set forth herein at length.

41. Paragraph 41 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, paragraph 41 of the Complaint is denied.

42. Paragraph 42 of the Complaint is denied.

43. Paragraph 43 of the Complaint is denied.

WILDMS 137353v.3

44. Paragraph 44 of the Complaint is denied.

## Count VII

### Defamation of Character

45. Delaware Tech incorporates all of the foregoing paragraphs of its answer as if set forth herein at length.

46. Paragraph 46 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, paragraph 46 of the Complaint is denied.

47. Paragraph 47 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, paragraph 47 of the Complaint is denied.

## Count VIII

### Disability Discrimination
### Section 504 of the Rehabilitation Act of 1973
### and the Americans with Disabilities Act

48. Delaware Tech incorporates all of the foregoing paragraphs of its answer as if set forth herein at length.

49. Paragraph 49 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, paragraph 49 of the Complaint is denied.

50. Paragraph 50 of the Complaint is denied.

51. Paragraph 51 of the Complaint is denied.

## Count IX

### Injunctive Relief

52. Delaware Tech incorporates all of the foregoing paragraphs of its answer as if set forth herein at length.

53. Paragraph 53 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, paragraph 53 of the Complaint is denied.

WILDMS 137353v.3

54. Paragraph 54 of the Complaint is denied.

55. Paragraph 55 of the Complaint is denied.

### VIII. Status of Settlement Negotiations

56. No response required. To the extent a response is deemed required, paragraph 56 of the Complaint is denied.

### IX. Relief Requested

57. Paragraph 57 of the Complaint, including subparts (a) through (g), is denied in its entirety.

### X. Jury Trial Demanded

58. Paragraph 58 of the Complaint is admitted in part and denied in part. Admitted that Plaintiff has demanded a trial by jury; the remaining averments of paragraph 58 of the Complaint are denied.

**WHEREFORE**, defendant, Delaware Technical and Community College, respectfully requests judgment in its favor and against plaintiff, Christina R. Paoli, together with all costs, expenses, attorney's fees and any other relief deemed appropriate.

### AFFIRMATIVE DEFENSES

For its affirmative defenses, Delaware Tech states as follows:

#### First Affirmative Defense

59. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

#### Second Affirmative Defense

60. Plaintiff's Complaint should be dismissed for (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over Delaware Tech, (3) insufficiency of process, and (4) insufficiency of service of process.

WILDMS 137353v.3

### Third Affirmative Defense

61. To the extent Plaintiff's Complaint asserts a cause of action for violation of the Equal Protection clause, it fails to state a claim for which relief may be granted.

### Fourth Affirmative Defense

62. To the extent Plaintiff's Complaint asserts a cause of action for violation of her due process rights, it fails to state claim for which relief may be granted.

### Fifth Affirmative Defense

63. To the extent Plaintiff's Complaint asserts a cause of action for violation of 31 U.S.C. § 3730(h), it fails to state a claim for which relief may be granted.

### Sixth Affirmative Defense

64. To the extent Plaintiff's Complaint asserts a cause of action for violation of the Family Educational Rights and Privacy Act of 1974, it fails to state a claim for which relief may be granted.

### Seventh Affirmative Defense

65. To the extent Plaintiff's Complaint asserts a cause of action for violation of the Americans with Disabilities Act, it fails to state a claim for which relief may be granted.

### Eighth Affirmative Defense

66. Plaintiff does not have any property rights in continued education at Delaware Tech. Plaintiff does not have any property rights in extracurricular activities at Delaware Tech.

### Ninth Affirmative Defense

67. Plaintiff has violated Delaware Tech's policies against unlawful drug use and violence against others and harassment of others.

### Tenth Affirmative Defense

68. The matter is barred by the Eleventh Amendment to the U.S. Constitution.

WILDMS 137353v.3

### Twelfth Affirmative Defense

70. The State law claims, if any, are barred by sovereign immunity under the Delaware Constitution and/or are prohibited by the State Tort Claims Act, DEL. CODE ANN. tit. 10, §§ 4001, *et seq.*

**WHEREFORE**, defendant, Delaware Technical and Community College, respectfully requests judgment in its favor and against plaintiff, Christina R. Paoli, together with all costs, expenses, attorney's fees and any other relief deemed appropriate.

        WHITE AND WILLIAMS LLP

BY: _____
    Marc S. Casarino (ID #3613)
    824 N. Market Street, Suite 902
    P.O. Box 709
    Wilmington, DE 19899-0709
    Phone: (302) 467-4520
    Facsimile: (302) 467-4550
    Attorneys for Defendant,
    *Delaware Technical and Community College*

Dated: October 30, 2006

WILDMS 137353v.3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA R. PAOLI,<br><br>    Plaintiff,<br><br>v.<br><br>THE STATE OF DELAWARE and DELAWARE TECHNICAL AND COMMUNITY COLLEGE,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>: C. A. NO. 06-462<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

  I, Marc S. Casarino, Esquire do hereby certify that on this 30th day of October, 2006, two copies of the foregoing **ANSWER TO COMPLAINT BY DEFENDANT DELAWARE TECHNICAL AND COMMUNITY COLLEGE** were served upon the following via First Class Mail, postage prepaid:

| | |
|---|---|
| Christina R. Paoli<br>34363 Summerlyn Drive<br>#204<br>Lewes, DE 19958 | Marc P. Niedzielski, Esquire<br>Deputy Attorney General<br>State of Delaware<br>820 N. French Street, 6th Floor<br>Wilmington, DE 19801 |

                WHITE AND WILLIAMS LLP

                BY: /s/ Marc S. Casarino
                  Marc S. Casarino (ID #3613)
                  824 N. Market Street, Suite 902
                  P.O. Box 709
                  Wilmington, DE 19899-0709
                  Phone: (302) 467-4520
                  Facsimile: (302) 467-4550
                  Attorneys for Defendant,
                  *Delaware Technical and Community College*