**IN THE  UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

CHRISTINA R. PAOLI                              C.A.  NO. 06-462  (GMS)

             Plaintiff

V.

THE STATE OF DELAWARE AND
DELAWARE AND COMMUNITY COLLEGE

             Defendants

## MOTION  FOR LEAVE TO  AMEND

Now comes Plaintiff Christina Paoli, Pro Se, and avers that as a result of beating
sustained by the plaintiff at the direction of and under and condoned by employees of Del
Tech College that is the subject of this complaint, plaintiff has been at an economic,
physical and mental disadvantage in her ability to properly plead and file responses in
this case.  Therefore, plaintiff asks leave from the court to amend her complaint.

*Christina Paoli*

Christina Paoli
600 Third Street
Rehoboth, DE 19971

## Certificate of Service

I hereby certify that a copy of the foregoing leave to amend was mailed by regular mail on July 9, 2007 to:

Marc. P. Niedzieiski, Esquire
Deputy Attorney General
State of Delaware
820 North French Street, 6th Floor
Wilmington. DE 19801

and to:

Marc. S. Casarino, Esquire
824 North Street, Suite 902
P.O. Box 709
Wilmington, DE 19899
Tel 302- 467-4520

Christina Paoli

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CHRISTINA R. PAOLI                                      C.A. NO. 06-462 (GMS)

              Plaintiff

V.                                                      July 8, 2007

THE STATE OF DELAWARE AND
DELAWARE AND COMMUNITY COLLEGE

              Defendants

### Amended Complaint

Plaintiff hereby incorporates by reference counts I through VIII of the original complaint filed herein on July 26, 2006 and listed as Docket 1 in this proceeding.

### IX  Supplemental Statement of Facts

In an effort by the students, athletes, coaches, staff and administration to keep the plaintiff quiet and to prevent her making public criminal, immoral, unethical and unprofessional conduct of the athletic team, coaches and administration at Delaware Technical and Community College, false and inflammatory charges were administratively brought against the plaintiff which resulted in her suspension from Del Tech and the plaintiff was beaten and assaulted at the direction, condoning and with the full prior knowledge of the administration, coaches and players at Del Tech resulting in neurological and other physical injury, including but not limited to bruising, concussion, head trauma, knee injury which resulted in the use of crutches and knee physical therapy as brain injury rehabilitation.

Having caused, condoned and having prior knowledge, the administration at Del Tech chose to have a judicial committee hearing resulting in the suspension of the plaintiff less than two weeks after the beating which caused the plaintiff to spend several days at the head trauma unit of the hospital. The hearing was conducted even AFTER confirmation by a licensed doctor excusing plaintiff from work, school, etc. The administration chose to have the hearing, chose to keep the attorney who was requested to recluse himself and chose to follow the retaliatory actions without the plaintiff present, or the plaintiff's evidence and suspended the plaintiff for a year. This added insult to injury because the plaintiff had been beaten at the direction, condoning and complicity of the Del Tech employees, coaches and students and had been unable to function properly due to that injury.

Plaintiff received a bachelor of science in Education, Cum Laude from the University of Delaware and a Masters of Science in Human Resources Management with School

Leadership and Instruction (Magna Cum Laude, 4.0 average) from Wilmington College along with 72 post masters' degree college credits.

Plaintiff returned to education at the Delaware Technical and Community College for two reasons. The first was to take courses in criminal justice and counseling in order to decide whether she wanted to go to law school. She had a 3.68 cum average, 51 earned hours and made the President's List while taking 22 credits, working as a tutor, and playing softball while at the Owens Delaware Tech Campus). The second reason was to play softball which she apparently was a good enough player to receive athletic scholarships from two different Delaware Tech Campuses.

Plaintiff admittedly was considerably older (44) than the average athlete at Del Tech and hopefully more mature quickly realized that the Stanton Campus Athletic Department was engaging in dangerous, criminal and unprofessional activity. Furthermore, Coach Matt asked for $300 which Plaintiff provided to him. Even after several requests to return the money, head Coach Matt never repaid the $300 to the plaintiff. Plaintiff heard the assistant softball coach direct the Del Tech pitcher Stacey Burris to quoted "hit the F--king--- batter in the Fu--ing face with the ball on two different occasions in front of many team members and spectators from two different states. The athletic director was present at the time. The student athletes being intentionally assaulted played on other teams of a junior college athletic association from schools outside the state of Delaware. After this was reported to Del Tech administration, Stacey Burris, who is considerably larger than the plaintiff, and other players, were permitted to physically assault plaintiff and plaintiff's property.

