IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA R. PAOLI, | : |
| Plaintiff, | : |
| v. | : C. A. NO. 06-462 |
| THE STATE OF DELAWARE and DELAWARE TECHNICAL AND COMMUNITY COLLEGE, | : JURY TRIAL DEMANDED |
| Defendants. | : |

**DEFENDANT DELAWARE TECHNICAL AND COMMUNITY COLLEGE'S RESPONSIVE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND PROPOSED AMENDED COMPLAINT**

WHITE AND WILLIAMS LLP

BY: /s/ Marc S. Casarino
Marc S. Casarino (ID #3613)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: (302) 467-4520
Facsimile: (302) 467-4550
Attorneys for Defendant,
*Delaware Technical and Community College*

Dated: August 15, 2007

1

# TABLE OF CONTENTS

Table of Citations..................................................................................................................3

Nature and Stage of the Proceedings ....................................................................................4

Summary of the Argument....................................................................................................5

Statement of the Relevant Facts............................................................................................6

Arguments.............................................................................................................................7

    I.      Standard of Review..............................................................................................7

    II.     Plaintiff's Proposed Amendments to Complaint are Futile .................................7

Conclusion ............................................................................................................................9

PHLDMS1 3273180v.1

# TABLE OF CITATIONS

**Cases**

Coventry v. United States Steel Corp.,
856 F.2d 514 (3d Cir.1988)...............................................................................7

Dole v. Arco Chem. Co.,
921 F.2d 484 (3d Cir.1990)...............................................................................7

Edelman v. Jordan,
415 U.S. 651 (1974)..........................................................................................8

Foman v. Davis,
371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).........................................7

Harter v. GAF Corporation,
150 F.R.D. 502 (D.N.J. 1993)..........................................................................7

Howze v. Jones & Laughlin Steel Corp.,
750 F.2d 1208 (3d Cir.1984)............................................................................7

Jablonski v. Pan Am. World Airways, Inc.,
863 F.2d 289 (3d Cir.1988)..............................................................................7

Massarsky v. General Motors Corp.,
706 F.2d 111 (3d Cir.).......................................................................................8

**Statutes**

Eleventh Amendment to United States Constitution...................................5, 8

Fed.R.Civ.P. 15.................................................................................................7

PHLDMS1 3273180v.1

## NATURE AND STAGE OF THE PROCEEDINGS

On July 28, 2006, Plaintiff filed a complaint and sent a copy by mail to the Governor of Delaware and President of Delaware Technical and Community College (hereafter "**Delaware Tech**"). When Plaintiff filed the lawsuit she signed an acknowledgement of receipt for Federal Rule of Civil Procedure 4. (D.I. 1)

On October 30, 2006, Delaware Tech filed and served an answer to the complaint which asserted its defenses including lack of jurisdiction, personal and subject matter, and improper service of process. (D.I. 7)

On December 18, 2006, Delaware Tech filed a motion for judgment on the pleadings (D.I. 15) and Opening Brief in support of its motion under Rule 12(c). (D.I. 16)

On June 29, 2007, the Court ordered Plaintiff to respond on or before July 9, 2007 to Delaware Tech's motion for judgment on the pleadings. (D.I. 18)

On July 9, 2007, Plaintiff filed a document titled "Motion for Leave to Amend" requesting permission to file an amended complaint. (D.I. 20)

This is Delaware Tech's responding brief in opposition to Plaintiff's request for permission to file an amended complaint.

## SUMMARY OF THE ARGUMENT

I.      Plaintiff's complaint is barred by application of the Eleventh Amendment and/or fails to state a claim upon which relief can be granted. Delaware Tech's motion for judgment on the pleadings, based upon application of the Eleventh Amendment and failure to state a claim, is pending. The amendments to the complaint proposed by Plaintiff do not remedy the deficiencies of the complaint as identified in Delaware Tech's motion for judgment on the pleadings. Thus, Plaintiff's proposed amendments to the complaint are futile and permission to amend should be denied.

PHLDMS1 3273180v.1

## STATEMENT OF THE RELEVANT FACTS

On December 18, 2006, Delaware Tech filed its motion for judgment on the pleadings. (D.I. 15) Plaintiff's response to Delaware Tech's motion for judgment on the pleadings was due on or before January 2, 2007. See Del.Dist.Ct.L.R. 7.1.2. Plaintiff has not responded to Delaware Tech's motion for judgment on the pleadings. On June 29, 2007, the Court ordered Plaintiff to respond on or before July 9, 2007 to Delaware Tech's motion for judgment on the pleadings. (D.I. 18) On July 9, 2007, Plaintiff filed a document titled "Request to Vacate or Modify Order" requesting, *inter alia*, additional time beyond July 9, 2007 to respond to Delaware Tech's motion for judgment on the pleadings. (D.I. 19) On July 9, 2007, Plaintiff also filed a document titled "Motion for Leave to Amend." (D.I. 20). On or about July 24, 2007, Plaintiff filed her proposed amended complaint.

