## IN THE  UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CHRISTINA R. PAOLI

        Plaintiff

v.

THE STATE OF DELAWARE AND
DELAWARE AND COMMUNITY COLLEGE
and STATE OF DELAWARE

        Defendants

C.A. NO. 06-462  (GMS)

August 21, 2007



## ANSWERING BRIEF TO DELAWARE TECHNICAL AND
## COMMUNITY COLLEGS'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Christina Paoli asserts that Defendants deprived plaintiff of her civil rights pertaining to education, employment, whistleblower's act, privacy and the deprivation of rights secured under the United States Constitution and the decisional laws for the United States of America.  The assault which occurred is/was secondary and happened AFTER the denied civil right violations which plaintiff endured as a citizen of the United States, and is protected under such statutes. The lapses in time and responses from the dates listed are attributed to the brain injury, memory problems, physical and mental deficiencies, directly caused when the plaintiff was beat up after repeated requests to Delaware Technical and Community College staff and administration for help.  (Exhibit 3) The civil rights violations caused the injuries sustained and mentioned in this suit.

Plaintiff was in  good health prior to reporting wrongdoing in February and March 13, 2006. As a matter of fact, she was 43 years old and healthy enough to have received two softball scholarships from Del Tech at age 42 and 43.  However, after plaintiff reported the problems, defendants failed to protect plaintiff after repeated requests for help. Exhibits 1, 2a, 2b, 2c and 2d. The inappropriate and illegal actions by Del Tech staff and athletes were reported to Dean Goldstein, Ron Burgess, and a department chairperson Not only did DTCC not properly investigate the claims and requests for help made by the Plaintiff,  they placidly encouraged and condoned the harassment and beating by softball

players which left the whistleblower unconscious and partially brain damaged. The only time the harassment was interrupted was when it occurred during a game, in a dugout, in front of approximately 12 witnesses. (This is on the DVD video taken by a licensed private investigator and former police office named Hugh Craig. (See DVD Exhibit). (The buying of alcohol by the softball coaches and the harassment of Plaintiff by Stacy Burris in the dugout is on the same DVD)

The prior two semesters, while playing on a different DTTC softball team at a different campus, plaintiff successfully completed 22 credits and was on the President's List while working as a tutor at the Georgetown campus. (Exhibit 8 )

Since the injuries caused by the DTCC, including the beating after reporting wrongdoing, plaintiff has been in hospitals, doctors' offices and physical therapy more than fifty times since the original civil rights violations caused by the defendants. Plaintiff realizes her limitations and deficiencies from the brain injury sustained last year and therefore respectfully requests the judge appoint an attorney to assist with this case. rather than dismiss it on a procedural point or technicality.

Delaware Tech and Community College is an entity of the State of Delaware, being created by the Delaware General Assembly in 1966, pursuant to House Bill 529. DTCC is a statewide institution of higher education providing education and training opportunities to every resident of Delaware. Its mission statement states that Delaware Technical and Community College is a statewide, multi-campus community college committed to providing open education. Delaware Tech willfully violated its charter and its mission statement in the retaliatory dismissal of Plaintiff from DTCC and then by not allowing her to return a year and three months later. The suspension ended May 21, 2007 as documented by attorney Marc Casarino in Exhibit 6. However, DTCC still has not permitted her to return to the campus, use the public library, attend public sporting events or community public programs held on one of the three campuses.

Delaware Tech is federally funded and supported. The federal rights violations harmed the Plaintiff in many ways, physically, educationally and mentally. The defendants felt it was more expedient to injure the plaintiff, blatantly ignore several requests for help, fire the coaches and disband the softball team than to properly investigate and handle the inappropriate actions of the defendants due to the negative

2

publicity which would accompany outcome. DTCC already faced public scrutiny the prior two years due to a public scandal of the underage players drinking alcohol. The head coach was fired and there was much negative publicity surrounding this scandal. As a matter of fact, one of the assistant coaches (Emily) was one of the former players who was involved in this situation the prior year. Additionally, DTCC engaged in a continuing course of conduct which violated plaintiff's United States Constitution guarantee to Due Process of Law including, but not limited to, conducting a hearing without her presence when she supplied a medical excuse from a doctor verifying her inability to attend due to her health. DTCC knew that the results of the hearing was a foregone conclusion before the May 10, 2006 hearing ever commenced, and as such, was a violation of Plaintiff's Due Process Rights, Marfolk Coal Co. v. Callahan, 601 SE 55 (2004).

Plaintiff states that the administration chose to ignore the dangerous conduct and activities which had been observed and documented by plaintiff. After plaintiff brought the conduct of intentionally throwing a 70mph fastball at the batter's face (on more than one occasion) which could potentially injure or kill the batter, the retaliation and physical threats to her safety escalated. Additionally, plaintiff notified administration in writing several times about threats to personal safety and well being stating that she was fearful on the athletic fields as well as academic environment. Plaintiff is covered under Whistleblower Employee Protection 31 U.S.C. Section 3730 (h).

Under 28 U.S.C. Section 1331, the Federal Court is the correct jurisdiction to enforce actions relating to the redress of violations of the rights afforded under the United States Constitution and the laws of the United States of America (Federal Jurisdiction Question). The venue lies in the Federal District Court for the District of Delaware because the plaintiff resides in the state of Delaware.

Additionally, Plaintiff respectfully requests sanctions against the DTTC attorney because he has threatened criminal action to attempt to coerce plaintiff not to continue with this case or publicize it. Please see the letter from Marc Caserino dated June 5, 2007. (Exhibit 7) Prior to this, a different letter was circulated ordering Del Tech employees not to communicate with plaintiff on or off campus due to the lawsuit. Plaintiff went to Boulevard Ford in 2007 to buy a second car from her former criminal

3

justice teacher, Ray Morrison, who is/was a salesman at the car dealership. This is another reason why this case needs to be in Federal Court. DTCC is threatening plaintiff with criminal action as a way to manipulate case. Specifically, his statement reads "Additionally, your threat to appear at the College with the media and your private investigator, if carried out, is a violation of your prohibition from the college grounds and will be considered a criminal act for which the College will pursue all legal remedies against you." What is even more disconcerting about this is the fact that the same attorney sent Judge Sleet a letter dated and docketed on 1-12-07 where Casarino states the expiration date of Plaintiff's suspension being May of 2007 and not January as he had previously written in court papers. That letter is dated June 5, 2007. I had previously brought to Casarino's attention his wrong information stating my motion for injunctive relief being moot because the suspension ended in Januaary rather than the actual ending date of May 21, 2007. Plaintiff called Mr. Casarino and informed him of this error and requested in notify the court in our "confidential" conversation which he disclosed in his recent motion. Plaintiff assumed she was talking to a reputable attorney who would keep his promise about the conversation being in confidence. A conversation with an out of state attorney over coffee about this case was disclosed. This confidential conversation was blown out of proportion with inaccurate information stating that plaintiff has an attorney on retainer or in the background for this case. This simply is not true. Plaintiff does not have an attorney on retainer or in the background to assist with this case. Plaintiff was and is still very upset that Mr. Casarino used two aspects of the confidential conversation to try to gain an advantage against plaintiff. Since that time, Plaintiff has refused to talk to him because of the sense of lost trust and betrayal by the "professional". Also, the fact that another claim was or wasn't filed by plaintiff related to the city of Lewes is totally irrelevant to this case. Therefore, statements made by opposing attorney pertaining to this will not be addressed further. As far as Mr. Casarino's statements that the "proposed amendments to the complaint are designed for nothing more than to humiliate and embarrass personnel at Delaware Tech, while doing nothing to refute that Delaware Tech had a legitimate and compelling reason to dismiss plaintiff." Plaintiff hereby provides video of the coach buying alcohol, providing alcohol for underage softball players and drinking with the underage players. There is alo some video of a

player weighing approximately 100 more pounds than the defendant, picking on her in the dugout. (Please see enclosed DVD) Plaintiff has additional proof documented by a licensed private investigator named Hugh Craig which will be used at trial.

