IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA R. PAOLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-462 (GMS) |
| v. | ) |
| | ) |
| STATE OF DELAWARE and | ) |
| DELAWARE TECHNICAL AND | ) |
| COMMUNITY COLLEGE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

**I.     INTRODUCTION**

On July 28, 2006, plaintiff Christina Paoli ("Paoli") filed this *pro se* action against the State of Delaware (the "State") and Delaware Technical and Community College ("Delaware Tech") (collectively, the "defendants"), alleging numerous violations of certain constitutional rights. The plaintiff seeks compensatory and punitive damages, as well as injunctive relief. Presently before the court is the defendants' motion for judgment on the pleadings regarding all counts of the complaint. For the reasons stated below, the court will grant the State's motion, and grant in part and deny in part Delaware Tech's motion. The court will grant Delaware Tech's motion with respect to Counts I, II, and IV-VIII of the complaint, and deny the motion with respect to Count III of the complaint.

**II.    FACTUAL BACKGROUND**

The following facts are alleged in Paoli's complaint. Paoli, a Delaware citizen, was a student at Delaware Tech from September 2004 until June 2006. (D.I. 1 ¶¶ 4, 6.) During her time at Delaware Tech, she excelled in the classroom and on the softball field, and was employed as a tutor from September 2004 through October 2005. (Id. ¶¶ 7, 8, 10-12.) In or around February 2006, Paoli

reported to the Dean of Delaware Tech numerous instances of softball coaches' misconduct, including drinking with students after games and allowing individuals to play who had non-qualifying grades. (Id. ¶ 13.) Paoli further alleges that, as a result of her actions, Delaware Tech "blackballed" her from the team, and proceeded on a course of conduct designed to punish, intimidate, and harass her. (Id. ¶¶ 14-15.) Paoli retained a private detective to investigate her claims, which she alleges are substantiated. (Id. ¶ 16.)

Paoli also avers that Delaware Tech scheduled a hearing for May 10, 2006 to further intimidate and harass her. (Id. ¶ 17.) According to Paoli, she forwarded a valid doctor's note, indicating that she could not attend the hearing because she had been brutally beaten and hospitalized. (Id. ¶ 18.) In her letter forwarding the note, she asked for the hearing to be rescheduled. (Id.) In a further effort to discriminate and harass her, however, Delaware Tech held the hearing in Paoli's absence, and thereafter advised her that the hearing panel decided to terminate her attendance at Delaware Tech. (Id. ¶ 19.) Finally, Paoli alleges that Delaware Tech is an entity of the State of Delaware and that in dismissing her, it wilfully violated its charter. (Id. ¶¶ 20, 23.)

### III.  STANDARD OF REVIEW

The defendants move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). When deciding a Rule 12(c) motion for judgment on the pleadings, the court must view all facts and inferences drawn from the pleadings in the light most favorable to the non-moving party. *Green v. Fund Asset Mgmt., L.P.*, 245 F.3d 213, 220 (3d Cir. 2001). The motion can be granted only if no relief could be afforded under any set of facts that could be proved. *Turbe v. Gov't of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991); *see Southmark Prime Plus, L.P. v. Falzone*, 776 F. Supp. 888, 891 (D. Del. 1991); *Cardio-Medical Assocs., Ltd. v. Crozer-Chester Med. Ctr.*,

536 F. Supp. 1065, 1072 (E.D. Pa. 1982) ("If a complaint contains even the most basic of allegations that, when read with great liberality, could justify plaintiff's claim for relief, motions for judgment on the pleadings should be denied."). However, the court need not adopt conclusory allegations of law. *In re Gen. Motors Class E Stock Buyout Sec. Litig.*, 694 F. Supp. 1119, 1125 (D. Del. 1988). Judgment on the pleadings will only be granted if it is clearly established that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law. *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988). Where appropriate, the court may grant a Rule 12(c) motion for judgment on the pleadings in part, and deny it in part. *See, e.g., Society Hill Civic Ass'n v. Harris*, 632 F.2d 1045 (3d Cir. 1980).

