IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA R. PAOLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-462 (GMS) |
| v. ) | |
| ) | |
| STATE OF DELAWARE and ) | |
| DELAWARE TECHNICAL AND ) | |
| COMMUNITY COLLEGE, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**I.   INTRODUCTION**

On July 28, 2006, plaintiff Christina Paoli ("Paoli") filed this *pro se* action against the State of Delaware (the "State") and Delaware Technical and Community College ("Delaware Tech") (collectively, the "defendants"), alleging numerous violations of certain constitutional rights. The defendants subsequently filed motions for judgment on the pleadings. (D.I. 8, 15.) The court granted the motions with respect to each count, except Paoli's procedural due process claim brought against Delaware Tech pursuant to 42 U.S.C. § 1983 (2007).[1] (See D.I. 30.) Paoli alleges that Delaware Tech violated her due process rights by expelling her after it held a hearing in her absence. (D.I. 1 ¶¶ 17-19.) Presently before the court is Paoli's motion for a preliminary injunction requesting that the court reinstate her at Delaware Tech and prevent Delaware Tech from removing her from school during the pendency of this case. (D.I. 11.) For the following reasons, the court will deny Paoli's motion.

---

[1] As a result, the State is no longer a party to this action.

**II.    DISCUSSION**

A preliminary injunction is "an extraordinary remedy" and "should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *AT&T Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994)). A movant seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that she will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *AT&T*, 42 F.3d at 1427; *Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999). The court shall issue a preliminary injunction only if the plaintiff produces evidence sufficient to demonstrate that all four factors favor preliminary relief.[2]  *See AT&T*, 42 F.3d at 1427. After reviewing the pleadings, the parties' submissions, and the relevant case law, the court concludes that Paoli has not demonstrated that a preliminary injunction is warranted.

**A.    Likelihood of Success on the Merits**

As stated above, the only remaining claim from Paoli's complaint is that Delaware Tech violated her procedural due process rights. When a student is suspended for disciplinary purposes, the Supreme Court has held that due process requires, "oral or written notice of the charges against [her] and, if [s]he denies them, an explanation of the evidence the authorities have and an opportunity to present [her] side of the story." *Goss v. Lopez*, 419 U.S. 565, 581 (1975). Here,

---

[2] Unlike a motion for judgment on the pleadings where, absent narrow exceptions, the court cannot consider materials outside of the pleadings, when the court decides a motion for a preliminary injunction, the plaintiff must produce evidence sufficient to demonstrate that preliminary relief is warranted. In other words, the plaintiff must meet a higher burden to succeed on a motion for preliminary injunction than to defeat a motion for judgment on the pleadings.

Delaware Tech alleges in its reply brief to its motion for judgment on the pleadings that Paoli was given written notice of the charges against her in the form of two letters dated April 13, 2006 and April 24, 2006.³ (D.I. 28 at 6.) In these letters, Regan Hicks-Goldstein, Dean of Student Services ("Dean Hicks-Goldstein"), wrote to Paoli advising that she had violated certain school policies, was entitled to a hearing regarding these infractions, could be represented by an advisor or attorney at the hearing, and had the right to appeal the Campus Judicial Committee's decision. (D.I. 28 Ex. B, C.) In its response to Paoli's motion for a preliminary injunction, Delaware Tech attaches a letter, dated May 4, 2006, from Brian Shirey ("Shirey") stating that a hearing was scheduled for May 10, 2006, at 1:00 p.m., and confirming that he sent Paoli an e-mail the same day containing the same information. (D.I. 14 at 31.) Attached to Paoli's answering brief in opposition to Delaware Tech's motion for judgment on the pleadings is a May 8, 2006 e-mail sent by Paoli to Shirey and Dean Hicks-Goldstein, in which Paoli acknowledges awareness of the May 10, 2006 hearing. (D.I. 26 Ex. 4b.) In her complaint, Paoli avers that she forwarded a valid doctor's note indicating that she could not attend the hearing. (D.I. 1 ¶ 18.) Delaware Tech has provided a copy of the May 1, 2006 note which specifically states that Paoli is to be excused from work and school until May 14, 2006. (D.I. 14 at 38.) Further, the note is stamped as received by the Office of Student Services on May 10, 2006, the day of the hearing.⁴ (Id.)

---

³At this stage of the proceedings, the court does not rule on the admissibility of the documents relied upon by Delaware Tech or Paoli.

