IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA R. PAOLI, | : |
| Plaintiff, | : |
| v. | : C. A. NO. 06-462 |
| THE STATE OF DELAWARE and DELAWARE TECHNICAL AND COMMUNITY COLLEGE, | : JURY TRIAL DEMANDED |
| Defendants. | : |

**REPLY BRIEF IN SUPPORT OF
MOTION FOR RECONSIDERATION OF THE COURT'S
DECEMBER 18, 2007 MEMORANDUM OPINION AND ORDER [D.I. 30]**

**WHITE AND WILLIAMS LLP**
Marc S. Casarino (ID #3613)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: (302) 467-4520
Facsimile: (302) 467-4550
Attorneys for Defendant,
*Delaware Technical and Community College*

Dated: January 28, 2008

# **TABLE OF CONTENTS**

**Page**

Table of Authorities .................................................................................................... ii

Arguments

    I.   Plaintiff's Procedural Due Process Claim Fails For Lack of a
        Protected Interest .................................................................................... 1

Conclusion .................................................................................................................. 4

PHLDMS1 3907680v.1

# TABLE OF AUTHORITIES

## CASES

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410 (3d Cir. 1997) ........................................1

Christina R. Paoli v. University of Delaware, 695 F. Supp. 171 (D.Del. 1988)..............................2

Cospito v. Heckler, 742 F.2d 72 (3d Cir. 1984) ...............................................................................2

Cunningham v. Becker, 96 F. Supp. 2d 369 (D.Del. 2000)..............................................................2

Hurst v. City of Rehoboth Beach, 2006 WL. 416864 (D.Del. Feb. 21, 2006) .................................1

Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002) ..............................................................................1

Miree v. DeKalb County, Ga., 433 U.S. 25 (1977) .........................................................................1

Nicini v. Morra, 212 F.3d 798 (3d Cir. 2000)..................................................................................2

In re Rockefeller Center Properties Inc., 311 F.3d 198 (3d Cir. 2002) ..........................................1

Satterfield v. Brady, 2003 WL. 22953179 (D.Del. Dec. 9, 2003) ...................................................2

Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004)..................................................................................1

## STATUTES

Del. Code Ann. tit. 14, §202(a)........................................................................................................1

Del. Code Ann. tit. 14, §407(a)(1)...................................................................................................2

Del. Code Ann. tit. 14, §2701 .........................................................................................................2

Fed.R.Civ.P. 12(b)(6).......................................................................................................................1

Fed.R.Civ.P. 12(c) ...........................................................................................................................1

# ARGUMENTS

## I. PLAINTIFF'S PROCEDURAL DUE PROCESS CLAIM FAILS FOR LACK OF A PROTECTED INTEREST

Delaware Technical and Community College ("**Delaware Tech**"), pursuant to Fed.R.Civ.P. 12(c), tests the sufficiency of plaintiff, Christina R. Paoli's ("**Plaintiff**"), claim for violation of procedural due process rights. Such motion is governed by the same standard that governs a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).[1] Thus, the motion may be granted only if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief."[2] "The Court will accept well-pleaded allegations as true for the purposes of the motion, but will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations."[3]

In the instant matter, Plaintiff's complaint is nothing but unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations. She simply concludes that her procedural due process rights were violated because an administrative hearing proceeded in her absence. Such conclusion is predicated on the flawed assumption that Plaintiff had an interest in continuing her education at Delaware Tech sufficient to warrant adequate procedural due process before termination of that interest. However, since the existence of a protected interest is an essential element of her procedural due process claim, it cannot be assumed in the context of a Rule 12(c) motion that Plaintiff has sufficiently pleaded such claim.[4] As set forth in Delaware Tech's opening brief and later herein, Plaintiff does not

---

[1] Hurst v. City of Rehoboth Beach, 2006 WL 416864, *1 (D.Del. Feb. 21, 2006) (attached as Exhibit A) (citing Spruill v. Gillis, 372 F.3d 218, 223 n. 2 (3d Cir. 2004); Leamer v. Fauver, 288 F.3d 532, 535 (3d Cir. 2002)).
[2] Hurst, at *1 (quoting In re Rockefeller Center Properties Inc., 311 F.3d 198 (3d Cir. 2002)).
[3] Hurst, at *1 (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997); Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n. 2 (1977)).
[4] Indeed, Delaware Tech respectfully suggests that to assume the existence of an essential element of a claim was sufficiently pleaded eviscerates Fed.R.Civ.P. 12(c), which is designed to test whether a claim is sufficiently pleaded within the four corners of a complaint.

have a protected interest in continuing her post-secondary education at Delaware Tech and accordingly her procedural due process claim fails as a matter of law.