It also came to plaintiff's attention that the male coach (Matt) of the women's softball team was having intercourse with various females from Delaware Tech on Campus. It further came to plaintiff's attention that the girls' softball coach was allowing female Delaware Tech employees to clock in and have sex with male coach while being paid by the state of Delaware. Also, he was double dipping, by being paid on the clock as a maintenance employee and simultaneously being paid as a softball coach while on the softball field or driving to games.

The two female coaches who were supervising the team had been players only two years before, were in their early twenties. While they were players were involved in a drinking scandal which resulted in the firing of the Del Tech coach after a tournament in Florida. The administration was fully aware of the lack of good judgment, immaturity, poor role models of the people they putting in charge of students and athletes as coaches. There had already been complaints by the plaintiff and others addressing the problems of the immature coaching staff and the fact that Coach Matt didn't even attend half the practices and/or games.

After Plaintiff was in fear for her safety and well being, she chose to provide herself with a licensed private investigator and former State Police Officer who videotaped various actions including coaches buying, providing and drinking alcoholic beverages to the underage players. The plaintiff personally saw this buying and providing alcohol to

minors in the state of Delaware and the state of Pennsylvania, as did the private investigator that videotaped said behavior as well as other witnesses.

When plaintiff brought this conduct to the attention of the administration of the Stanton Campus at Del Tech under the condoning and encouragement of their coaches, plaintiff's new $799 Toshiba notebook was smashed on the bus on the way to a softball game WITH THE COACH present on the bus. Again, the coach and administration gave tacit approval for the players to do what ever they wanted. To this date, no action has been taken by administration despite repeated requests.

Plaintiff further observed the coach's and players repeated harassment of homosexual catcher which led player to her quitting the team. This also was brought to the attention of administration by plaintiff and nothing was done.

After raising these above improprieties to administration, plaintiff was not only harassed but physically threatened by other players with the coaches and private investigator present, with the coaches condoning and encouraging the threats.

Plaintiff was placed in such a state of fear by coaches and players' threats that she delivered a letter stating that she was in fear of her physical well being to Dean Goldstein, via her secretary who signed for it. This was done almost a month prior to the actual assault. The administration took no action and tacitly approved the encouragement of the coaches and players to have the plaintiff beaten and harassed. As a result, plaintiff was beaten, found unconscious and spent the next several days in the head trauma unit at the hospital.

The security officer at Stanton Campus refused to take a complaint about the drinking and they refused to provide any assistance or protection pertaining to drinking, harassment, threats and prevent illegal activities. They refused to intervenes or prevent the above mentioned illegal activities.

Since being beaten, plaintiff's academic mental functioning has been severely damaged to the point where plaintiff can't be gainfully employed.

During the time of this incident until plaintiff was beaten and was unable to continue, plaintiff was a paid by the state of Delaware as a tutor at Delaware Technical and Community College. Plaintiff will show that administration and staff members condoned and encouraged the beating of plaintiff in an effort to prevent her from disclosing the improper conduct taking place on and off campus by coaches and players. The beating resulted in plaintiff being unable to function at any tutoring position.

The coaches were further outraged when they learned that when receiving no cooperation from the administration and fearing for the lives of student athletes from other Community Colleges in the Mid Atlantic Region that the plaintiff brought the intentional beating to the attention of the regional direction of the College Regional Administrator of the athletic Association (NCAA of Community Colleges).

Plaintiff is to some extent recovering from the neurological damage and is of hope to one day being able to go law school. However, to this date, she is continuing to be vindictively harassed by the Del Tech administration in their refusing to allow the Head of the Criminal Justice Department as well as other employees to have any contact with her, and/or write letters and/or meet with her. Furthermore, plaintiff was told in writing that she was not allowed to have contact with a different former criminal justice instructors OUTSIDE of Del Tech, at Boulevard Ford Auto Dealership, where she purchased 2 cars from the instructor.

At the time plaintiff was beaten at the tacit condoning of Del Tech employees, plaintiff had averages of 100, 100, 96, 94 and 91 in her criminal justice classes. Now, Del Tech College is threatening, in a vindictive manner, to change these grades from Incompletes to zeros if not finished. However, they won't allow her to return to campus or provide now needed necessary accommodations as required by Individuals with Disabilities Education Act (IDEA) resulting from the documented brain injury which the administration caused.

## X Supplemental Claim

### Count I

Paragraph 25-27 of original complaint are supplemented to make clear the plaintiff intends to prove that in violation of 22 USCS Section 1981 Delaware Technical and Community College was engaging in homosexual harassment of a different player which administration ignored and retaliated when brought to the attention of administration by plaintiff.

Plaintiff was told by Coach Matt in the fall that he received a lot of "flack" after she started several games due to her age while the younger players did not start.

Delaware Technical and Community College receives considerable Federal Funds to educate both mentally and athletically the citizens of Delaware and the United States.