PHLDMS1 3273180v.1

## ARGUMENTS

I.   **STANDARD OF REVIEW**

"The decision to grant or deny a movant's request to amend is within the discretion of the district court; however, the court must state the reasons justifying its decision." Harter v. GAF Corporation, 150 F.R.D. 502, 508 (D.N.J. 1993) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); Coventry v. United States Steel Corp., 856 F.2d 514, 519 (3d Cir.1988); Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir.1984)).

II.  **PLAINTIFF'S PROPOSED AMENDMENTS TO COMPLAINT ARE FUTILE[1]**

"Leave to amend, as embodied in Rule 15, is not without limitation; indeed, "the Supreme Court has delineated factors which weigh against amendment"." Harter, 150 F.R.D. at 508 (quoting Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir.1990)). These factors include:

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment.

Harter, 150 F.R.D. at 508 (citing Foman, 371 U.S. at 182). "The Supreme Court has indicated that "futility of amendment" is a factor to be considered in determining whether a plaintiff should be granted leave to amend a complaint." Id. See also Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir.1988) (upholding denial of amendment when amendment would be futile). "Amendment of the complaint is futile if the amendment will not cure a deficiency in the original complaint or if the amended complaint cannot withstand a motion to dismiss." Harter, 150 F.R.D. at 508 (citing Jablonski, 863 F.2d at 292 (citing

---

[1] Delaware Tech incorporates by reference as though fully set forth herein its arguments contained within its pending Motion for Judgment on the Pleadings (D.I. 15) and Opening Brief in support thereof (D.I. 16).

PHLDMS1 3273180v.1

Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir.), *cert. denied,* 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983))).

Plaintiff proposes to amend her complaint to add several unsubstantiated "facts," including, by way of example, allegations that Delaware Tech personnel directed, condoned or complied with a physical assault on Plaintiff by unspecified persons, and various allegations of misbehavior by members of the Delaware Tech softball program. Plaintiff also proposes to amend her complaint to add allegations of her academic and athletic accomplishments. Although Delaware Tech disputes each of Plaintiff's allegations, assuming for arguments sake that such allegations are accurate, all of Plaintiff's claims are as a citizen of this State against the State. The Eleventh Amendment bars Plaintiff from pursuing the claims set forth in her complaint and the claims proposed in the amended complaint. Edelman v. Jordan, 415 U.S. 651, 662-663 (1974) ("While the [Eleventh] Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by its own citizens as well as by citizens of another State." (citations omitted)).

Moreover, the amendments proposed by Plaintiff do nothing to remedy that the complaint fails to state a claim upon which relief can be granted – as demonstrated by Delaware Tech's pending motion for judgment on the pleadings. Thus, the amendments proposed by Plaintiff are futile as the amended complaint is also fatally flawed and subject to dismissal. Delaware Tech respectfully submits that Plaintiff's proposed amendments to the complaint are designed for nothing more than to humiliate and embarrass personnel at Delaware Tech; while doing nothing to refute that Delaware Tech had a legitimate and compelling reason to dismiss Plaintiff.

Respectfully, such "scorched Earth" tactics should not be condoned by this Court in the form of a permissible amendment to the complaint.

## CONCLUSION

Plaintiff's proposed amendments to the complaint are futile. Accordingly, Plaintiff's request for permission to amend the complaint should be denied.

                                      Respectfully submitted,

                                      WHITE AND WILLIAMS LLP

BY: _____
Marc S. Casarino (ID #3613)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: (302) 467-4520
Facsimile: (302) 467-4550
Attorneys for Defendant,
*Delaware Technical and Community College*

Dated: August 15, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA R. PAOLI, | : |
| Plaintiff, | : : : |
| v. | : C. A. NO. 06-462 |
| THE STATE OF DELAWARE and DELAWARE TECHNICAL AND COMMUNITY COLLEGE, | : : JURY TRIAL DEMANDED : : |
| Defendants. | : |

**CERTIFICATE OF SERVICE**

    I, Marc S. Casarino, Esquire do hereby certify that on this 15th day of August, 2007, two copies of the foregoing **DEFENDANT DELAWARE TECHNICAL AND COMMUNITY COLLEGE'S RESPONSIVE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND PROPOSED AMENDED COMPLAINT** were served upon all counsel of record electronically and via First Class Mail, postage prepaid:

Ms. Christina R. Paoli
600 Third Street
Rehoboth, DE 19971

Marc P. Niedzielski, Esquire
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801

WHITE AND WILLIAMS LLP

BY: _____
Marc S. Casarino (ID #3613)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: (302) 467-4520
Facsimile: (302) 467-4550
Attorneys for Defendant,
*Delaware Technical and Community College*

PHLDMS1 3273180v.1