Furthermore, DTCC did fire the coaches and disband the 2007 softball team as a direct result of the behavior reported to DTCC authorities. Therefore, by their own actions, they substantiated many of the Plaintiff's claims in this case. This was demonstrated by the fact that they did in fact fire the coaches and disbanded the softball team. Plaintiff supplied copy of this video evidence to Attorney Marc Casarino when he requested it the first time. However, Defendants have not complied with the eleven requests for the audiotaped conversation THEY tape recorded last year when they verbally informed plaintiff she was suspended fro false allegations after she informed the college of wrongdoing a month previously. When defendants requested permission to tape record conversation/meeting, plaintiff agreed with the condition that she receive a copy of it. Since that time, DTCC employees and DTCC attorneys have ignored 11 written and oral requests to provide copy as promised and required under discovery rules. Therefore, plaintiff asks the Judge to order the Defendants to provide the Plaintiff with the audiotape and other information she repeatedly requested previously.

Defendant stated on page 4, that Plaintiff sent a copy of the complaint by mail to the Governor of Delaware and President of DTTC on July 28, 2006. Attorney Marc Casarino failed to mention the possible service deficiency was cured on 9/29/06 and 10/03/06 when PROPER service was completed when both defendants were personally served. The motion for dismissal asserts that the complaint be dismissed for lack of personal jurisdiction for failure to effect proper service. Rule 12 states that such a motion be filed before pleading. The defendants have already pled, responding to the particulars of the complaint, and thus has **effectively waived any objection as to the sufficiency of service of process.**

It's the defendants position that they are entitled to judgment because the claims are barred by the eleventh amendment to the constitution. The complaint itself cites multiple federal statutes and/or federal constitutional provisions including the 14th amendment, that makes the issues before this court federal questions and thus properly before it, or properly before it because immunity has otherwise been waived by the states, or in

$\varsigma$

reference to those particular statutes. Additionally, they assert that the claims are as a citizen of this State against the State. It's the plaintiff's contention that violations of 42 U.S.C. (( 1981, 1983 the Equal Protection clause, Due Process clause, 31 U.S.C. (( 37309h) (Whistleblower Employee Protection Act of 1974 defamation of character and discrimination based on disability under the ADA. Plaintiff's contention is that she covered under this equal protection and due process clause. That is what should be decided in court, not dismissed.

Plaintiff contends the claims are not barred by the eleventh amendment because the denial of civil rights is the core of the claim. The assault was/is part of the denial of civil rights claim, **happened afterwards** and is only ancillary. Therefore it's not a state action, it's federal.

In IIIa on page 6, Defendant states that case should be dismissed for failure to state a claim for violation of 42 U.S. C. ((1981 Plaintiff is a member of a minority, specifically a female, oldest person on the team (and approximately more than twice the age of any member of the team or most students at DTCC.) Additionally she is/was a disabled student/athlete/individual after the injury caused by the defendants. There was intentional discrimination by defendant, discrimination concerning one or more activities in the statute. Plaintiff is not a lawyer, yet puts defendants on notice that the individual element will be presented at trial.

Pertaining to violation of 42 U.S.C. (( 1983, plaintiff alleges that deprivations were made by DTCC employees acting under the color of state law, including but not limited to Dean Goldstein, Coach Matt, Coach Emily, Coach Christy, and the Athletic Director. Ron Burgess. Again, plaintiff is not a lawyer, yet puts the defendants on notice that the individual element will be presented at trial.

The two due process requirements were/are notice and an opportunity to be heard. In Dixon v. Alabama State Bd. Of Education 294 F 2d 150 (5Cir 1961) . "Such written notice should typically inform the accused with information about the policies or regulations that the accused has allegedly violated, the possible penalties, and the evidence that may be presented against her." This did not happen. The defendantsstated that it is indisputable that Plaintiff was given written notice of the charges against her, informed of her right to present witnesses and given the opportunity to present evidence

and make a statement. **This simply is not true**. It is disputable. I have provided proof in the attached exhibits to show it did not occur. Please see letter dated May 4, 2007 informing plaintiff of the May 10th meeting was signed for (certified mail) on May 9, 2006. (Exhibit 3) The attorney, Brian Shirey, knew that plaintiff had been beaten up and hospitalized and could not make the meeting due to medical reasons. (Exhibits 3, 4a and 4b.) Plaintiff even requested the attorney recluse himself, which he did not do. The PLAINTIFF WAS NEVER GIVEN THE OPPORTUNTIY TO DEFEND HERSELF OR PRESENT EVIDENCE. This civil rights violation makes federal court the appropriate court for this case. Some of the information was mailed to the defendant AFTER penalties were imposed without her presence. (Exhibit 2d.) The e-mail verifies that I still did not receive anything in writing about the suspension a month after the suspension.) The defendants are continuing to make due process and civil rights violations because Plaintiff still is not permitted to be on DTCC campus, library or athletic event even though the suspended ended on May 21, 2007. (Exhibit 6)

Defendant's claim that suspension and expulsion for alleged disciplinary violations haven't risen to the level of conscious shocking behavior as in in Flaim 418 F 3d at 643. However, in that case, the school didn't condone and facilitate the intentional beating of a whistleblower after inappropriate acts were reported to administration many times. Therefore, he plaintiff refutes this. In paragraph 2, page 8 titled 'procedural due process', defendant states "with respect to the hearing requirement, due process is satisfied if the accused is provided the opportunity to respond, explain and defend herself. Flaim 418 F 3d at 633-636 (discussing details of due process requirements in higher education disciplinary proceedings and collecting cases.) "Courts have also recognized that the hearing need not be open to the public and the counsel or a campus advocate need not generally be appointed, unless the procedures are overly complex or the student faces criminal charges stemming from the incident in question. Courts have also concluded that the due process is satisfied when the accused is given the right to make a statement and present evidence and witness at the hearing." As mentioned previously, the accused, the plaintiff, WAS NOT provided the opportunity to respond, explain or defend herself. As a matter of fact, she was told in writing by Attorney Brian Shirey that if plaintiff provided a medical note before 9am the hearing would be rescheduled. DTCC received

the medical excuse note on May 9th and received a faxed copy again on May 10. It was hand delivered by Tina Mann, criminal justice employee, at 8:55am prior to the stated 9:00am deadline. However, Brian Shirey did not keep his written promise to reschedule the hearing. The hearing was held without the plaintiff. (See Exhibits 3, 4a. 4b and 5.)

Due to the complexity and importance of the case, with the far reaching effects, Plaintiff has included the following information as support for other reasons why the motion for judgment on the pleadings should not granted.