Because Paoli proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, --- U.S. ---, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## IV. DISCUSSION

Paoli claims that the defendants' conduct towards her violated numerous Constitutional and statutory provisions including: 42 U.S.C. §§ 1981 and 1983, the Equal Protection Clause, the Due Process Clause, 31 U.S.C. § 3730(h) (and retaliation based on this statute), the Family Educational Rights and Privacy Act of 1974 (the "FERPA"), the Americans with Disabilities Act (the "ADA"), and the Rehabilitation Act of 1973 § 504. (See D.I. 1.) Paoli also claims that the defendants' conduct was defamatory. The defendants contend that Paoli's claims must fail for several reasons, which the court now addresses.

A. **Sovereign Immunity**

1. *The State*

The State submits that it is immune from the plaintiff's claims under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. While the text of the Amendment does not specifically bar lawsuits against a State by its own citizens, the "ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal courts." *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). A state can be sued if its Eleventh Amendment immunity is waived or validly abrogated by Congress.

First, a waiver will be found only where it has been stated "by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). Such an express waiver may be made through clear constitutional or statutory language. *See Lavia v. Pennsylvania Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000). Neither the Delaware Constitution nor the Delaware Code expressly waives the State's Eleventh Amendment sovereign immunity. *See Ospina v. Dep't of Corr., State of Delaware*, 749 F. Supp. 572, 579 (D. Del. 1990).

Since the State has not waived its Eleventh Amendment immunity, Congress would have had to abrogate the States' immunity with regards to each statute under which the plaintiff brings her claims in order for the State to be sued. Congress has the power to abrogate the States' Eleventh Amendment immunity when it (i) unequivocally intends to do so and (ii) act[s] pursuant to a valid

grant of constitutional authority. *Id.* (citing *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000)). The court now turns to Paoli's claims to determine whether Congress has abrogated the State's immunity.

In Count I, Paoli alleges violations of §§ 1981 and 1983. (D.I. 1 ¶¶ 25-27.) Section 1983 does not create substantive rights, but provides a remedy for the deprivation of rights created by the Constitution or by federal statute. *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). Count III alleges that Paoli was deprived of due process of law, (D.I. 1 ¶¶ 31-34), which is a "right created by the Constitution." Therefore, the court construes Paoli's due process claim as brought pursuant to § 1983. The Supreme Court, however, has held that §§ 1981 and 1983 did not abrogate the States' Eleventh Amendment immunity. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 67 (1989); *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *see also Cimino v. Del. Dep't of Labor*, 2002 WL 265095, at *5 (D. Del 2002). Therefore, the Eleventh Amendment bars Counts I and III of Paoli's complaint against the State.

Paoli next seeks relief under 31 U.S.C. § 3730 (part of the False Claims Act, 31 U.S.C. §§ 3729-3733), and also claims that the State retaliated against her in violation of her whistleblower protection under that statute. (D.I. 1 ¶¶ 35-39.) The False Claims Act provides that [a]ny person who

> (1) knowingly presents, or causes to be presented to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval; [or] (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; . . . is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus three times the amount of damages which the Government sustains because of the act of that person . . . .

31 U.S.C. § 3729(a); *see Dookeran v. Mercy Hosp. of Pittsburgh*, 281 F.3d 105, 108 (3d Cir. 2002). The Supreme Court has held that the term "person" as used in the False Claims Act does not include the States. *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 780 (2000). Thus, Congress did not abrogate the States' immunity when it enacted the False Claims Act, and Counts IV and V of Paoli's complaint cannot withstand the State's motion for judgment on the pleadings.

Paoli also claims that she is entitled to relief under the ADA, 42 U.S.C. §§ 12111-12117. (D.I. 1 ¶¶ 48-51.) Paoli, however, does not state whether the suit is brought under Title I or Title II of the ADA, so the court will examine the State's immunity with respect to both provisions. In *Bd. of Trustees of Univ. of Alabama v. Garrett*, the Supreme Court held that Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I. 531 U.S. at 374. Accordingly, analyzing Paoli's claim under Title I results in dismissal.

Nevertheless, the Supreme Court has held that Title II of the ADA does abrogate the States' sovereign immunity. *United States v. Georgia*, 546 U.S. 151, 153 (2006). In order to state a claim under Title II, a claimant must allege that she is "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aides and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by the public entity." *Id.* (citing 42 U.S.C. § 12131(2)). Here, Paoli has made no such showing. Her only averment is that she "was disabled as defined by the ADA," (D.I. 1 ¶ 50), a conclusory allegation of law that the court need not credit. Thus, the court will dismiss this Count, regardless of whether Paoli has intended to bring it under Title I or Title II of the ADA.