⁴ The doctor's note also included the words "Hand delivered by Tina Mann at 8:55 AM" at the bottom. (D.I. 14 at 38.) Paoli attached to her answering brief a May 9, 2006 e-mail from herself to Shirey, which appears to quote an earlier e-mail from Shirey to her that states: "If you have a medical condition that prevents you from participating in the hearing tomorrow, then please fax it to my attention . . . by 9:00 a.m. tomorrow morning. Otherwise, the hearing will move forward, with or without you." (D.I. 26 Ex. 4a.) Assuming the e-mail from Shirey to Paoli

Delaware Tech claims that Paoli was on campus during the time period that she allegedly was excused from school. (D.I. 28 at 6-7.) Delaware Tech has submitted an affidavit and a public safety report to support its argument. The affidavit is signed by Michael Terranova, a professor of criminal justice at Delaware Tech, and states that he witnessed Paoli in his class on May 4, 2006. (D.I. 28 Ex. D.) The public safety report is written by Public Safety Officer Krzanowski. (D.I. 28 Ex. E at 2.) This report states that, on May 4, 2006, the officer noticed a car with a dog tied to it. (Id. at 3.) A note found in the door jam stated, "I am in the DELJIS classroom if you need me . . . Thank You Chris." (Id.) The officer identified Paoli as the owner of the car, approached her in the classroom and informed her that the dog could not be left tied to the car. (Id.) Paoli reportedly stated, "I talked to people higher up and they said it was OK." (Id.) Eventually, Paoli complied with the officer's request to put the dog in the car with the windows down. (Id.)

Based on the foregoing record evidence, the court concludes that Paoli has not demonstrated a likelihood of success on the merits of her due process claim. Paoli was given written notice of the charges against her and was informed of her right to a hearing. She was aware of the scheduled hearing, yet did not attend the hearing because of her purported medical condition. Delaware Tech, however, has submitted documents allegedly revealing that Paoli was able to attend class during the time period that her doctor excused her from class. Accordingly, the court cannot conclude at this time that Paoli has demonstrated she is likely to prevail on her due process claim.[5]

---

is authentic, Paoli did not comply with the school's requirements for postponement of the hearing, because she never alleges that she faxed the medical excuse to Shirey before 9:00 a.m. on May 10, 2006.

[5] The court's conclusion is limited to this motion.

### B. Irreparable Harm

Once a court concludes that the movant has not shown a likelihood of success on the merits, it is unnecessary to then consider irreparable harm. *See Pitt News v. Fisher*, 215 F.3d 354, 366 (3d Cir. 2000); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 974 F. Supp. 459, 467 n. 3 (D.N.J. 1997). Nonetheless, even if the court considers the element of irreparable harm independently from Paoli's failure to establish a likelihood of success on the merits, the court concludes that Paoli cannot demonstrate irreparable harm. Paoli alleges that her education is being delayed. The court, however, is not persuaded that this alleged delay amounts to irreparable harm. Delaware Tech has a policy permitting Paoli to be readmitted. That is, in order to be readmitted Paoli must "provide written certification from a psychiatrist licensed to practice in the State of Delaware attesting to her mental fitness and ability to comply with all respects of the Violence-Free College Policy, the Drug-Free School and Workplace Policy and the standards of student conduct set forth in the Student Rights and Standards of Student Conduct Policy." (D.I. 14 at 40.) Paoli has not provided such written certification. Thus, Paoli has not demonstrated that she must be readmitted to Delaware Tech at present or she will be irreparably harmed.

### C. Harm to Defendants and the Public Interest

As for the remaining factors, the court concludes that the potential harm to Delaware Tech of granting injunctive relief neither weighs in favor of nor against injunctive relief, and the public interest is not served by granting an injunction where, as here, Paoli has not demonstrated a likelihood of success on the merits. Accordingly, the court concludes that the remaining factors do not weigh in favor of granting injunctive relief.

### III.    CONCLUSION

The court finds that Paoli has not satisfied her burden of demonstrating the necessity of injunctive relief. Paoli has not demonstrated a likelihood of success on the merits, nor that she will be irreparably harmed if an injunction is denied. Accordingly, the court cannot issue a preliminary injunction and will deny the plaintiff's motion.

Therefore, IT IS HEREBY ORDERED that:

1.    Paoli's Motion for Preliminary Injunction (D.I. 11) is DENIED.


Dated: January 25, 2008                    /s/ Gregory M. Sleet
                                           CHIEF, UNITED STATES DISTRICT JUDGE