"To establish a § 1983 violation, a plaintiff must 'demonstrate a violation of a right protected by the Constitution ... that was committed by a person acting under the color of state law.'"[5] "The 'first step in evaluating a Section 1983 claim is to identify the exact contours of the underlying right said to have been violated and to determine whether the plaintiff has alleged a deprivation of a constitutional right at all.'"[6]

> A due process claim consists of three elements: (1) defendants must deprive plaintiff of an interest protected by law; (2) that deprivation must be the result of some governmental action; and (3) the deprivation must be without due process.[7] As to the first element, this court has recognized that "a plaintiff must demonstrate that he or she was deprived of a life, liberty or property interest."[8]

In other words, Plaintiff must identify a protected interest that springs from state law. Delaware law does not provide a right, entitlement or interest in post-secondary education. Delaware law provides only for a "free" public education to persons who are age 5 years through 20 years when they are attending kindergarten through grade 12.[9]

Neither Plaintiff's complaint nor responsive brief demonstrates a protected interest in post-secondary education at Delaware Tech. Perhaps this is because Plaintiff realizes that there is no such protected interest based on past experience with the University of Delaware. In Christina R. Paoli v. University of Delaware, 695 F.Supp. 171 (D.Del. 1988), the Plaintiff made a claim for violation of her due process rights because the University of Delaware allegedly did not permit her to take a certain course at the time Plaintiff desired because Plaintiff had failed a

---

[5] Satterfield v. Brady, 2003 WL 22953179, *2 (D.Del. Dec. 9, 2003) (attached as Exhibit B) (quoting Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000).
[6] Id.
[7] Satterfield at *2 (citing Cospito v. Heckler, 742 F.2d 72, 80 (3d Cir. 1984)).
[8] Satterfield at *2 (citing Cunningham v. Becker, 96 F.Supp.2d. 369, 374 (D.Del. 2000)).
[9] See DEL. CODE ANN. tit. 14, §202(a) and §2701. Notably, such attendance is subject to the student complying with the school's conduct code. DEL. CODE ANN. tit. 14, §407(a)(1).

course that was a prerequisite to the desired course. In dismissing the Plaintiff's due process claim, the Court held that Plaintiff "enjoyed no property interest in completing the optional scholastic Program at the University at the time of her choosing."[10] Similarly, Plaintiff has no property interest in attendance at Delaware Tech sufficient to trigger procedural due process protection.

---

[10] 695 F.Supp. 171 at 174.

## CONCLUSION

Plaintiff failed to plead an essential element of her due process claim. That is, Plaintiff has not identified a property interest or entitlement to an education at Delaware Tech that is protected by the Fourteenth Amendment's due process requirements. It is improper to assume that Plaintiff has sufficiently plead an essential element of her claim in the context of a Rule 12(c) motion.

In any event, Delaware law does not give rise to an entitlement or property interest in an education at Delaware Tech. Because there is no such interest, Plaintiff cannot maintain a claim for procedural due process with respect to the disciplinary proceedings that resulted in her suspension from Delaware Tech. For these reasons, count III of the complaint must be dismissed as to Delaware Tech.

Respectfully submitted,

WHITE AND WILLIAMS LLP

BY: /s/ Marc S. Casarino
Marc S. Casarino (ID #3613)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: (302) 467-4520
Facsimile: (302) 467-4550
Attorneys for Defendant,
*Delaware Technical and Community College*

Dated: January 29, 2008

# EXHIBIT A

PHLDMS1 3311710v.1

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 416864 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

►Hurst v. City of Rehoboth Beach
D.Del.,2006.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Jerry A. HURST, Plaintiff,
v.
CITY OF REHOBOTH BEACH, et al., Defendants.
No. Civ.A.03-362-KAJ.

Feb. 21, 2006.