In violation of 42 USCS Section 1983, the male softball coach solicited money ($300) from the plaintiff and when she asked for repayment, the funds were not forthcoming and her play time was significantly decreased. This deprivation of athletic opportunity was committed by a coach acting under the color of authority.

By the tacit and affirmative actions of employees of the state of Delaware working for Delaware and Community College, plaintiff was beaten unconscious in violation of her civil rights., more specifically 42 USC Section 1983.

### COUNT II

Plaintiff supplements Paragraphs 28-30 of the original complaint. The staff of Del Tech directly causing a Whistleblower student and employee to be beaten unconscious is an Equal Protection violation under the Unites States Constitution.

Delaware Technical and Community College continual harassment and interference of the public education of the plaintiff despite its receipt of vast amounts of Federal Funds to provide such education is a violation of the plaintiff's Equal Protection Guarantee.

### COUNT III

Plaintiff supplements Paragraphs 31- 34 of the original complaint. The plaintiff wishes to clarify that not only did the Defendants conduct a hearing without the plaintiff's presence but staff of Delaware Tech College was personally responsible for the beating which prevented her from attending the hearing and from which she still has not fully recovered.

### Count IV

Plaintiff supplements Paragraphs 35 and 36 of the original complaint. Plaintiff further states that she will show that the administration chose to ignore the dangerous conduct and activities which had been observed and documented by plaintiff. After plaintiff brought the dangerous conduct of intentionally "beaning" of student athletes to the regional director of Community College Athletic Association that employees of Del Tech caused plaintiff to be beaten at which time plaintiff was a student and employee of Stanton Campus of Delaware Technical and Community College.

### COUNT V

Plaintiff supplements Paragraphs 37 and 38 is amended to include the statement of facts as stated in this amended complaint.

### COUNT VI

Plaintiff supplements Paragraphs 39- 43 as amended to include the statements of facts as stated in this amended complaint.

### COUNT VII

Plaintiff supplements Paragraphs 44 - 46 as amended to include the statements of facts as stated in this amended complaint.

### Supplemental Relief

Plaintiff withdraws her request for injunctive relief as a student at Del Tech because plaintiff still has not fully recovered to enable her to engage in academic classes there. However, she requests that the honorable judge order Del Tech to terminate its continued discrimination against the plaintiff. Although, it's been over a year since the plaintiff has

been allowed on campus, and the unfair year suspension which she was not allowed to defend is up, Del Tech is still prohibiting her from being on the property of any Del Tech Campus due to this law suit. Plaintiff would like to be able to use the library or attend sporting events as any other person is permitted. Furthermore, she would like to talk to the criminal justice department chairperson about her classes and the registrar's office about a previous student loan.

**Plaintiff however requests injunctive relief that this court order appropriate alcohol consumption screening at all Delaware Technical and Community Colleges to prevent the conduct which is the subject of this complaint and the unnecessary deaths of student athletes such as Ben Wilson.**

## JURY TRIAL DEMAND

Plaintiff continues her request for a jury trial.

Respectfully Submitted,

*Christina Paoli*

Christina Paoli

July 8, 2007

## Certificate of Service

I hereby certify that a copy of the foregoing  amended complaint was mailed by regular mail on July 9, 2007 to:

Marc. P. Niedzieiski, Esquire
Deputy Attorney General
State of Delaware
820 North French Street, 6th Floor
Wilmington. DE  19801

and to:

Marc. S. Casarino, Esquire
824 North Street, Suite 902
P.O. Box 709
Wilmington, DE 19899
Tel 302- 467-4520

Christina Paoli

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

**CHRISTINA R. PAOLI**
**600 Third Street**                    Docket No.  06-462 (GMS)
**Tru Vale Acres**
**Rehoboth, Delaware, 19971**

      **Plaintiff**
      **vs.**

      **July 25, 2007**

**THE STATE OF DELAWARE**
      **and,**                                    **Jury Trial Demanded**

**DELAWARE TECHNICAL AND**
**COMMUNITY COLLEGE**

      **Defendants.**



FILED

JUL 2 6 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BP scann d

### COMPLAINT

### I.    INTRODUCTION

1.    This is a proceeding to enjoin Defendant's from continuing a course of discriminatory conduct designed to deprive plaintiff of her right to an education and employment, and to harass, intimidate, violate privacy, and defame, Plaintiff along with the redress of the above actions as well as the deprivation of rights secured to the plaintiffs under the United States Constitution, and the decisional laws for the United States of America.