In an effort by the students, athletes, coaches, staff and administration to keep the plaintiff quiet and to prevent her making public criminal, immoral, unethical and unprofessional conduct of the athletic team, coaches and administration at Delaware Technical and Community College, false and inflammatory charges were administratively brought against the plaintiff which resulted in her suspension from Del Tech and the plaintiff was beaten and assaulted at the direction, condoning and with the full prior knowledge of the administration, coaches and players at Del Tech resulting in neurological and other physical injury, including but not limited to bruising, concussion, head trauma, knee injury which resulted in the use of crutches and knee physical therapy as brain injury rehabilitation.

Having caused, condoned and having prior knowledge, the administration at Del Tech chose to have a judicial committee hearing resulting in the suspension of the plaintiff less than two weeks after the beating which caused the plaintiff to spend several days at the head trauma unit of the hospital. The hearing was conducted even AFTER confirmation by a licensed doctor excusing plaintiff from work, school, etc. The administration chose to have the hearing, chose to keep the attorney who was requested to recluse himself and chose to follow the retaliatory actions without the plaintiff present, or the plaintiff's evidence and suspended the plaintiff for a year. This added insult to injury because the plaintiff had been beaten at the direction, condoning and complicity of the Del Tech employees, coaches, students and softball players and had been unable to function properly due to that injury.

Plaintiff received a bachelor of science in Education, Cum Laude from the University of Delaware and a Masters of Science in Human Resources Management with School Leadership and Instruction (Magna Cum Laude, 4.0 average) from Wilmington College

along with 72 post masters' degree college credits. Plaintiff returned to education at the Delaware Technical and Community College for two reasons. The first was to take courses in criminal and counseling in order to decide whether she wanted to go to law school. She had a 3.68 cum average, 51 earned hours and made the President's List while taking 22 credits, working as a tutor, and playing softball while at the Owens Delaware Tech Campus. The second reason was to play softball which she apparently was a good enough player to receive athletic scholarships from two different Delaware Tech Campuses.

Plaintiff admittedly was considerably older (44) than the average athlete at Del Tech and hopefully more mature. She quickly realized that the Stanton Campus Athletic Department was engaging in dangerous, criminal and unprofessional activity. Furthermore, Coach Matt asked for $300 which Plaintiff provided to him. Even after several requests to return the money, head Coach Matt never repaid the $300 to the plaintiff. Plaintiff heard the assistant softball coach direct the Del Tech pitcher Stacey Burris to quote "hit the F--king--- batter in the F--king face with the ball on two different occasions in front of many team members and spectators from two different states. The athletic director was present at the time. The student athletes being intentionally assaulted played on other teams of a junior college athletic association from schools outside the state of Delaware.

After this was reported to Del Tech administration, Stacey Burris, who is considerably larger than the plaintiff, and other players, were permitted to verbally and physically assault and intimidate plaintiff and her property. It also came to plaintiff's attention that the male coach (Matt) of the women's softball team was having intercourse with various females from Delaware Tech on Campus. It further came to plaintiff's attention that the girls' softball coach was allowing female Delaware Tech employees to clock in and have sex with male coach while being paid by the state of Delaware. Also, he was double dipping, by being paid on the clock as a maintenance simultaneously being paid as a softball coach while on the softball field or driving to games.

The two female assistant coaches who were supervising the team had been players on the same team only two years before, were in their early twenties. While they were players, were involved in a drinking scandal which resulted in the firing of the Del Tech

9

coach after a tournament in Florida. The administration was fully aware of the lack of good judgment, immaturity, poor role models of the people they putting in charge of students and athletes as coaches. There had already been reported complaints by the plaintiff and others addressing the problems of the immature coaching staff and the fact that Coach Matt didn't even attend half the practices and/or games. After plaintiff was in fear for her safety and well being, she chose to provide herself with a licensed private investigator and former state police officer who videotaped various actions including coaches buying, providing and drinking alcoholic beverages to the underage players. The plaintiff personally saw this buying and providing alcohol to minors in the state of Delaware and the state of Pennsylvania, as did the private investigator that videotaped said behavior, as well as other witnesses.

When plaintiff brought this conduct to the attention of the administration of the Stanton Campus at Del Tech under the condoning and encouragement of their coaches, plaintiff's new $799 Toshiba notebook was smashed on the bus on the way to a softball game WITH THE COACH present on the bus. Again, the coach and administration gave tacit approval for the players to do whatever they wanted. To this date, no action has been taken by administration despite repeated requests. Plaintiff further observed the coach's and players repeated harassment of homosexual catcher which led player to her quitting the team. This also was brought to the attention of administration by plaintiff and nothing was done. After raising these above improprieties to administration, plaintiff was not only harassed but physically threatened by other players with the coaches and private investigator present, with the coaches condoning and encouraging the threats.

Plaintiff was placed in such a state of fear by coaches and players' threats that she delivered a letter stating that she was in fear of her physical well being to Dean Goldstein, (via her secretary who signed for it) and the athletic director. (Exhibits 2a, 2b, 2c, 2d and 2e) Plaintiff stated that she would not be attending softball games, practices or her academic classes because her safety was in jeopardy. Dean Goldstein responded via e-mail that she would look into the situation. Yet, nothing was done to ensure plaintiff's safety. Soon thereafter, the athletic director had the audacity to call plaintiff and ask her to ride on the bus for the next softball game. The letter and the phone call occurred almost a month prior to the actual assault. The administration took no action and tacitly

approved the encouragement of the coaches and players to have the plaintiff beaten and harassed. As a result, plaintiff was beaten, found unconscious and spent the next several days in the head trauma unit at the hospital. Ironically, the wording and terminology used in the original letter by the plaintiff was copied and used in a different letter allegedly written by Stacey Burris after she threatened plaintiff. The security on campus refused to take a complaint about the drinking and they refused to provide any assistance or protection pertaining to drinking, harassment, threats, and intimidation and prevent illegal activities. They refused to intervene or prevent the above mentioned illegal activities.

Since being beaten, plaintiff's academic mental functioning has been severely damaged to the point where plaintiff can't be gainfully employed full time. During the time of this incident until plaintiff was beaten and was unable to continue, plaintiff was a paid by the state of Delaware as a tutor at Delaware Technical and Community College. Plaintiff will show that administration and staff members condoned and encouraged the beating of plaintiff in an effort to prevent her from disclosing the improper conduct taking place on and off campus by coaches and players. The beating resulted in plaintiff being unable to function at any tutoring position. The coaches were further outraged when they learned that when receiving no cooperation from the administration and fearing for the lives of student athletes from other Community Colleges in the Mid Atlantic Region that the plaintiff brought the intentional beating to the attention of the regional direction of the College Regional Administrator of the athletic Association (NCAA of Community Colleges).

Plaintiff is to some extent recovering from the neurological damage and is of hope to one day being able to go law school. However, to this date, she is continuing to be vindictively harassed by the Del Tech administration in their refusing to allow her to return, refusing to permit the head of the criminal justice department as well as other employees to have any contact with her, and/or write letters and/or meet with her. Furthermore, plaintiff was told in writing that she was not allowed to have contact with a different former criminal justice instructor OUTSIDE of Del Tech, at Boulevard Ford Auto Dealership, where she purchased 2 cars from the instructor. At the time plaintiff was beaten at the tacit condoning of Del Tech employees, plaintiff had averages of 100,

*11*

100, 96, 94 and 91 in her criminal justice classes. Now, Del Tech College is threatening, in a vindictive manner, to change these grades from incompletes to zeros if not finished. However, they won't allow her to return to campus or provide now needed necessary accommodations as required by Individuals with Disabilities Education Act (IDEA) resulting from the documented brain injury which the administration caused.