Paoli further claims that the State's actions violated § 504 of the Rehabilitation Act of 1973. (D.I. 1 ¶¶ 48-51.) The Supreme Court has recognized § 504 of the Rehabilitation Act, following the 1986 amendment, to be an "unambiguous waiver of the States' Eleventh Amendment immunity." *Lane v. Pena*, 518 U.S. 187, 200 (1996). The Third Circuit, however, has found "under the plain language of the amended Rehabilitation Act statute that accepting federal funds results in a waiver of Eleventh Amendment immunity only for the 'program or agency' receiving the funds." *Koslow v. Pennsylvania*, 302 F.3d 161, 170 (3d Cir. 2002). Using the statutory definitions provided in the Rehabilitation Act, the State as a whole, cannot be a "program or activity." *Id.* at 171. "Therefore, if a state accepts federal funds for a specific department or agency, it voluntarily waives sovereign immunity for Rehabilitation Act claims against the department or agency - but only against that department or agency." *Id.* Since Paoli's claim is against no specific program or agency but only the entire state, it fails as a matter of law.

      2.    *Delaware Tech*

Delaware Tech argues that the court should dismiss all counts of Paoli's complaint against it, because it has Eleventh Amendment immunity. The Supreme Court has held that Eleventh Amendment immunity extends to entities that are considered arms of the state. *See Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984). A state entity is characterized as an arm of the state when a judgment against it "would have essentially the same practical consequences as a judgment against the State itself." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 545-46 (3d Cir. 2007) (quoting *Fitchik v. New Jersey Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989)). In *Fitchik*, the Third Circuit adopted a three-part test to determine whether an entity is an arm of the state for

Eleventh Amendment purposes. *Id.* at 546. The three *Fitchik* factors are: (1) whether the payment of the judgment would come from the state; (2) what status the entity has under state law; and (3) what degree of autonomy the entity has. *Id.* Each of these factors are weighed equally in the analysis. *Id.* Furthermore, the party asserting that it is entitled to sovereign immunity, in this case Delaware Tech, has the burden of production and persuasion. *Id.* (citing *Christy v. Pennsylvania Tpk. Comm'n*, 54 F.3d 1140, 1144 (3d Cir. 1995)).

Here, Delaware Tech contends that it is entitled to sovereign immunity, but its brief does not address any of the *Fitchik* factors. At this stage of the proceedings, where the parties have not yet begun the discovery process, the court finds that there is insufficient evidence in the record to determine whether Delaware Tech meets the *Fitchik* test. Accordingly, the court is unwilling to conclude at this time that Delaware Tech has immunity under the Eleventh Amendment, and will deny this aspect of its motion for judgment on the pleadings.

**B.      The Merits of Paoli's Remaining Claims under Rule 12(c)**

1.      *Paoli's 42 U.S.C. § 1981 Claim*

Paoli claims that Delaware Tech "violated her Civil Rights" under § 42 U.S.C. 1981. (D.I. 1 ¶ 27.) In order to state a claim under § 1981, a plaintiff "must allege facts in support of the following elements: (1) she is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts . . . ." *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) (citation omitted). Here, Paoli is not a member of a racial minority. Thus, her complaint fails to satisfy the first element of a § 1981 violation, and the court will grant Delaware Tech's motion for judgment on the pleadings on this claim.

2.  *Paoli's Claim for Equal Protection Violation*

Paoli claims that the defendants' conduct violated the Equal Protection Clause of the Fourteenth Amendment. (D.I. 1 ¶¶ 28-30.) The Equal Protection Clause provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1. This provision embodies the rule that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). A plaintiff may assert an equal protection claim when she "is a member of a protected class and . . . was treated differently from similarly situated individuals in an unprotected class." *Bradley v. United States*, 299 F.3d 197, 206 (3d Cir. 2002). Paoli has not alleged that she is a member of a protected class, or that she has been treated differently from similarly situated individuals in an unprotected class. Indeed, she avers only the following with respect to this claim: "Defendant's [sic] engaged in a course of conduct which violated [Paoli's] United States Constitution guarantee to Equal Protection". (D.I. 1 ¶ 29.) This averment is nothing more than a conclusory allegation of law that cannot withstand a motion for judgment on the pleadings. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Thus, the court will grant the defendants' motion for judgment on the pleadings with respect to this claim.