Jerry A. Hurst, Arlington, Virginia, pro se.
Colin M. Shalk, Casarino, Christman & Shalk, P.A., Wilmington, Delaware, for defendants City of Rehoboth Beach and Walter Speakman.
Kevin J. Connors, and Thomas J. Gerard, Marshall, Dennehey, Warner, Coleman & Groggin, Wilmington, Delaware, for defendants Keith Banks, Paul Parsons, Jaime Riddle, Michael Armstrong, Collette Sutherland, Bonnie Ladd, Eric Glasco, Nicole Reynolds, John Bushey, and Frances Bucci.
Roger D. Landon, Murphy, Spadaro & Landon, Wilmington, Delaware, for defendant John Wothers.
Roger D. Landon, Murphy, Spadaro & Landon, Wilmington, Delaware and Philip Thomas Edwards, Philip Thomas Edwards, Wilmington, Delaware, for defendant Tammie Morrison.
Bruce C. Herron, Akin & Herron, P.A., Wilmington, Delaware, for defendants Sussex County, R.N. Whittle, Dr. Bums, Two Unknown Correctional Officers, P. Harrison, B.A. Gunter, M.D., and Hubert Pey.
Bruce C. Herron, Akin & Herron, P.A., Wilmington, Delaware and Stuart B. Drowos, Department of Justice, Wilmington, Delaware, for defendants Sussex Correctional Institution and Rick Kearney.
Louis J. Rizzo, Jr., Reger & Rizzo, LLP, Wilmington, Delaware, for defendants Atlantic Sands Hotel and Conference Center, Rick Perez, and Sean Miller.

MEMORANDUM OPINION

JORDAN, J.

I. INTRODUCTION

*1 Plaintiff Jerry A. Hurst ("Hurst"), who proceeds *pro se,* brings this civil rights action pursuant to 42 U.S.C. § 1983. He also invokes 18 U.S.C. § 242, a criminal statute that establishes criminal liability for certain deprivations of civil rights under color of law. Hurst brings this suit against a number of defendants, many of whom have now been dismissed. (*See* Docket Item [D.I. 118, 119.) He seeks compensatory and punitive damages, attorney's fees, an award of his costs of suit, and other relief as the Court deems appropriate.

The defendants remaining in the case are the City of Rehoboth Beach, Paul Parson, Jaime Riddle, Michael Armstrong, Tammie Morrison, and the Department of Correction's Sussex Correctional Institution. Now before me is a **motion** to dismiss pursuant to Fed.R.Civ.P. **12(c)** filed by the defendant Department of Correction's Sussex Correctional Institution ("SCI") (D.I.124), Hurst's response (D.I.125), and SCI's reply (D.I.126).

II. **STANDARD** OF REVIEW

A **motion** for a **Rule 12(c)** judgment on the pleadings is governed by the same **standard** that governs **Rule 12(b)(6)motions** to dismiss. *See Spruill v. Gillis,* 372 F.3d 218, 223 n. 2 (3d Cir.2004); *Leamer v. Fauver,* 288 F.3d 532, 535 (3d Cir.2002)."A **motion** to dismiss pursuant to **Rule 12(b)(6)** may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief."*In re Rockefeller Center Properties Inc.,* 311 F.3d 198 (3d Cir.2002). The Court will accept well-pleaded allegations as true for the purposes of the **motion,** but will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429 (3d Cir.1997); *Miree v. DeKalb County, Ga.,* 433 U.S. 25, 27 n. 2 (1977).

III. DISCUSSION

SCI moves for judgment on the pleadings on the basis that it is immune from liability under the Eleventh Amendment. (D.I.124.) Hurst contends that SCI has abrogated and/or waived its Eleventh Amendment immunity, and is, therefore, amenable to suit. (D.I.125.) In his reply Hurst also contests my

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 2
Not Reported in F.Supp.2d, 2006 WL 416864 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

March 31, 2005, order that dismissed several State defendants and claims. I shall not discuss here any of Hurst's arguments that do not pertain to the issue raised in SCI's **motion** to dismiss, that issue being whether SCI is immune from suit based upon the Eleventh Amendment.