In an effort by the students, athletes, coaches, staff and administration to keep the plaintiff quiet and to prevent her making public criminal, immoral, unethical and unprofessional conduct of the athletic team, coaches and administration at Delaware Technical and Community College, false and inflammatory charges were administratively brought against the plaintiff which resulted in her suspension from Del Tech and the plaintiff was  beaten and assaulted at the

direction, condoning and with the full prior knowledge of the administration, coaches and players at Del Tech resulting in neurological and other physical injury, including but not limited to bruising, concussion, head trauma, knee injury which resulted in the use of crutches and knee physical therapy as brain injury rehabilitation.

Having caused, condoned and having prior knowledge, the administration at Del Tech chose to have a judicial committee hearing resulting in the suspension of the plaintiff less than two weeks after the beating which caused the plaintiff to spend several days at the head trauma unit of the hospital. The hearing was conducted even AFTER confirmation by a licensed doctor excusing plaintiff from work, school, etc. The administration chose to have the hearing, chose to keep the attorney who was requested to recluse himself and chose to follow the retaliatory actions without the plaintiff present, or the plaintiff's evidence and suspended the plaintiff for a year. This added insult to injury because the plaintiff had been beaten at the direction, condoning and complicity of the Del Tech employees, coaches, students and softball players and had been unable to function properly due to that injury.

Plaintiff received a bachelor of science in Education, Cum Laude from the University of Delaware and a Masters of Science in Human Resources Management with School Leadership and Instruction (Magna Cum Laude, 4.0 average) from Wilmington College along with 72 post masters' degree college credits. Plaintiff returned to education at the Delaware Technical and Community College for two reasons. The first was to take courses in criminal and counseling

in order to decide whether she wanted to go to law school. She had a 3.68 cum average, 51 earned hours and made the President's List while taking 22 credits, working as a tutor, and

playing softball while at the Owens Delaware Tech Campus. The second reason was to play softball which she apparently was a good enough player to receive athletic scholarships from two different Delaware Tech Campuses.

Plaintiff admittedly was considerably older (44) than the average athlete at Del Tech and hopefully more mature. She quickly realized that the Stanton Campus Athletic Department was engaging in dangerous, criminal and unprofessional activity. Furthermore, Coach Matt asked for $300 which Plaintiff provided to him. Even after several requests to return the money, head Coach Matt never repaid the $300 to the plaintiff. Plaintiff heard the assistant softball coach direct the Del Tech pitcher Stacey Burris to quote "hit the F—king— batter in the F—king face with the ball on two different occasions in front of many team members and spectators from two different states. The athletic director was present at the time. The student athletes being intentionally assaulted played on other teams of a junior college athletic association from schools outside the state of Delaware.

After this was reported to Del Tech administration, Stacey Burris, who is considerably larger than the plaintiff, and other players, were permitted to verbally and physically assault and intimidate plaintiff and her property. It also came to plaintiff's attention that the male coach (Matt) of the women's softball team was having intercourse with various females from Delaware Tech on Campus. It further came to plaintiff's attention that the girls' softball coach was allowing female Delaware Tech employees to clock in and have sex with male coach while being paid by the state of Delaware. Also, he was double dipping, by being paid on the clock as

a maintenance simultaneously being paid as a softball coach while on the softball field or

driving to games.

The two female assistant coaches who were supervising the team had been players on the same team only two years before, were in their early twenties. While they were players, were involved in a drinking scandal which resulted in the firing of the Del Tech coach after a tournament in Florida. The administration was fully aware of the lack of good judgment, immaturity, poor role models of the people they putting in charge of students and athletes as coaches. There had already been reported complaints by the plaintiff and others addressing the problems of the immature coaching staff and the fact that Coach Matt didn't even attend half the practices and/or games.

After plaintiff was in fear for her safety and well being, she chose to provide herself with a licensed private investigator and former state police officer who videotaped various actions including coaches buying, providing and drinking alcoholic beverages to the underage players. The plaintiff personally saw this buying and providing alcohol to minors in the state of Delaware and the state of Pennsylvania, as did the private investigator that videotaped said behavior, as well as other witnesses.

When plaintiff brought this conduct to the attention of the administration of the Stanton Campus at Del Tech under the condoning and encouragement of their coaches, plaintiff's new $799 Toshiba notebook was smashed on the bus on the way to a softball game WITH THE COACH present on the bus. Again, the coach and administration gave tacit approval for the players to do whatever they wanted. To this date, no action has been taken by administration despite repeated requests. Plaintiff further observed the coach's and players repeated harassment of homosexual catcher which led player to her quitting the team. This also was brought to the

attention of administration by plaintiff and nothing was done. After raising these above improprieties to administration, plaintiff was not only harassed but physically threatened by other players with the coaches and private investigator present, with the coaches condoning and encouraging the threats.