## II.    JURISDICTION

2.    The Jurisdiction of the Court over this controversy is based upon 28 U.S.C. Section 1331 the Jurisdiction of the United States Federal Courts to enforce actions relating to the redress of violations of the rights afforded individuals under the United States Constitution, and the laws of the United States of America, (Federal Question Jurisdiction)

## III.    VENUE

3.    Venue lies in the Federal District Court for the District of Delaware for the following reasons:

a)    Plaintiff and all Defendants reside in the State of Delaware and the actions complained of occurred in the State of Delaware.

## IV. PARTIES

4.    The plaintiff in this action is Christina R. Paoli, an adult individual residing at 600 Third Street, Rehoboth, Delaware, 19971.

5.    The Defendants are The State of Delaware and Delaware Technical and Community College, hereinafter referred to as DTCC, a Delaware State Educational Institution, with its principle address at 400 Stanton Christiana Road, Newark, Delaware, 19713.

## V.    STATEMENT OF FACTS

6.    That Christina Paoli was a student at DTCC from September 2004 until June of 2006 when Plaintiff received a letter from the school indicating that she was no longer allowed to attend or be on the school's property.

7.    That as a student, plaintiff was on the Dean's list each semester and was on the Presidents List.

8.    That as a student, plaintiff received A and B grades routinely.

9.    That plaintiff was a good student during her time at DTCC

12

until she was forced to leave the school and abandon her education and
sports endeavors, (softball)

10.   That plaintiff played softball for DTCC from 2005 through 2006, in the fall
and spring of each year.

11.   That plaintiff received softball scholarships in both 2005 and 2006.

12.   That plaintiff was an employee of DTCC as a Tutor from September of
2004 through 2006, and to the best of plaintiff's knowledge and belief is still on the
DTCC payroll.

13.   That on or about February 2006 plaintiff reported to the Dean of the School,
Dean Goldstein, that she observed disturbing and potentially illegal conduct on the part of
her softball coaches being:

   a)    Coaches drinking with underage students and athletes;

   b)    Coaches drinking with under aged students after games;

   c)    Coaches buying alcohol for students;

   d)    That on March 11, 2006 Coach Emily told Stacie Burns to hit the Camden
team batter in her F -cking face with the F-cking" ball;

   e)    That the coaches let ineligible individuals play with nonqualifying grades
and insufficient number of credits.

   f)    That she lent her coach Matt $300.00 in October of 2005 which he failed to
repay.

14.   That immediately after reporting her serious concerns to the Dean, Plaintiff
was "blackballed" from softball and the school. The accusations were (are) false and
retaliatory.

15.   Thereafter DTCC proceeded on a course of conduct designed to punish,
intimidate, and harass Plaintiff as a direct result of her bringing to the schools attention,
serious and disturbing matters.

16.   Plaintiff hired Delaware Licensed Private Detective Hugh Craig, who
investigated her claims, substantiated them and thereafter was also intimidated, and
harassed by DTCC. He was asked not to ever return to the premises.

17.   In a further effort to intimidate and harass plaintiff, DTCC scheduled a
hearing for May 10, 2006, on plaintiff's objections to the schools vexatious action

/ 3

dismissing her from the team.

18. That Plaintiff forwarded a valid doctor's note indicating that as a result of her being beaten and hospitalized, she could not attend the hearing, and as such plaintiff asked for the May 10, 2006 hearing to be rescheduled. Attorney Brian Shirey stated in an e-mail that the hearing would be postponed if the college received a valid doctor's excuse, yet he did NOT keep his promise.

19. In violation of Plaintiff's due process rights, and in a further effort to discriminate and harass her, DTCC held the hearing in her absence, and thereafter sent her a letter that their decision was that she be terminated from the school and all school activities, (See Exhibit "A").

20. That DTCC is an entity of the State of Delaware, being created by the Delaware General Assembly in 1966, pursuant to House Bill 529.

21. That DTCC is a statewide institution of higher education, providing academic, technical, continuing education, and industrial training opportunities to every resident of Delaware.

22. That DTCC mission statement is that "Delaware Technical and Community College is a statewide, multi-campus community college committed to providing open admission.

23. That DTCC willfully violated its charter, and its mission statement in the retaliatory and vexatious dismissal of Plaintiff from DTCC, and then by not allowing her return a year

24. As a direct and proximate consequence of Defendant's unlawful, harassing, intimidating, and discriminatory practices, Plaintiff, Christina Paoli has suffered Mental and Emotional Distress, physical injuries, suffered embarrassment, humiliation, and the defamation of her character, irreparable harm to Plaintiff's reputation and standing in the public and business community, alarm, harassment and annoyance, the loss of a public education, the loss of ability to play softball at DTCC, and the loss of employment.

## VII.    STATEMENT OF CLAIMS

### COUNT I

### Civil Rights Violation 42 U.S.C.S. Sections 1981 arid 1983

25. Paragraphs 1 through 24 above are incorporated herein as though set forth in full.

*14*

Paragraph 25-27 of original complaint are supplemented to make clear the plaintiff
intends to prove that in violation of 22 USCS Section 1981 Delaware Technical and
Community College was engaging in homosexual harassment of a different player which
administration ignored and retaliated when brought to the attention of administration by
plaintiff.

Plaintiff was told by Coach Matt in the fall that he received a lot of "flack" after she
started several games due to her age while the younger players did not start.

Delaware Technical and Community College receives considerable Federal Funds to
educate

both mentally and athletically the citizens of Delaware and the United States.

In violation of 42 USCS Section 1983, the male softball coach solicited money ($300)
from the plaintiff and when she asked for repayment, the funds were not forthcoming and
her play time was significantly decreased. This deprivation of athletic opportunity was
committed by a coach acting under the color of authority. By the tacit and affirmative
actions of employees of the state of Delaware working for Delaware and Community
College, plaintiff was beaten unconscious in violation of her civil rights., more
specifically 42 USC Section 1983.

26.    That as a result of Defendant' State of Delaware and DTCC actions as set
forth in this Complaint, Plaintiff has been denied the right to continuing education at a
state chartered, public college.

27.    That based on the facts set forth in paragraphs 6 through 23 above,
incorporated herein, Plaintiff Christina Paoli avers that Defendant's engaged in a course of
conduct which violated her Civil Rights.

## COUNT II

United States Constitution Equal Protection Violation

28.    Paragraphs 1 through 27 above are incorporated herein as though set forth in full.

Plaintiff supplements Paragraphs 28-30 of the original complaint. The staff of Del
Tech directly causing a Whistleblower student and employee to be beaten unconscious is
an Equal Protection violation under the Unites States Constitution. Delaware Technical
and Community College continual harassment and interference of the public education of

15

the plaintiff despite its receipt of vast amounts of Federal Funds to provide such education is a violation of the plaintiff's Equal Protection Guarantee.

29.    That based on the facts set forth in paragraphs 6 through 23 above, incorporated herein, Plaintiff Christina Pacli avers that Defendants engaged in a course of conduct which violated her United States Constitution guarantee to Equal Protection.