3.  *Paoli's 31 U.S.C. § 3730(h) Claim*

The plaintiff claims that she is a "whistleblower" subject to the protections of 31 U.S.C. § 3730(h) (D.I. 1 ¶ 36), and that Delaware Tech retaliated against her in violation of that statute. (D.I. 1 ¶ 39.) As stated above, "the [False Claims Act], 31 U.S.C. § 3729a, subjects to liability '[a]ny person' who, *inter alia*, 'knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval.'" *Vermont*

*Agency*, 529 U.S. at 780. A plaintiff asserting a cause of action under § 3730(h) must show (1) she engaged in "protected conduct," (i.e., acts done in furtherance of an action under § 3730) and (2) that she was discriminated against because of that "protected conduct." *Dookeran*, 281 F.3d at 107. For conduct to be protected, the language of § 3730(h) requires that the conduct be taken "in furtherance of" a False Claims Act action. *Id.* at 108. This inquiry involves determining "whether [the plaintiff's] actions sufficiently furthered 'an action filed or to be filed under' the [False Claims Act] and, thus, equate to 'protected [conduct].'" *Id.* (citing *Hutchins v. Wilentz, Goldman & Spitzer*, 253 F.3d 176, 187 (3d Cir. 2001) (internal citations omitted)). A False Claims Act suit need not actually be filed to assert a cause of action under § 3730(h), but courts do require that there be at least a distinct possibility that a viable False Claims Act action could be filed. *Id.*

Paoli does not even attempt to allege that Delaware Tech presented a false claim to the United States. Thus, she cannot be given "whistleblower protection." In other words, Paoli cannot meet the statutory elements of 31 U.S.C. § 3729. As a result, there is no possibility that she could file a viable False Claims Act action. Paoli's claim must, therefore, fail and the court will grant Delaware Tech's motion for judgment on the pleadings with respect to Counts IV and V of the complaint.

    4. *Paoli's Claim for Violation of the FERPA*

The plaintiff claims that Delaware Tech has inaccurate and misleading information in her school files, and that this action is a violation of the FERPA, 20 U.S.C. § 1232g (2007). (D.I. 1 ¶ 42.) As relevant to Paoli's claims, the FERPA provides: "No funds shall be made available under any applicable program to any educational agency or institution which has a policy of denying, or which effectively prevents, the parents of students . . . the right to inspect and review the education

records of their children." § 1232g(a)(1)(A). "When a student has attained eighteen years of age, or is attending an institution of postsecondary education, the permission or consent required of and the rights accorded to the parents of the student shall thereafter only be required of and accorded to the student." § 1232g(d). The FERPA directs the Secretary of Education to enforce these conditions against the schools. §1232g(f). The Supreme Court has held that there is no private cause of action under the FERPA. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002). Thus, Paoli's claim fails as a matter of law, and the court will grant the defendants' motion for judgment on the pleadings with respect to Count VI of the complaint.

     5.    *Paoli's Defamation Claim*

Paoli also brings a state law defamation claim against the defendants. (D.I. 1 ¶ 46.) Under Delaware law, Paoli must establish: (1) the defamatory character of the communication; (2) publication; (3) that the communication refers to the plaintiff; (4) the third party's understanding of the communication's defamatory character; and (5) injury. *Gilliland v. St. Joseph's at Providence Creek*, 2006 WL 258259, at *8 (Del. Super. Ct. 2006). Even giving Paoli's complaint a generous reading and construing all averments in the light most favorable to her, the court finds that it is simply devoid of any allegations regarding defamatory conduct on behalf of the defendants. The court, therefore, will dismiss Count VII of Paoli's complaint.