The Eleventh Amendment shields states from suits by individuals absent their consent. *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54 (1996). The Eleventh Amendment, however, permits suits for prospective injunctive relief against state officials acting in violation of federal law. *Ex parte Young,* 209 U.S. 123 (1908)."This **standard** allows courts to order prospective relief, as well as measures ancillary to appropriate prospective relief."*Frew v. Hawkins,* 540 U.S. 431, 437 (2004) (internal citations omitted)."Federal courts may not award retrospective relief, for instance money damages or its equivalent, if the State invokes its immunity."*Id.* (citations omitted).

*2 The Delaware Department of Corrections is an agency of the State of Delaware. The complaint seeks only monetary damages, and the State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Department of Corrections,* 749 F.Supp. 572, 579 (D.Del.1991). Hence, as an agency of the State of Delaware, the Department of Corrections is entitled to immunity under the Eleventh Amendment. *See e.g. Evans v. Ford,* C.A. No. 03-868-KAJ, 2004 WL 2009362, *4 (D.Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity).

Hurst's position that SCI waived and/or abrogated its Eleventh Amendment immunity is not-well taken. The law is clear that under the Eleventh Amendment SCI is immune from suit for monetary damages.

IV. CONCLUSION

Accordingly, SCI's **motion** to dismiss pursuant to Fed.R.Civ.P. 12(c) (D.I.124) will be granted. An appropriate order will follow.

D.Del.,2006.
Hurst v. City of Rehoboth Beach
Not Reported in F.Supp.2d, 2006 WL 416864 (D.Del.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B

Westlaw.

Not Reported in F.Supp.2d                                                                                       Page 1
Not Reported in F.Supp.2d, 2003 WL 22953179 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

CSatterfield v. Brady
D.Del.,2003.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Charles M. SATTERFIELD, III, in his individual capacity and as Administrator of The Estates of Daniel Oldroyd, deceased, and Amelia Annie (Vercoe) Oldroy, deceased, Plaintiff,
v.
M. Jane BRADY, in her individual capacity and as Attorney General Of the State of Delaware; William M. Remington, in his individual capacity and as State Escheator Of the State of Delaware; and J. Patrick Hurley, in his individual capacity and as Deputy Attorney General of the State of Delaware, Defendants.
No. Civ.A. 03-598-SLR.

Dec. 9, 2003.

Charles M. Satterfield, III, Houston, Texas. Plaintiff, pro se.
Allison E. Reardon, Department of Justice, Wilmington, Delaware, for Defendants.

MEMORANDUM OPINION
ROBINSON, Chief J.

I. INTRODUCTION

*1 Plaintiff Charles M. Satterfield, III filed this action on June 25, 2003 against Jane M. Brady in her individual capacity and as Attorney General of the State of Delaware ("Brady"), William M. Remington in his individual capacity and as State Escheator of the State of Delaware ("Remington"),[FN1] and J. Patrick Hurley in his individual capacity and as Deputy Attorney General of the State of Delaware ("Hurley") (hereinafter collectively referred to as ("defendants"). (D.I.1) Plaintiff's complaint asserts claims under 42 U.S.C. § 1983 for the deprivation of constitutional rights under color of state law in violation of the Fourteenth Amendment to the United States Constitution and for violations of Delaware escheat laws. (Id.) In response to plaintiff's complaint, defendants filed a motion to dismiss on July 10, 2003. (D.I.3) Shortly thereafter, on August 8, 2003, in response to notice of depositions served by plaintiff, defendants filed a motion to stay discovery pending the outcome of their motion to dismiss. (D.I.13) Both defendants' motions are currently before the court.[FN2] The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. For the reasons that follow, the court grants defendants' motion to dismiss and denies defendants' motion to stay discovery as moot.

FN1. As of this time, service has not been effected upon defendant Remington. The Attorney General of the State of Delaware, however, asserts that she will defend Remington on the same grounds as stated herein if and when he is properly served.

FN2. On August 18, 2003, plaintiff filed a notice of subpoena with the court and served it on Patrick Carter ("Carter") of the Delaware State Division of Revenue to appear for a deposition. (D.I.11) Thereafter, plaintiff received a letter from Carter's counsel, Allison E. Reardon ("Reardon") indicating that he would not attend the deposition pending the court's decision on the defendants' **motion** to **dismiss**. (D.I.23) In response to this letter plaintiff filed a **motion** for sanctions against Reardon on September 29, 2003. (D.I.25) No **supporting** brief was filed in conjunction with this **motion**. The court does not require briefing to resolve this **motion** and denies it as being without merit.