Plaintiff was placed in such a state of fear by coaches and players' threats that she delivered a letter stating that she was in fear of her physical well being to Dean Goldstein, (via her secretary who signed for it) and the athletic director. Plaintiff stated that she would not be attending softball games, practices or her academic classes because her safety was in jeopardy. Soon thereafter, the athletic director had the audacity to call plaintiff and ask her to ride on the bus for the next softball game. The letter and the phone call occurred almost a month prior to the actual assault. The administration took no action and tacitly approved the encouragement of the coaches and players to have the plaintiff beaten and harassed. As a result, plaintiff was beaten, found unconscious and spent the next several days in the head trauma unit at the hospital. Ironically, the wording and terminology used in the original letter by the plaintiff was copied and used in a different letter allegedly written by Stacey Burris after she threatened plaintiff. The security on campus refused to take a complaint about the drinking and they refused to provide any assistance or protection pertaining to drinking, harassment, threats, and intimidation and prevent illegal activities. They refused to intervene or prevent the above mentioned illegal activities.

Since being beaten, plaintiff's academic mental functioning has been severely damaged to the point where plaintiff can't be gainfully employed full time. During the time of this incident until plaintiff was beaten and was unable to continue, plaintiff was a paid by the state of Delaware as a tutor at Delaware Technical and Community College. Plaintiff will

show that administration and staff members condoned and encouraged the beating of

plaintiff in an effort to prevent her from disclosing the improper conduct taking place on

and off campus by coaches and players. The beating resulted in plaintiff being unable to

function at any tutoring position. The coaches were further outraged when they learned

that when receiving no cooperation from the administration and fearing for the lives of

student athletes from other Community Colleges in the Mid Atlantic Region that the

plaintiff brought the intentional beating to the attention of the regional direction of the

College Regional Administrator of the athletic Association (NCAA of Community

Colleges).

   Plaintiff is to some extent recovering from the neurological damage and is of hope to one

day being able to go law school. However, to this date, she is continuing to be vindictively

harassed by the Del Tech administration in their refusing to allow her to return, refusing to

permit the head of the criminal justice department as well as other employees to have any

contact with her, and/or write letters and/or meet with her. Furthermore, plaintiff was

told in writing that she was not allowed to have contact with a different former criminal

justice instructor OUTSIDE of Del Tech, at Boulevard Ford Auto Dealership, where she

purchased 2 cars from the instructor. At the time plaintiff was beaten at the tacit

condoning of Del Tech employees, plaintiff had averages of 100, 100, 96, 94 and 91 in her

criminal justice classes. Now, Del Tech College is threatening, in a vindictive manner, to

change these grades from incompletes to zeros if not finished. However, they won't allow

her to return to campus or provide now needed necessary accommodations as required by

Individuals with Disabilities Education Act (IDEA) resulting from the documented brain

injury which the administration caused.

## II.  JURISDICTION

2.    The Jurisdiction of the Court over this controversy is based upon 28 U.S.C. Section 1331

the Jurisdiction of the United States Federal Courts to enforce actions relating to the redress of

violations of the rights afforded individuals under the United States Constitution, and the laws of the United States of America, (Federal Question Jurisdiction)

## III.   VENUE

3.    Venue lies in the Federal District Court for the District of Delaware for the following reasons:

a)    Plaintiff and all Defendants reside in the State of Delaware and the actions complained of occurred in the State of Delaware.

## IV. PARTIES

4.    The plaintiff in this action is Christina R. Paoli, an adult individual residing at 600 Third Street, Rehoboth, Delaware, 19971.

5.    The Defendants are The State of Delaware and Delaware Technical and Community College, hereinafter referred to as DTCC, a Delaware State Educational Institution, with its principle address at 400 Stanton Christiana Road, Newark, Delaware, 19713.

## V.  STATEMENT OF FACTS

6.    That Christina Paoli was a student at DTCC from September 2004 until June of 2006 when Plaintiff received a letter from the school indicating that she was no longer allowed to attend or be on the school's property.

7.    That as a student, plaintiff was on the Dean's list each semester and was on the Presidents List.

8.    That as a student, plaintiff received A and B grades routinely.

9.    That plaintiff was a good student during her time at DTCC until she was forced to leave the school and abandon her education and sports endeavors, (softball)

10.    That plaintiff played softball for DTCC from 2005 through 2006, in the fall and spring of each year.

11.    That plaintiff received softball scholarships in both 2005 and 2006.

12.    That plaintiff was an employee of DTCC as a Tutor from September of 2004 through 2006, and to the best of plaintiff's knowledge and belief is still on the DTCC payroll.