30.    That the United States Supreme Court recognizes the vital importance of all levels of public education, Grutter v. Bollinger, 539 US 306, (2003)

## COUNT III

### United States Constitution Due Process Violation

31.    Paragraphs 1 through 30 above are incorporated herein as though set forth in full. Plaintiff supplements Paragraphs 31- 34 of the original complaint. The plaintiff wishes to clarify that not only did the Defendants conduct a hearing without the plaintiff's presence but staff of Delaware Tech College was personally responsible for the beating which prevented her from attending the hearing and from which she still has not fully recovered.

32.    That based on the facts set forth in paragraphs 6 through 23 above, incorporated herein, Plaintiff Christina Paoli avers that Defendant's engaged in a course of conduct which violated her United States Constitution guarantee to Due Process of Law.

33.    That Defendant's intentionally held a hearing without Plaintiff, knowing that Plaintiff was very ill and under the Care of a Physician.

34.    That DTCC knew that the results of the hearing were a foregone conclusion before the May 10, 2006 hearing was ever commenced, and as such was a violation of Plaintiff's Due Process Rights, Marfork Coal Co. v. Callahan, 601 SE 55 (2004).

## COUNT IV

### Whistleblower Employee Protection Violation 31 U.S.C. Section 3730(h)

35.    Paragraphs 1 through 34 above are incorporated herein as though set forth in full. Plaintiff supplements Paragraphs 35 and 36 of the original complaint. Plaintiff further states that she will show that the administration chose to ignore the dangerous conduct and activities which had been observed and documented by plaintiff. After plaintiff brought the dangerous conduct of intentionally "beaning" of student athletes to

the regional director of Community College Athletic Association that employees of Del
Tech caused plaintiff to be beaten at which time plaintiff was a student and employee of
Stanton Campus of Delaware Technical and Community College.

36.    That based on the facts set forth in paragraphs 6 through 23 above,
incorporated herein, Plaintiff Christina Paoli avers that defendant's engaged in a course of
conduct which violated the anti—retaliation provisions of 1986 False Claims Act, 31 U.S.C.
Section 3730(h).

## COUNT V

### Discrimination on the Basis of Retaliation

37.    Paragraphs 1 through 36 above are incorporated herein as though set forth
in full.

38.    That based on the facts set forth in paragraphs 6 through 23 above,
incorporated herein; Plaintiff Christina Paoli avers that Defendant's engaged in a course
of conduct which discriminated against her unlawfully and in retaliation for her
whistleblower statements.

.39. As a furtherance of Defendant DTCC Retaliation against Plaintiff, DTCC failed
to protect Plaintiff on numerous instances including:

a)    During softball games and/or practices when she was attacked by other
players, which was promptly reported to DTCC, who took no action;

b)    When on April 20, 2006 she was intentionally locked out of the DTCC
Softball Van by other players while her Coach Matt, sat by in the van and did nothing,
further being harassed and ridiculed by the other players, which was promptly reported to
DTCC, which took no action;

c)    When she reported that her computer was broken and her textbook was
stolen by another softball player on the DTCC Softball bus, DTCC who took no action;

## COUNT V

### Violation of the Family Educational Rights and Privacy Act

### of 1974. (The Buckley Amendment)

40.    Paragraphs 1 through 39 above are incorporated herein as though set forth in
full.

41.    That based on the facts set forth in paragraphs 6 through 23 above,

17

incorporated herein; Plaintiff Christina Paoli avers that Defendant's engaged in a course of conduct which violated the Buckley Amendment.

42.    That DTCC is holding what it knows to be inaccurate and misleading information regarding Plaintiff in her school files.

43.    That DTCC Security Division is holding information in its joint school files which is inaccurate and misleading including information that Plaintiff hired a Private Detective Hugh Craig to harass other students, which a complete fabrication on the part of DTCC.

44.    That the above false and misleading security division information relating to plaintiff is in her school file. She was never allowed to respond or defend false information.

## COUNT .VII

### Defamation of Character

45.    Paragraphs 1 through 44 above are incorporated herein as though set forth in full.

46.    That based on the facts set forth in paragraphs 6 through 23 above, incorporated herein, Plaintiff Christina Pacli avers that Defendant's engaged in a course of conduct which slandered and libeled

plaintiff by Defendant's.

47. Plaintiff avers that this action for slander and liable is a derivative action of the above counts set forth in this complaint.

## COUNT .VIII

Disability Discrimination  Section 504 of the Rehabilitation Act of 1973
and the Americans with Disabilities Act

48.    Paragraphs 1 through 47 above are incorporated herein as though set forth in full.

49.    That based on the facts set forth in paragraphs 6 through 23 above, incorporated herein; Plaintiff Christina Paoli avers that Defendant's engaged in a course of conduct which violated the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

50. That DTCC, a public educational institution, ~new from Plaintiff directly and from various medical notes, that she was disabled as defined by the ADA.

51.    That DTCC took no action to accordant Plaintiff in her attendance at DTCC,

*1 8*

and for the May ₁Qth, 2006 hearing, in direct violation of the ADA.

## COUNT .IX

### Injunctive Relief

52. Paragraphs 1 through 51 above are incorporated herein as though set forth in full.

53. This Honorable District Court has the authority to enjoin defendants from withdrawing plaintiff from DTCC during the pendency of this action.

54. That if plaintiff is unable to continue her education at one of the only Delaware State funded public college's during the pendency of this action, plaintiff will be irreparably harmed.

55. That there is a substantial likelihood that plaintiff will prevail in this action.

Wherefore, plaintiff respectfully requests this Honorable Court enter an injunction upon the filing of this Complaint, enjoining DTCC from terminating   Plaintiff's ability to go to the library, to attend community programs at DTCC and to observe college athletic programs, during the pendency of this action.

Plaintiff had numerous overnight as well as outpatient hospital stays as well as doctors who are still currently treating for injuries sustained last year caused by DTCC. Plaintiff reiterates that she feels this answering brief may not meet the caliber or expectations of an attorney for this case. Therefore,  plaintiff requests the Honorable Judge appoint an attorney for her  in this case.  Lastly, plaintiff further requests the Court impose sanctions for Attorney Marc Casarino for his written threats of criminal arrest for trespassing to try to intimidate and/or coerce me in this civil case after the suspension was over. (Exhibit 7)  Furthermore, he revealed what was said in confidence and twisted what was said in reference to a meeting with an out of state attorney over coffee.

Wherefore, the plaintiff requests that the motion for judgment on pleadings be denied, that a hearing be had, and in the alternative, be permitted time to amend deficiencies if any remain, in this case after a attorney is appointed.

*Christina Paoli*

August 21, 2007                                    Christina Paoli

*19*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## Certificate of Service

I, Christina Paoli, do hereby certify that a copy of the Answering Brief to Motion for Judgment on the Pleadings was served and mailed to the following on August 21, 2007 by First class mail, postage prepaid:

Marc Casarino
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19809-0709

and

Marc Niedzielski, esq.
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801

_Christina Paoli_
Christina Paoli
600 Third Street
Tru Vale Acres
Rehoboth, DE 19971

SOUTHERN SERVICES     302 577 0492     P.1

3-13-06

Exhibit 1

Dear Rex,

Hi. I once heard the phrase "If you don't confront wrong, you condone it." I have been struggling over my allegiance & loyalty to the team versus my obligation to disclose information to you which may detrimentally affect Del Tech College as a school.