     6.    *Paoli's ADA and § 504 of the Rehabilitation Act of 1973 Claim*

Paoli's complaint alleges that Delaware Tech discriminated against her because she is disabled. (D.I. 1 ¶ 50.) In order to state a claim under the ADA and § 504 of the Rehabilitation Act, 29 U.S.C. § 701 et seq. (2007), a plaintiff must allege that she is disabled. To qualify as disabled, Paoli must allege that she has a physical or mental impairment that substantially limits a major life

activity. *See* 42 U.S.C. § 12102(2)(A); 29 U.S.C. § 705(9) (2007); *see also Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 194-97 (2002). In *Toyota Motor*, the Supreme Court held that the "impairment's impact must also be permanent or long term." 534 U.S. at 198. Here, Paoli's complaint does not allege that she has a physical or mental impairment that substantially limits a major life activity. She merely claims that she is "disabled as defined by the ADA." (D.I. 1 ¶ 50.) This conclusory statement is insufficient as a matter of law. *See Morse*, 132 F.3d at 906. Giving a generous reading to the complaint, Paoli alleges, at most, that her "disability" caused her to miss the May 10, 2006 hearing regarding her removal from school. (D.I.1 ¶ 17.) This allegation would constitute a temporary impairment that would not be considered a disability as defined by the ADA. Given the foregoing, the court will grant Delaware Tech's motion for judgment on the pleadings with respect to Count VIII of the complaint.

    7.  *Paoli's § 1983 Claim Alleging a Violation of Procedural Due Process*[1]

In Count III of her complaint, Paoli alleges that Delaware Tech did not afford her due process of law, because it held a hearing regarding her school status even though it knew she was unable to attend the hearing. (D.I. 1 ¶¶ 31-34.) As previously mentioned, the court has determined that Paoli's procedural due process claim is brought pursuant to § 1983. A prima facie case under § 1983 "requires a plaintiff to demonstrate: (1) a person deprived [her] of a federal right; and (2) the person who deprived [her] of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Analyzing the second prong first, the Supreme Court has held that actions "under color of law" are

---

[1] The complaint does not specify whether the alleged violation is of procedural or substantive due process. Based upon the facts presented in her complaint, the court concludes that the plaintiff is referring to procedural due process.

equivalent to "state action" under the Fourteenth Amendment. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). For Fourteenth Amendment purposes, the Supreme Court has stated that a "state university without question is a state actor." *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 192 (1988); *see Pi Lambda Phi Fraternity, Inc. v. Univ. of Pittsburgh*, 229 F.3d 435, 440 (3d Cir. 2000); *Krynicky v. Univ. of Pittsburgh*, 742 F.2d 94, 99 (3d Cir. 1984) (holding that "the actions of the University [of Pittsburgh] are actions taken under color of state law for purposes of § 1983"); *see also Gordenstein v. Univ. of Delaware*, 381 F. Supp. 718, 725 (D. Del. 1974) (holding that "the University of Delaware is not a 'state agency' in the context of § 1983 and, accordingly, is a 'person' as that term is used there"). Paoli's complaint alleges that Delaware Tech is an "entity of the State of Delaware, being created by the Delaware General Assembly in 1966, pursuant to House Bill 529." (D.I. 1 ¶ 20.) Construing all facts and inferences in a light most favorable to the plaintiff, the court finds that the plaintiff has successfully alleged that Delaware Tech is a state actor.

As stated above, the first prong of a § 1983 claim is that the plaintiff must have been deprived of a federal right. The federal right claimed here is the right to due process guaranteed by the Fourteenth Amendment. To be entitled to the procedural protections of the Due Process Clause of the Fourteenth Amendment, a plaintiff must first demonstrate that she was deprived of either a liberty or property interest. *Bd. of Curators of Univ. of Missouri v. Horowitz*, 435 U.S. 78, 82 (1978). For the purposes of procedural due process, state law determines if a property interest exists. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). A liberty interest may arise either from state law or the Constitution. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

Delaware courts have not yet decided whether a graduate student has a property or liberty interest in the continuation of her course of study.[2] Pennsylvania state law, however, does recognize a property interest. *See, e.g., Ross v. Pennsylvania State Univ.*, 445 F. Supp. 147, 152 (M.D. Pa. 1978). In *Ross*, the district court stated, "A student has a reasonable expectation based on statements of policy by Penn State and the experience of former students that if he performs the required work in a satisfactory manner and pays his fees he will receive the degree he seeks." *Id.* In *Horowitz*, the Supreme Court assumed the existence of a liberty or property interest in the respondent's pursuit of a medical degree, in order to decide whether the respondent had been afforded adequate due process. 435 U.S. at 84-85. At this stage of the proceedings, the court will assume the existence of such an interest in Paoli's pursuit of a college degree from Delaware Tech to determine whether she has sufficiently stated a claim for a violation of due process.