II. BACKGROUND

Plaintiff has been trying for many years to recover the current value of common stock originally purchased by his great-grandfather, Daniel Oldroyd ("Oldroyd"). (D.I.1) The stock certificate, representing fifty shares of $1.00 par value stock, was originally issued to Oldroyd on March 19, 1929 by E.L. Smith Oil Company, Inc. ("Smith Oil").(Id.) Almost a decade later, in 1938, Smith Oil merged with Lion Oil and Refining Company ("Lion Oil").(Id. at ¶ 11) In 1955, Lion Oil merged with Monsanto Company ("Monsanto").(Id.) Each of these companies incorporated under the laws of the State of Delaware.(Id. at ¶ 8, 11)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 2
Not Reported in F.Supp.2d, 2003 WL 22953179 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Plaintiff alleges that Monsanto is in possession of his "unexchanged" or "unclaimed" interest in the Smith Oil stock certificate. (*Id.* at ¶ 12) As a result of this belief, plaintiff initiated an action directly against Monsanto in an effort to recover the current value of this certificate. (*Id.* at ¶ 13) In September of 1999, plaintiff contacted the Office of the Attorney General and spoke with Hurley to request the State's assistance with his litigation.(*Id.*). The State decided not to intervene with plaintiff's litigation against Monsanto. (D.I.4).[FN3]

> FN3. The court held in its August 1st, 2003 order that because defendants relied upon an affidavit in **support** of their **motion** to **dismiss**, the averments of fact in the affidavit shall be accepted as true, pursuant to Fed.R.Civ.P. 56(e), for the purpose of deciding the **motion** to **dismiss** unless the plaintiff timely files a counter-affidavit or statement under penalty of perjury refuting said averments. (D.I.6) Plaintiff has not filed such a counter-affidavit.

### III. STANDARD OF REVIEW

By order dated August 1, 2003, the court held that because matters outside the pleadings were presented to the court in support of defendants' motion to dismiss, the court intended to review the motion as one for summary judgment pursuant to Fed.R.Civ.P. 12(b) and 56(b). (D.I.6) A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Fed.R.Civ.P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. See*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n. 10 (1986).

*2 "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."*Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 302 n. 1 (3d Cir.1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.' " *Matsushita*, 475 U.S. at 587 (quoting Fed.R.Civ.P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the **motion**." *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir.1995). The mere existence of some evidence in **support** of the nonmoving party, however, will not be sufficient for denial of a **motion** for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If the nonmoving party **fails** to make a sufficient showing on an **essential element** of his case with respect to which he has the burden of proof, then the moving party is entitled to judgment as a matter of law. See*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### IV. DISCUSSION

Section 1983 imposes liability on any person who, under color of state law, deprives another of any rights secured by the Constitution or the laws of the United States. See42 U.S.C. § 1983 (1996). To establish a § 1983 violation, a plaintiff must "demonstrate a violation of a right protected by the Constitution ... that was committed by a person acting under the color of state law."*Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir.2000). The "first step in evaluating a Section 1983 claim is to identify the exact contours of the underlying right said to have been violated and to determine whether the plaintiff has alleged a deprivation of a constitutional right at all."*Id.* Plaintiff at bar alleges that defendants, under color of state law, violated his rights to **due process** and to equal protection as guaranteed by the Fourteenth Amendment by **failing** to file suit against Monsanto under Delaware escheat laws. (D.I. 1 at ¶¶ 40, 41)

Before addressing plaintiff's **due process** and equal protection **claims**, the court recognizes that the Eleventh Amendment bars § 1983 **claims** against state officials sued in their official capacities. See*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, the court **dismisses** plaintiff's § 1983 **claims** against defendants in their official capacities. The court focuses the instant opinion on plaintiff's **claims** against defendants in their individual capacities.