13.    That on or about February 2006 plaintiff reported to the Dean of the School, Dean Goldstein, that she observed disturbing and potentially illegal conduct on the part of her softball coaches being:

a)    Coaches drinking with underage students and athletes;

b)    Coaches drinking with under aged students after games;

c)    Coaches buying alcohol for students;

d)    That on March 11, 2006 Coach Emily told Stacie Burns to hit the Camden team batter in her F -cking face with the F-cking" ball;

e)    That the coaches let ineligible individuals play with nonqualifying grades and insufficient number of credits.

f)    That she lent her coach Matt $300.00 in October of 2005 which he failed to repay.

14.   That immediately after reporting her serious concerns to the Dean, Plaintiff was "blackballed" from softball and the school.  The accusations were (are) false and retaliatory.

15.   Thereafter DTCC proceeded on a course of conduct designed to punish, intimidate, and harass Plaintiff as a direct result of her bringing to the schools attention, serious and disturbing matters.

16.   Plaintiff hired Delaware Licensed Private Detective Hugh Craig, who investigated her claims, substantiated them and thereafter was also intimidated, and harassed by DTCC.  He was asked not to ever return to the premises.

17.   In a further effort to intimidate and harass plaintiff, DTCC scheduled a hearing for May 10, 2006, on plaintiff's objections to the schools vexatious action dismissing her from the team.

18.   That Plaintiff forwarded a valid doctor's note indicating that as a result of her being beaten and hospitalized, she could not attend the hearing, and as such plaintiff asked for the May 10, 2006 hearing to be rescheduled. Attorney Brian Shirey stated in an e-mail that the hearing would be postponed if the college received a valid doctor's excuse, yet he did NOT keep his promise.

19.   In violation of Plaintiff's due process rights, and in a further effort to discriminate and harass her, DTCC held the hearing in her absence, and thereafter sent her a letter that their decision was that she be terminated from the school and all school activities, (See Exhibit "A").

20.   That DTCC is an entity of the State of Delaware, being created by the Delaware General Assembly in 1966, pursuant to House Bill 529.

21.   That DTCC is a statewide institution of higher education, providing academic, technical, continuing education, and industrial training opportunities to every resident of Delaware.

22.   That DTCC mission statement is that "Delaware Technical and Community College is a statewide, multi-campus community college committed to providing open admission.

23.   That DTCC willfully violated its charter, and its mission statement in the retaliatory and vexatious dismissal of Plaintiff from DTCC, and then by not allowing her return a year later.

## VI. DAMAGES

24.   As a direct and proximate consequence of Defendant's unlawful, harassing, intimidating, and discriminatory practices, Plaintiff, Christina Paoli has suffered Mental and Emotional Distress, physical injuries, suffered embarrassment, humiliation, and the defamation of her character, irreparable harm to Plaintiff's reputation and standing in the public and business community, alarm, harassment and annoyance, the loss of a public education, the loss of ability to play softball at DTCC, and the loss of employment, which amount is in excess of $1,000,000.00. Punitive damages as a result of Defendant's discriminatory practices are also requested in an amount in excess of $1,000,000.

## VII.   STATEMENT OF CLAIMS

### COUNT I

#### Civil Rights Violation 42 U.S.C.S. Sections 1981 arid 1983

<u>25.</u>   Paragraphs 1 through 24 above are incorporated herein as though set forth in full.

<u>Paragraph 25-27 of original complaint are supplemented to make clear the plaintiff intends to prove that in violation of 22 USCS Section 1981 Delaware Technical and Community</u>

College was engaging in homosexual harassment of a different player which administration ignored and retaliated when brought to the attention of administration by plaintiff.

Plaintiff was told by Coach Matt in the fall that he received a lot of "flack" after she started several games due to her age while the younger players did not start.

Delaware Technical and Community College receives considerable Federal Funds to educate

both mentally and athletically the citizens of Delaware and the United States.

In violation of 42 USCS Section 1983, the male softball coach solicited money ($300) from the plaintiff and when she asked for repayment, the funds were not forthcoming and her play time was significantly decreased. This deprivation of athletic opportunity was committed by a coach acting under the color of authority. By the tacit and affirmative actions of employees of the state of Delaware working for Delaware and Community College, plaintiff was beaten unconscious in violation of her civil rights., more specifically 42 USC Section 1983.

26.     That as a result of Defendant' State of Delaware and DTCC actions as set forth in this Complaint, Plaintiff has been denied the right to continuing education at a state chartered, public college.

27.     That based on the facts set forth in paragraphs 6 through 23 above, incorporated herein, Plaintiff Christina Paoli avers that Defendant's engaged in a course of conduct which violated her Civil Rights.