I apologize for not trusting you (until now enough to take action. I felt as if I was caught in a catch 22 situation. I'd like to talk to you prior to practice today if possible. I am afraid that I will suffer negative repercussions from Del Tech as a school, the coaches and or the team members after I meet with you. Therefore, I would like you to promise me that you will not use my name during your investigation of related events. Maybe you could call in each team member individually to obtain additional info.

After we meet, if you want me to remain quiet about all aspects of this, I will. I am speaking to you because you are the athletic director. Therefore, I will take your advice and do what you feel is best for the college and its reputation. In conclusion, my concerns relate to lack of communication, broken promises and the physical health of players.

Thank you,
Chris Parker

260-1036 (cell)

Note: Physical health was explained. It related to underage drinking, throwing balls at players faces and

B3

Exhibit 2°

April 21, 2006

Dear Dean Goldstein and Athletic Director Ron Burgess,

Due to recent intolerable events, threats of bodily injury, damage and theft of personal property, l do not feel safe to attend practice today or take the bus ride to the game tomorrow. The situation has escalated since Del Tech has done nothing to protect me and my property from harm. It was exacerbated so much yesterday, in front of coaches, that I did not feel safe to ride home from Mercer College with my teammates. I received permission from Emily to ride home in a car with a friend. Coaches have repeatedly witnessed personal threats and have done nothing. Christy did make them unlock the van door yesterday after they locked me out for five minutes. Matt was inside the van and did not tell them to unlock the door. On the ride to Mercer, the players ridiculed me and bragged about drinking beer with the coach the night before. Therefore, until the school opens up on Monday and this situation is rectified, I have to protect myself physically and emotionally from further harm.

Unfortunately, a hostile environment has been created due to the coaches' actions, or lack thereof, making it impossible for me to feel safe, have well being and/or function as a team member, player or student. Due to Stacey's threats yesterday and Lacey's two days ago, I am further concerned about my safety outside the softball environment.

Thank you for your attention to this matter. Enjoy the rest of your spring vacation.

Sincerely,

Chris Paoli

Chris Paoli

P.S. I still haven't received anything official about why I was suspended on March 30, 2006. (I did receive your e-mail.) Do you have an idea of when the committee will meet about my appeal of your suspension?

cc    Head Coach Matt
       Assistant Coach Emily
       Assistant Coach Christy
       Ron Case



Yahoo!  My Yahoo!  Mail  Tutorials  More      **Make Y! your home page**      Welcome, **education**experts Sign Out  Help

**YAHOO! MAIL**                                        Search: [                    ]    **Web Search**

Talk to other moms with the same due date:    cafemom  **Go Now!**

| Mail | **Addresses** ▽ | Calendar ▽ | Notepad ▽ |     **Mail For Mobile - Mail Upgrades - Options** |

[ **Check Mail** ]  [ **Compose** ]                [ **Search Mail** ]  [ **Search the Web** ]

See your credit
score - free

**Folders**      [Add - Edit]

**Inbox (1804)**

Draft

**Sent**

Bulk      [Empty]

Trash      [Empty]

**My Folders**      [Hide]

Animal Pictures

Apples

dentist

fastdater

softball2007

**Search Shortcuts**

My Photos

My Attachments

Print Grocery Coupons
at Home

Free People
Search

Hot Web Finds
Daily on THE 9

Don't Quit. Online
Degrees: Hot

*Exhibit
2b*

Previous | Next | Back to Search Results

[ **Delete** ]  [ **Reply** ▽ ]  [ **Forward** ▽ ]  [ **Move...** ▽ ]

This message is not flagged. [ Flag Message - Mark as Unread ]      Printable View

**Date:**  Sat, 22 Apr 2006 22:36:54 -0700 (PDT)

**From:**  "Christina Paoli" <educationexperts@yahoo.com>  Add to Address Book  Add
Mobile Alert

**Subject:**  response

**To:**  regan@dtcc.edu

**CC:**  jpaoli@vicmead.com

Dean Goldstein,
Good morning. I am not able to come to campus.
Furthermore, the first time I reported something to
you and Ron, I got used and abused. It almost caused
me a nervous breakdown. Your investigation was a head
hunting expedition.  Your final report didn't even
mention the fact that there's favoritism to players
who drink with the coaches, age discrimination and
other things. You never even allowed me to come and
present evidence on my behalf. Stacey and Lacey lied
in their written statements to you.  Isn't it ironic
that Stacey "broke the story" right after I reported
her throwing the ball at a batter's face two times.
She received an unsportsmanlike conduct warning from
the umpire on Thursday. The report failed to mention
that Lauren was present and refused to lie to be a
part of this conspiracy.
The invitation to the sports banquet was dated March
23, the RSVP deadline was April 20 and the post mark
was April 20. You signed the letter. Very funny, it's
obvious you don't want me to attend. Are you a part of
this conspiracy also?  I thought you were a believer.
                           *don't*
I'm sorry but I ~~trust~~ trust you, Ron Burgess or the
coaches. I have to protect myself.  Therefore, I am
not able meet you or Security Monday. I have "reported"
the retaliation and threats to you via e-mails and the
letter dated April 21.

I really "enjoyed" my Easter vacation.  Hope yours was
better.



Yahoo!   My Yahoo!   Mail   Tutorials   More        **Make Y! your home page**        Welcome, **educationexperts** Sign Out  Help

**YAHOO! MAIL**        Search: [                    ]        **Web Search**

**Start fresh.**
Spend $50, get free shipping
on campus-ready bed and bath.
Shop Target.com ▸

| Mail | Addresses ▽ | Calendar ▽ | Notepad ▽ |    Mail For Mobile - Mail Upgrades - Options |

**Check Mail**    **Compose**                    **Search Mail**    **Search the Web**

Get photo offers
in your email

Previous | Next | Back to Search Results

| Delete | Reply ▽ | Forward ▽ | Spam | Move... ▽ |

**Folders**    [Add - Edit]

**Inbox (1804)**

Draft

Sent

Bulk        [Empty]

Trash        [Empty]

**My Folders**    [Hide]

Animal Pictures

Apples

dentist

fastdater

softball2007

**Search Shortcuts**

My Photos

My Attachments

See your credit
score - free

Free People
Search

Free People
Search

Find Any
Email Address

This message is not flagged. [ Flag Message - Mark as Unread ]        Printable View

**Date:**    Fri, 21 Apr 2006 16:01:26 -0400

**From:**    regan@dtcc.edu  View Contact Details  Add Mobile Alert

**To:**    "Christina Paoli" <educationexperts@yahoo.com>

**Subject:**  Re: fear and terroristic threats by "team"

Hi Chris,

Thank-you for sharing your e-mail. I will share with the coaches tha
you will not be at the game on Sunday. Considering what you are
alleging in this e-mail, please meet with a Public Safety officer on
Monday to document the incident.