In *Horowitz*, the Supreme Court distinguished between a student's dismissal for academic purposes and a dismissal for disciplinary purposes when deciding whether the due process afforded was adequate. *Id.* at 85-90; *see Mauriello v. Univ. of Medicine & Dentistry of New Jersey*, 781 F.2d 46, 50 (3d Cir. 1986). An academic dismissal is largely a subjective determination of the faculty. "[T]he determination whether to dismiss a student for academic reasons requires an expert evaluation of cumulative information and is not readily adapted to the procedural tools of judicial or administrative decisionmaking." *Mauriello*, 781 F.2d at 50 (citing *Horowitz*, 435 U.S. at 90). When a student is suspended for disciplinary purposes, the Supreme Court has held that due process requires, "oral or written notice of the charges against [her] and, if [s]he denies them, an explanation

---

[2] Neither Paoli nor Delaware Tech have provided any Delaware case law regarding a property or liberty interest in continuing education, and the court's own research has yielded no such result.

of the evidence the authorities have and an opportunity to present [her] side of the story." *Goss v. Lopez*, 419 U.S. 565, 581 (1975). In this case, Paoli alleges that she was suspended for disciplinary purposes. The complaint alleges that Paoli forwarded a valid doctor's note indicating that she could not attend the hearing regarding her suspension. (D.I. 1 ¶ 18.) Taking the allegations of the complaint as true and viewing all facts and inferences in Paoli's favor, the court concludes that they adequately state a claim for a procedural due process violation under § 1983. Therefore, the court will deny Delaware Tech's motion for judgment on the pleadings with respect to Count III of the complaint.

## V.    CONCLUSION

For the aforementioned reasons, the court will grant the State's motion for judgment on the pleadings, and grant in part and deny in part Delaware Tech's motion for judgment on the pleadings.[3]

---

[3] Paoli has filed a motion to amend her complaint. (D.I. 20.) "[A] court should deny leave to amend if the moving party is guilty of undue delay, bad faith, dilatory motive, prejudice, or his or her amended claims are futile." *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). "Amendment of the complaint is futile if the amendment will not cure a deficiency in the original complaint or if the amended complaint cannot withstand a motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). The amended complaint alleges, by way of example, that Delaware Tech personnel directed, condoned, or complied with a physical assault on Paoli by unspecified persons. As discussed above, Paoli brings these claims as a citizen of Delaware against the State of Delaware. Therefore, the Eleventh Amendment bars Plaintiff's claims against the State of Delaware. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 100. With respect to Delaware Tech, Paoli's claim is a legal conclusion for which she states no supporting facts. *Morse*, 132 F.3d at 906. Viewing the amended complaint in the light most favorable to Paoli, the court finds that it would not withstand a 12(b)(6) motion to dismiss. Accordingly, the court will deny Paoli's motion to amend.

The court will grant Delaware Tech's motion with respect to Counts I, II, and IV-VIII of the complaint, and deny it with respect to Count III.

Dated: December 18, 2007



CHIEF, UNITED STATES DISTRICT JUDGE

FILED
DEC 18 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA R. PAOLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-462 (GMS) |
| v. | ) |
| | ) |
| STATE OF DELAWARE and | ) |
| DELAWARE TECHNICAL AND | ) |
| COMMUNITY COLLEGE, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The State of Delaware's Motion for Judgment on the Pleadings (D.I. 8) is GRANTED.

2. Delaware Tech's Motion for Judgment on the Pleadings (D.I. 15) is GRANTED in part and DENIED in part. The motion is GRANTED with respect to Counts I, II, IV, V, VI, VII, and VIII of the complaint, and DENIED with respect to Count III of the complaint.

3. The parties shall submit a stipulation within ten (10) days of the date of this Order, which sets forth the plaintiff's enrollment status at Delaware Tech.

Dated: December 16, 2007

CHIEF, UNITED STATES DISTRICT JUDGE