#### A. Due Process Claim

Not Reported in F.Supp.2d                                                                                                         Page 3
Not Reported in F.Supp.2d, 2003 WL 22953179 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

The court finds that plaintiff **fails** to state a **claim** for a violation of his **dueprocess** rights. A **dueprocessclaim** consists of three **elements**: (1) defendants must deprive plaintiff of an interest protected by law; (2) that deprivation must be the result of some governmental action; and (3) the deprivation must be without **dueprocess**. See*Cospito v. Heckler,* 742 F.2d 72, 80 (3d Cir.1984). As to the first **element**, this court has recognized that "a plaintiff must **demonstrate** that he or she was deprived of a life, liberty or property interest."See*Cunningham v. Becker,* 96 F.Supp.2d 369, 374 (D.Del.2000).

*3 While plaintiff **claims** that he has been deprived of a property interest, namely the unclaimed shares of stock, the United States District Court for the Southern District of New York ruled that he does not have a property interest in the shares of stock. See*Satterfield v. Monsanto Company and Solutia, Inc.,* 88 F.Supp.2d 288 (S.D.N.Y.2000), *aff'd,*238 F.3d 217 (2d. Cir.2001), *cert. denied,*533 U.S. 956 (2001). As a result of this decision, the court finds that plaintiff **fails** to show the first **element** requisite to a **dueprocessclaim**. The court, therefore, need not consider the remaining two **elements** and grants defendants' **motion** for summary judgment as to plaintiff's **dueprocessclaim**.

B. Equal Protection **Claim**

The court also finds that plaintiff **fails** to state an equal protection **claim** against the defendants. "To prevail on an equal protection **claim**, a plaintiff must present evidence that s/he has been treated differently from persons who are similarly situated."See*Williams v. Morton,* 343 F.3d 212, 221 (3d Cir.2003). In the present case, plaintiff does not present any evidence that he has been treated any differently from persons similarly situated.[FN4] Accordingly, the court finds that plaintiff fails to meet his burden with regard to his equal protection claim. The court grants defendants' motion for summary judgment as to plaintiff's equal protection claim.

> FN4. The essence of plaintiff's equal protection claim is that because the State of Delaware failed to exercise its power under the State's escheat law, plaintiff was not afforded the same treatment as other owners of unclaimed property. However, plaintiff points out in his own brief that he has found no evidence of Delaware's escheat law being applied to unclaimed stock allegedly in the hands of Delaware corporations. Therefore, by making the decision not to intervene in plaintiff's litigation or to initiate an escheat of unclaimed stock, the State of Delaware actually treated plaintiff in a manner consistent with the other owners of unclaimed stock.

V. CONCLUSION

For the reasons stated, the court grants defendants' motion to dismiss, denies defendants' motion to stay discovery as moot, and denies plaintiff's motion for sanctions as lacking merit. An appropriate order shall issue.

ORDER

At Wilmington this 9th day of December, 2003, consistent with the memorandum opinion issued this same day;

IT IS ORDERED that:

1. Defendants' motion to dismiss (D.I.3) is granted.

2. Defendants' motion to stay discovery (D.I.13) is denied as moot.

3. Plaintiff's motion for sanctions (D.I.25) is denied as being without merit.

D.Del.,2003.
Satterfield v. Brady
Not Reported in F.Supp.2d, 2003 WL 22953179 (D.Del.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTINA R. PAOLI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. NO. 06-462 |
| | : | |
| THE STATE OF DELAWARE and | : | JURY TRIAL DEMANDED |
| DELAWARE TECHNICAL AND | : | |
| COMMUNITY COLLEGE, | : | |
| | : | |
| Defendants. | | |

### CERTIFICATE OF SERVICE

I, Marc S. Casarino, Esquire, do hereby certify that on this 29th day of January, 2008, the foregoing **Reply Brief in support of Motion for Reconsideration of the Court's December 18, 2007 Memorandum Opinion and Order [D.I. 30]** was served upon the following via First Class Mail, postage prepaid:

Ms. Christina R. Paoli  
600 Third Street  
Rehoboth, DE 19971

Marc P. Niedzielski, Esquire  
Department of Justice  
820 N. French Street, 6th Floor  
Wilmington, DE 19801

WHITE AND WILLIAMS LLP

BY: /s/ Marc S. Casarino  
Marc S. Casarino (ID #3613)  
824 N. Market Street, Suite 902  
P.O. Box 709  
Wilmington, DE 19899-0709  
Phone: (302) 467-4520  
Facsimile: (302) 467-4550  
Attorneys for Defendant,  
*Delaware Technical and Community College*