COUNT II

United States Constitution  Equal Protection Violation

28.     Paragraphs 1 through 27 above are incorporated herein as though set forth in full. Plaintiff supplements Paragraphs  28-30 of the original complaint.  The staff of Del

11

Tech directly causing a Whistleblower student and employee to be beaten unconscious is an

Equal Protection violation under the Unites States Constitution.  Delaware Technical and

Community College continual harassment and interference of the public education of the

plaintiff despite its receipt of vast amounts of Federal Funds to provide such education is a

violation of the

plaintiff's Equal Protection Guarantee.

29.   That based on the facts set forth in paragraphs 6 through 23 above,

incorporated herein, Plaintiff Christina Pacli avers that Defendants engaged in a course of

conduct which violated her United States Constitution guarantee to Equal Protection.

30.    That the United States Supreme Court recognizes the vital importance of all levels of

public education, Grutter v. Bollinger,

539 US 306, (2003)

## COUNT  III

### United States Constitution  Due Process Violation

31.   Paragraphs 1 through 30 above are incorporated herein as though set forth in

full.

Plaintiff supplements Paragraphs 31- 34 of the original complaint. The plaintiff wishes to

clarify that not only did the Defendants conduct a hearing without the plaintiff's presence

but staff of  Delaware Tech College was personally responsible for the beating which

prevented her from attending the hearing and from which she still has not fully recovered.

32.   That based on the facts set forth in paragraphs 6 through 23 above,

incorporated herein, Plaintiff Christina Paoli avers that Defendant's engaged in a course of

conduct which violated her United States Constitution guarantee to Due Process of Law.

33.   That Defendant's intentionally held a hearing without Plaintiff, knowing that

12

Plaintiff was very ill and under the Care of a Physician.

34.    That DTCC knew that the results of the hearing were a foregone conclusion before the May 10, 2006 hearing was ever commenced, and as such was a violation of Plaintiff's Due Process Rights, <u>Marfork Coal Co. v. Callahan</u>, 601 SE 55 (2004).

## COUNT IV

### Whistleblower Employee Protection Violation  31 U.S.C. Section 3730(h)

35.    Paragraphs 1 through 34 above are incorporated herein as though set forth in full.

<u>Plaintiff supplements Paragraphs 35 and 36 of the original complaint. Plaintiff further states that she will show that the administration chose to ignore the dangerous conduct and activities which had been observed and documented by plaintiff.  After plaintiff brought the dangerous conduct of intentionally "beaning" of student athletes to the regional director of Community College Athletic Association that employees of Del Tech caused plaintiff to be beaten at which time plaintiff was a student and employee of Stanton Campus of Delaware Technical and Community College.</u>

36.    That based on the facts set forth in paragraphs 6 through 23 above, incorporated herein, Plaintiff Christina Paoli avers that defendant's engaged in a course of conduct which violated the anti—retaliation provisions of 1986 False Claims Act, 31 U.S.C. Section 3730(h).

## COUNT V

### Discrimination on the Basis of Retaliation

37.    Paragraphs 1 through 36 above are incorporated herein as though set forth in full.

38.   That based on the facts set forth in paragraphs 6 through 23 above, incorporated herein; Plaintiff Christina Paoli avers that Defendant's engaged in a course of conduct which discriminated against her unlawfully and in retaliation for her whistleblower statements.

39. As a furtherance of Defendant DTCC Retaliation against Plaintiff, DTCC failed to protect Plaintiff on numerous instances including:

a)   During softball games and/or practices when she was attacked by other players, which was promptly reported to DTCC, who took no action;

b)   When on April 20, 2006 she was intentionally locked out of the DTCC Softball Van by other players while her Coach Matt, sat by in the van and did nothing, further being harassed and ridiculed by the other players, which was promptly reported to DTCC, which took no action;

c)   When she reported that her computer was broken and her textbook was stolen by another softball player on the DTCC Softball bus,  DTCC who took no action;

## COUNT V

### Violation of the Family Educational Rights and Privacy Act

### of 1974.  (The Buckley Amendment)

40.   Paragraphs 1 through 39 above are incorporated herein as though set forth in full.

41.   That based on the facts set forth in paragraphs 6 through 23 above, incorporated herein; Plaintiff Christina Paoli avers that Defendant's engaged in a course of conduct which violated the Buckley Amendment.

42.   That DTCC is holding what it knows to be inaccurate and misleading information regarding Plaintiff in her school files.

43.   That DTCC Security Division is holding information in its joint school files which is inaccurate and misleading including information that Plaintiff hired a Private Detective Hugh Craig to harass other students, which a complete fabrication on the part of DTCC.