Take care.
Dean GoldsteinQuoting Christina Paoli <educationexperts@yahoo.com>:

>
> Dear Dean Goldstein and Athletic Director Ron Burgess,
>
>        Recent intolerable events, threats of bodily
> injury, damage and theft of personal property, I do
> not feel safe to attend practice today or take the bus
> ride to the game tomorrow. The situation has escalated
> since Del Tech has done nothing to protect me and my
> property from harm.  It was exacerbated so much
> yesterday, in front of coaches, that I did not feel
> safe to ride home from Mercer College with my
> teammates yesterday.  I received permission from Emily
> to ride home in a car with a friend.  Coaches have
> repeatedly witnessed personal threats and have done
> nothing. Christy did make them unlock the van door
> yesterday after they locked me out for five minutes.
> Matt was inside the van and did not tell them to
> unlock the door. On the ride to Mercer, the players
> ridiculed me and bragged about drinking beer with the
> coach the night before. Therefore, until the school
> opens up on Monday and this situation is rectified, I
> have to protect myself physically and emotionally from
> further harm.
>
>      Unfortunately, a hostile environment has been
> created due to coaches' actions, or lack thereof,

Exhibit

2c

Exhibit
2 d.

```
> making it impossible for me to feel save, have well
> being and/or function as a team member, player or
> student. Due to Stacey's threats yesterday, I am
> further concerned about my safety outside the softball
> environment.
>
> Thank you for your attention to this matter.  Enjoy
> the rest of your spring vacation.
>
>
>
>
>     Sincerely,
>
>
>
>
>     Chris Paoli
>
>
>
> P..S.  I still haven't received anything official
> about why I was suspended on March 30,
>           2006.  (I did receive your e-mail.)  Do you
> have an idea of when the committee
>           will meet about my appeal of your
> suspension?
>
>
> cc      Head Coach Matt
>         Assistant Coach Emily
>         Assistant Coach Christy
>         Ron Case
>
>
>
>
>
> Take Care, God Bless, Chris
>
> _____
> Do You Yahoo!?
> Tired of spam?  Yahoo! Mail has the best spam protection around
> http://mail.yahoo.com
>
>
>
```

| Delete | Reply ▾ | Forward ▾ | Spam | Move... ▾ |

Previous | Next | Search Results                    Save Message Text | Full Headers

| Check Mail | Compose |                    | Search Mail | Search the Web |

Copyright © 1994-2007 Yahoo! Inc. All rights reserved. Terms of Service - Copyright/IP Policy - Guidelines
NOTICE: We collect personal information on this site.
To learn more about how we use your information, see our Privacy Policy

Exhibit

2e

4-24-06

Dear Dear Goldstein,

I need your help due to the increased retaliation, personal threats to my safety, harassment, broken computer, stolen books and intimidation by your players, students and coaches.

Even when DTCC staff has witnessed the threats to my well being and breaking of my computer, nothing has been done.

This situation has escalated since you and/or Ron revealed that I was the one who reported the drinking, coaches buying alcohol for minors, coaches ordering players to intentionally hurt others and other problems within DTCC. I asked, in my 3-13-06 letter that you not use my name because I was afraid that I would suffer negative repercussions from Del Tech as a school, the coaches and the team members. The situation has masturbated and I am very afraid. Please help me. Christine Parr

Exhibit
3

# PAUL C. PEET, M.D., P.A.
## NEUROLOGY

302-644-6960
Fax: 302-644-6963

January 31, 2007

Delaware Technical College
Office of the Registrar
Stanton Campus
400 Stanton-Christiana Road
Newark, DE 19713-2197

**RE: Christina Paoli**

Dear Registrar:

Ms. Christine Paoli was an unfortunate victim of an assault. She sustained a head injury that resulted in hospital admission. She has undergone neuropsychological evaluation and is currently under neurological care for her head injury. I am requesting on her behalf that she be granted an extension to the end of the Spring 2007 Semester to complete her prior credits from the Spring 2006 Semester.

Thank you in advance for your consideration.

Sincerely,

Paul C. Peet, M.D.

PCP/mmp

Exhibit
4 a

Page 1 of 2   May 9, 2006

| Delete | Reply ▼ | Forward ▼ | Move... ▼ |

This message is not flagged. [ Flag Message - Mark as Unread ]          Printable View

**Date:**    Tue, 9 May 2006 15:37:06 -0700 (PDT)

**From:**    "Christina Paoli" <educationexperts@yahoo.com>  View Contact Details   Add Mobile Alert

**Subject:**  RE: Re: Campus Judicial Committee Hearing

**To:**      "Brian D. Shirey" <BShirey@dtcc.edu>

**CC:**      educationexperts@Yahoo.com

Folc          [Add - Edit]
  **Inbox (1804)**
  Draft
  **Sent**
  Bulk          [Empty]
  Trash         [Empty]
**My Folders**    [Hide]
  Animal Pictures
  Apples
  dentist
  fastdater
  softball2007

**Search Shortcuts**
  My Photos
  My Attachments

 Netflix
 Try for Free!

 Free People
 Search

 Yahoo! Tech
 Tech made easy

 Degrees in as Fast
 as 2 years

Mr. Lavallee already provide a copy of the medical note
to Dean Goldstein and Karen Peterson.  I am not home
and won't have access and WILL NOT be faxing you
anything.  I would have hoped you have rec used
yourself due to the landlord tenant situation where we
opposed each other. I feel you acted unprofessionally
in that situation.  I am officially asking you to
recuse yourself because others (including myself) may
view it as the appearance of impropriety.
I just received the certified mail TODAY about
tomorrow's hearing.  Your actions thus far, including
this e-mail at 5:25 p.m. asking for documentation that
you client already has further shows your bias.
I will not attend any meeting  until I have full
disclosure and all documents and tape recordings as
required by the State of
 Delaware's Freedom of Information Act. I trust that
your client will proceed in a fair and orderly manner
once all of the disclosure is complied with and I have
have been given reasonable opportunity and time to
prepare.
Thank you, Chris
--- "Brian D. Shirey" <BShirey@dtcc.edu> wrote:

> Dear Ms. Paoli:  If you have a medical condition
> that prevents you from
> participating in the hearing tomorrow, then please
> fax it to my attention at
> 302/739-6225 by 9:00 a.m. tomorrow morning.
> Otherwise, the hearing will
> move forward as scheduled, with or without you.  As
> I previously indicated,
> there are students on the Committee, and we are at
> the end of the school
> year.  You have been provided with copies of the
> complaints against you with
> all supporting documentation.  The hearing is your
> opportunity to confront
> and cross-examine the witnesses against you, and to
> present evidence and
> argument on your own behalf.  If you chose not to
> attend, then a decision
> will be made by the committee on the record before
> it.
>

Student Services
Brian Shirey
and copy before
had copy before
9 am, as requested

This was
faxed and
received prior
to deadline.

Alan Lavallee,
criminal justice
department chair
received a copy
on 5-9-06






He lied
about this.
please see
proof.