44.   That the above false and misleading security division information relating to plaintiff is in her school file. <u>She was never allowed to respond or defend false information.</u>

### COUNT VII

### <u>Defamation of Character</u>

45.   Paragraphs 1 through 44 above are incorporated herein as though set forth in full.

46.   That based on the facts set forth in paragraphs 6 through 23 above, incorporated herein, Plaintiff Christina Pacli avers that Defendant's engaged in a course of conduct which slandered and libeled

plaintiff by Defendant's.

<u>47.</u>  Plaintiff avers that this action for slander and liable is a derivative action of the above counts set forth in this complaint.

### COUNT VIII

### <u>Disability Discrimination</u>  <u>Section 504 of the Rehabilitation Act of 1973</u>

### <u>and the Americans with Disabilities Act</u>

48.   Paragraphs 1 through 47 above are incorporated herein as though set forth in full.

49.   That based on the facts set forth in paragraphs 6 through 23 above, incorporated herein; Plaintiff Christina Paoli avers that Defendant's engaged in a course of conduct which violated the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

15

50. That DTCC, a public educational institution, ~new from Plaintiff directly and from various medical notes, that she was disabled as defined by the ADA.

51.  That DTCC took no action to accordant Plaintiff in her attendance at DTCC, and for the May ,Qth, 2006 hearing, in direct violation of the ADA.

### COUNT IX

### Injunctive Relief

52.  Paragraphs 1 through 51 above are incorporated herein as though set forth in full.

<u>53.</u>  This Honorable District Court has the authority to enjoin defendants from withdrawing plaintiff from DTCC during the pendency of this action.

54.  That if plaintiff is unable to continue her education at one of the only Delaware State funded public college's during the pendency of this action, plaintiff will be irreparably harmed.

55.  That there is a substantial likelihood that plaintiff will prevail in this action.

Wherefore, plaintiff respectfully requests this Honorable Court enter an injunction upon the filing of this Complaint, enjoining DTCC from terminating Plaintiff's education and enrollment at the College, her ability to go to the library and her enrollment in DTCC college athletic programs, during the pendency of this action.

### VIII.    STATUS OF SETTLEMENT NEGOTIATIONS

56. That Plaintiff attempted by letter, e-mail and phone calls to DTCC to resolve this matter. Other than plaintiff's attempts set forth above, no settlement have been undertaken.

### IX. RELIEF REQUESTED

**57.** Wherefore, Plaintiff Christina Paoli respectfully requests judgment against the Defendant's DTCC and the State of Delaware as follows:

a)    For punitive damages in the amount of $1,000,000. for Defendant's intentional and willful course of discriminatory, punitive, retaliatory and continuous detrimental conduct.

b)    For a money judgment for damages in excess of $100,000.00 for Defendant's unlawful actions as set forth in the complaint;

c)    For general and special Damages in excess of $1,000,000;

d)    For a money judgment representing prejudgment interest;

e) For an order in the form of injunctive relief, restoring plaintiff immediately to DTCC as a student, as an athlete, and as an

employee.

f)   For the costs of the suit, including an award of reasonable attorney's fees; paralegal fees and/or attorney consultation fees and,

g )   For such other relief as the Court deems just and proper.

### Supplemental Relief

Plaintiff withdraws her request for injunctive relief as a student at Del Tech because plaintiff still has not fully recovered to enable her to engage in academic classes there. However, she requests that the honorable judge order Del Tech to terminate its continued discrimination against the plaintiff. Although, it's been over a year since the plaintiff has been allowed on campus, and the unfair year suspension which she was not allowed to defend is up, Del Tech is still prohibiting her from being on the property of any Del Tech Campus due to this law suit. Plaintiff would like to be able to use the library or attend sporting events as any other person is permitted. Furthermore, she would like to talk to

the criminal justice department chairperson about her classes and the registrar's office about a previous student loan.

Plaintiff however requests injunctive relief that this court order appropriate alcohol consumption screening at all Delaware Technical and Community Colleges to prevent the conduct which is the subject of this complaint and the unnecessary deaths of student athletes such as Ben Wilson.

## X.   JURY TRIAL DEMANDED

58.   Plaintiff Christina Paoli herein demands a trial by jury of all issues in this action, and avers that to the best of her knowledge and belief the amount in controversy exceeds $100,000.00 United States Dollars.

Plaintiff continues her request for a jury trial

Respectfully Submitted,

July 24, 2007                    _Christina Paoli_

## Certificate of Service

I hereby certify that a copy of the foregoing amended complaint was mailed by regular mail on July 25, 2007 to:

Marc. P. Niedzieiski, Esquire
Deputy Attorney General
State of Delaware
820 North French Street, 6th Floor
Wilmington. DE 19801

and to:

Marc. S. Casarino, Esquire
824 North Street, Suite 902
P.O. Box 709
Wilmington, DE 19899
Tel 302- 467-4520

*Christina Paoli*

**Christina Paoli**