Yahoo!  My Yahoo!  Mail  Tutorials  More    **Make Y! your home page**    Welcome, **educationexperts** Sign Out  Help

**YAHOO!** MAIL                          Search: [          ]    **Web Search**

| Fast | Easy | Secure | Value | GoToMyPC Access Your PC from Anywhere. | TRY IT FREE |

| Mail | Addresses | Calendar | Notepad |                    Mail For Mobile - Mail Upgrades - Options

**Check Mail**   **Compose**                                   **Search Mail**    **Search the Web**

See your credit score - free

**Folders**    [Add - Edit]

**Inbox (1804)**
Draft
**Sent**
Bulk          [Empty]
Trash         [Empty]

**My Folders**   [Hide]
Animal Pictures
Apples
dentist
fastdater
softball2007

**Search Shortcuts**
My Photos
My Attachments

Click to see your credit score

Free People Search

Find Old Friends

Find Any Email Address

Previous | Next | Back to Search Results

**Delete**    **Reply** ▼    **Forward** ▼    **Move...** ▼

This message is not flagged. [ Flag Message - Mark as Unread ]          Printable View

**Date:**    Mon, 8 May 2006 14:34:35 -0700 (PDT)

**From:**    "Christina Paoli" <educationexperts@yahoo.com>  View Contact Details    Add
Mobile Alert

**Subject:**  Fwd: Re: Campus Judicial Committee Hearing

**To:**      regan@dtcc.edu

**CC:**      BShirey@dtcc.edu

Dear Dean Goldstein and Brian Shiery, esq,

I will NOT be able to attend the last minute hearing
that you set up for Wednesday for many reasons, a few
but not all include:

1. Medical – I do have a medical excuse note from a
doctor at Christiana Hospital for May 1-May 14, 2006.
I can provide a copy if/when necessaey.

2.  I have not been provided with adequate
documentation by you.  You haven't even given me
proper service yet for the actual hearing.  I plan to
pick up the certified mail from the post office
tomorrw, May 10.  I am not at home now.

3.  You must give me proper notice and allow me time
to notify my representative and witnesses, rather than
try to manipulate the hearing by forcing me to attend
when YOU HAVEN'T EVEN FOLLOWED THE RULES!!!

4. It's probably a good idead to verbally run one or
two possible dates by me on the phone prior to setting
a date and waiting to properly notify me.

5.  YOU PROMISED ME A COPY OF THE MARCH 30th MEETING
TAPE RECORDING AND A COPY OF THE 3 WRITTEN STATEMENTS
OVER A MONTH AGO.  I still haven't received that yet.

A GOOD LAWYER DOESN'T GO TO TRIAL UNPREPARED.
SIMILARILY, I WILL NOT GO TO A HEARING UNTIL I AM
PREPARED, WHICH INCLUDES RECEIVING THE MATERIAL YOU
PROMISED ME OVER A MONTH AGO and the discovery that I
requested.   Fair is fair!!!!

Please keep your promises (in reference to the
cassette tape and material) and try to demonstrate
some fairness!!!!
                    Thank you, Chris

Exhibit
4b

FROM REGAN GOLDSTEIN 5024555025                    P. 2

Exhibit
5

Medical Excuse 5-1-06 TO
5-14-06

---

**CHRISTIANA CARE**

Christiana Hospital          Wilmington Hospital
4755 Ogletown-Stanton Rd     501 W 14th Street
Newark, DE 19716             Wilmington, DE 19801

**DISCHARGE PRESCRIPTION**

Christiana Care Operator 733-1000

Date: 5/1/06

R# ____

MED Allergies: ____

Circle Refills   Limit 1 yr

1
2
3
4
5

Doctor's DEA # ____   Doctor's ID# or Printed Name   SUBSTITUTION PERMITTED

In order for a brand name product to be dispensed,
prescriber must hand write "Brand Necessary" or
"Brand Medically Necessary" in the space provided.

453820

21497 S(36705)(1203)

PAOLi Christine

*PATIENT NAME, ADDRESS, MR#, AND DOB ABOVE*
ONE RX PER BLANK

Indication to use

Pt to be at work/school
Unit 5/14
Any questions
call 733-4540

SAHH

1st copy sent to Alan
Lavallee, criminal justice department
chair on 5-9-06. Second
copy sent to Brian Shiregi, Alan
Lavallee (again) and Karen Peterson
on 5-10-06.

**RECEIVED**
DEAN OF STUDENT SERVICES

MAY 1 0 2006

DT&CC
STANTON WILMINGTON CAMPUS

Hand delivered by
Tina Mann
8:55 AM

B36

Exhibit
6

# White and Williams LLP



*824 N. Market Street, Suite 902*
*P.O. Box 709*
*Wilmington, DE 19899-0709*
*Phone: 302.654.0424*
*Fax: 302.654.0245*

*Marc S. Casarino*
*Direct Dial: 302.467.4520*
*Direct Fax: 302.467.4550*
*casarinom@whiteandwilliams.com*

January 12, 2007

**By E-File and Hand Delivery**

The Honorable Gregory M. Sleet
United States District Court
 for the District of Delaware
844 N. King Street
Lock Box 19
Wilmington, DE 19801

### RE: Christina Paoli v. Delaware Technical and Community College, et al.
### C. A. No. 06-462

Dear Judge Sleet:

I represent the defendant, Delaware Technical and Community College, in this matter. In response to plaintiff's pending request for injunctive relief regarding her readmission to the College, we stated that plaintiff's suspension from the College expires in January 2007 and, therefore, plaintiff's request for injunctive relief is moot. I write to advise that plaintiff's suspension from the College will not expire until the beginning of the summer 2007 semester; which is May 21, 2007. I apologize for any inconvenience caused by our unintentional misstatement.

We do not believe this alters the position taken in our response to the plaintiff's request for injunctive relief. We are available at the convenience of the Court to discuss, as necessary.

As of August, they let me should
August, they let me should 5-22-07
Still won't return. I have been
permitted

Respectfully yours,

WHITE AND WILLIAMS LLP

By: Marc S. Casarino

MSC:kab
cc:    Ms. Christina R. Paoli
       Marc P. Niedzielski, Esquire
       Brian D. Shirey, Esquire

*Allentown, PA • Berwyn, PA • Cherry Hill, NJ*
*New York, NY • Paramus, NJ • Philadelphia, PA • Pittsburgh, PA*



# White and Williams LLP



824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: 302.654.0424
Fax: 302.654.0245

*Marc S. Casarino*
*Direct Dial: 302.467.4520*
*Direct Fax: 302.467.4550*
*casarinom@whiteandwilliams.com*

June 5, 2007

Ms. Christina R. Paoli
600 Third Street
Rehoboth, DE 19971

> **RE: Christina Paoli v. Delaware Technical and Community College, et al.**
> **C. A. No. 06-462**

Dear Ms. Paoli:

I write in furtherance of our June 5th telephone conversation in which you requested information pertaining to your return as a student at Delaware Technical and Community College. I direct your attention to my March 28, 2007 letter and the Campus Judicial Committee's May 19, 2006 decision referenced therein; which describe the prerequisites to your possible return as a student to the College. As of this date, you have not complied with the prerequisites to your possible return as a student to the College.  *not true*

During our June 5th telephone conversation you referenced that you have recently talked with a "former criminal justice professor" about your case against the College while purchasing a vehicle at an auto dealership where the professor was present. Your conduct violates the prohibition against you contacting College personnel and students as described to you in my February 20, 2007 and May 28, 2007 letters. Additionally, your threat to appear at the College with the media and your private investigator, if carried out, is a violation of your prohibition from the College grounds and will be considered a criminal act for which the College will pursue all available legal remedies against you.  *threats by attorney Marc Casarin*

While you are free to have logical, substantive, meritorious discussions with me as regards your litigation against the College, calling simply to threaten inappropriate and potentially illegal conduct against the College serves no purpose. I trust you will conduct yourself accordingly going forward.

*Allentown, PA • Berwyn, PA • Cherry Hill, NJ*
*New York, NY • Paramus, NJ • Philadelphia, PA • Pittsburgh, PA*

WILDMS 14505lv.1

