## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

CHRISTINA R. PAOLI,                    :
                                       :
               Plaintiff,    :
                                       :
     v.                      :    C. A. NO. 06-462
                                       :
THE STATE OF DELAWARE and              :    JURY TRIAL DEMANDED
DELAWARE TECHNICAL AND                 :
COMMUNITY COLLEGE,                     :
                                       :
              Defendants.    :

## OBJECTION TO PLAINTIFF'S REQUEST FOR STAY
## BY DEFENDANT DELAWARE TECHNICAL AND COMMUNITY COLLEGE

Defendant, Delaware Technical and Community College ("**Delaware Tech**"), by and through its counsel, White and Williams LLP, hereby objects to the April 28, 2008 request for a stay of this matter by Plaintiff, Christina Paoli ("**Plaintiff**"), as follows:

1.    Plaintiff filed this action, *pro se*, on July 28, 2006 [D.I. 1].

2.    Delaware Tech filed its answer to Plaintiff's complaint [D.I. 7] on October 30, 2007.

3.    By Order dated December 18, 2007 [D.I. 30], this Court dismissed all Counts of Plaintiff's complaint against Delaware Tech except for Count III pertaining to an alleged deprivation of due process.

4.    On March 6, 2008, Delaware Tech served its first set of interrogatories, requests for production, and requests for admissions (collectively, "**the Discovery**").

5.    Plaintiff's responses to the Discovery were due on or before April 7, 2008. Delaware Tech's counsel contacted Plaintiff when her responses to the Discovery were overdue and was advised by Plaintiff that due to an error with her mail carrier the Discovery was not

received by Plaintiff.  Giving Plaintiff the benefit of the doubt, Delaware Tech agreed to give Plaintiff until May 16, 2008 to respond to the Discovery.

6.    On or about April 28, 2008, Plaintiff called Delaware Tech's undersigned counsel and advised that due to unidentified medical reasons Plaintiff could not respond to the Discovery and would seek a stay of this matter from the Court.  The undersigned advised Plaintiff that Delaware Tech would consider Plaintiff's submission to the Court and respond accordingly. Plaintiff's April 28, 2008 handwritten letter to the Court claims a medical inability to respond to the Discovery and seeks a continuance of this matter until "August of 2008."

7.    Whether to grant such a stay is within the discretion of the Court.  <u>CGB Occupational Therapy, Inc. v. RHA Health Services, Inc.</u>, 357 F.3d 375, 390-91 (3rd Cir. 2004). Delaware Tech respectfully suggests that there has been an insufficient showing of cause to stay this matter at all, and certainly not until August, 2008.  There is no reason why the Discovery cannot be answered by the current response deadline.

8.    First, Plaintiff's own submission indicates that she is capable of returning to work as of May 3, 2008.  *See*, Excuse Slip by Dr. J. Eric Hale noting "RTW 5/3/08." Thus, Plaintiff has submitted no proof of medical disability or other basis for why this matter should be delayed any further.  Second, Plaintiff has offered no support beyond her own speculation that she is incapable of responding to the Discovery before the current response deadline.

9.    Delaware Tech is concerned by Plaintiff's claims that an unspecified medical condition precludes Plaintiff from participating in this matter.  Delaware Tech's concern arises because such claims appear to be raised only when Plaintiff is obligated to do something in this matter that she deems undesirable, such as showing up for the on-campus Zero-Tolerance Committee hearing and responding to the Discovery.

10.    Plaintiff is quite familiar with the litigation process, having represented herself in at least eight (8) matters from 1988 through the present, such as:

- Paoli v. University of Delaware, 695 F.Supp 171 (D.Del. 1988);

- Paoli v. Jones, 1997 WL 1737108 (Del. Com. Pl. Apr. 11, 1987)(Attached as Exhibit 1).

- Paoli v. Lankford, 2005 WL 1953076 (Del. Super. July 12, 2005)(Attached as Exhibit 2).

- Paoli v. Malkiewicz, 2005 WL 2838122 (Del. Com. Pl. Oct. 28, 2005)(Attached as Exhibit 3).

- Paoli v. DiMatteo, 2006 WL 38360 (Del. Com. Pl. Jan. 4, 2006)(Attached as Exhibit 4).

- Paoli v. Whispering Pines, 2006 WL 2165690 (Del. Com. Pl. July 31, 2006)(Attached at Exhibit 5).

- Paoli v. Sun Communities, 933 A.2d 1250 (Del. 2007);

- Paoli v. Glenn, 2007 WL 5007319 (Del. Super. Jan. 29, 2008)(Attached as Exhibit 6);

In Paoli v. Glenn, the court noted that Plaintiff delayed the proceedings with repeated requests for continuances. *See* Footnote 1. In Paoli v. DiMatteo, Plaintiff also claimed to have not received pleadings due to some problem with her mail delivery. Plaintiff has dragged Delaware Tech into this litigation, which has been pending for almost two (2) years. While Delaware Tech is mindful that medical issues do occur, there does not appear to be a legitimate basis to delay this litigation any longer and certainly no basis for Plaintiff not to respond to the Discovery when due.

**WHEREFORE**, Delaware Technical and Community College respectfully requests that this Honorable Court deny Plaintiff Christina R. Paoli's request for a stay of this matter.

Respectfully submitted,

Dated: May 6, 2008

**WHITE AND WILLIAMS LLP**

By: _____

MARC S. CASARINO (#3613)
824 North Market Street, Suite 902
P. O. Box 709
Wilmington, DE  19899-0709
(302) 467-4520

Attorneys for Defendant *Delaware Technical and Community College*

Exhibit 1

Westlaw.

Not Reported in A.2d
Page 1
Not Reported in A.2d, 1997 WL 1737108 (Del.Com.Pl.)
**(Cite as: Not Reported in A.2d, 1997 WL 1737108)**

**Christina PAOLI**, Plaintiff v. Garfield R. JONES and S. Evelyn HOLLAND-JONES, Defendants.
ZYDE
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Court of Common Pleas of Delaware, New Castle County.
**Christina PAOLI**, Plaintiff
v.
Garfield R. JONES and S. Evelyn HOLLAND-JONES, Defendants.
**C.A. No. 95-06-183**

Date Submitted: March 18, 1997
Date Decided: April 11, 1997

<u>Susan E. Kaufman</u>, Heiman, Aber & Goldlust Attorney for Plaintiff
<u>Leo John Ramunno</u>, Attorney for DefendantsArthur F. DiSabatino, Chief Judge

**OPINION AFTER TRIAL**

**\*1** In July, 1994, plaintiff and defendants entered into three interrelated agreements, a Residential Rental Lease, a Lease Purchase Agreement and an Agreement of Sale. The net effect of these three agreements was that the plaintiff, owner of the premises at 406 Stanton Road, Wilmington, leased the premises to the defendants effective July 9, 1994, together with an option to purchase the premises for $139,900 at anytime within three years of July 9, 1994.

The dispute which brings the parties before the Court concerns the Lease terms. The Lease was for one year beginning July 9, 1994 and ending July 8, 1995. The Lease further provided that it would be automatically renewed "from year to year for an additional two years ... under terms of paragraph 8", which provides that the parties agree to extend to each other at least sixty days prior written notice of their intention to terminate the lease at the end of the lease period or any renewal thereof.

It is undisputed that the defendants/tenants gave the plaintiff/landlord less than sixty days' notice of their intention to vacate the premises on July 8, 1995, one year later. Nevertheless, defendants contend that the termination clause is in conflict with <u>25 Del.C. §5108</u> and is therefore unenforceable. That Section provides:

Where a rental agreement, other than for a farm unit, is for one or more years, and sixty days or upward before the end of the term either the landlord does not give notice in writing to the tenant of landlord's intention to terminate the rental agreement and the tenant does not give forty-five days' notice to the landlord of tenant's intention to terminate the rental agreement, the term shall be month to month, and all other terms of the rental agreement shall continue in full force and effect.

The net effect of <u>§5108</u> is to nullify automatic renewal provisions, such as the one that appears in the Lease between the parties to this action. Thus, the court finds the automatic renewal provision in this case to be unenforceable.

The Court is not persuaded by the plaintiff's argument that all three of the agreements should be read together as a lease/option/purchase deal which is somehow exempt from the provisions of the Landlord Tenant Code. In the first place, this is a residential lease that the Court is construing, and the parties not only called it a lease, but thereafter treated each other as landlord and tenants. The fact that two other agreements existed between the parties, one designated a Lease Purchase, and the other designated an Agreement of Purchase, does not somehow render this something other than a lease of a residential property for a term of one year. As a result, the plaintiff is not entitled to treat the Lease as continuing for an additional year. Plaintiff failed to establish by a preponderance of the evidence that any back rent is due.

**\*2** There is a further issue to be decided. Plaintiff claims that defendants severely damaged the premises during their occupancy. A number of

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                           Page 2
Not Reported in A.2d, 1997 WL 1737108 (Del.Com.Pl.)
**(Cite as: Not Reported in A.2d, 1997 WL 1737108)**

photographs were submitted showing the condition of the premises before and after the tenancy. The "before" photos show the premises in good condition. The "after" photos show damage that exceeds normal wear and tear.

The photographs are helpful to the Court in resolving the factual conflict. Clearly, there has been damage to the premises, and I find that the damage occurred during the defendant's tenancy.

Plaintiff presented testimony of a builder/home remodeler with more than twenty years of experience who testified that the estimated cost to bring the premises into good condition would be $7,680. The Court, while convinced that some repairs are needed, find that the credible evidence supports a damage claim of $4,000.

The Clerk is directed to enter judgment for the plaintiff for $4,000 plus costs.

ZYDE
Christina PAOLI, Plaintiff v. Garfield R. JONES and S. Evelyn HOLLAND-JONES, Defendants.
Not Reported in A.2d, 1997 WL 1737108 (Del.Com.Pl.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Exhibit 2

Westlaw.

Not Reported in A.2d                                                                      Page 1
Not Reported in A.2d, 2005 WL 1953076 (Del.Super.)
**(Cite as: Not Reported in A.2d, 2005 WL 1953076)**

Paoli v. Lankford
Del.Super.,2005.
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.

Superior Court of Delaware.
PAOLI
v.
LANKFORD and Green
**No. Civ.A. 04A-08-001ESB.**

Submitted April 20, 2005.
Decided July 12, 2005.

**Christina Paoli**, Rehoboth Beach, DE, pro se.
Cathi Green, Millsboro, DE, pro se.
Kim Lankford, Millsboro, DE, pro se.
Dear Mss. Paoli, Lankford, and Green:
BRADLEY, J.
*1 This is my decision on appellant **Christina
Paoli's** ("Paoli") appeal of the Court of Common
Pleas' dismissal of her complaint against appellees
Kim Lankford ("Lankford") and Cathi Green
("Green"). Paoli sued Lankford and Green in the
Justice of the Peace Court ("J.P.Court"), alleging that
they had stolen her mobile home. The J.P. Court
dismissed Paoli's complaint after a trial. Paoli
appealed the dismissal to a three-judge J.P. Court
panel, which also dismissed Paoli's complaint. Paoli
appealed the dismissal to the Court of Common
Pleas, which, after a trial de novo, also dismissed
Paoli's complaint. Paoli has now appealed this most
recent dismissal to the Superior Court.

STATEMENT OF THE CASE

This case arises out of the sale and alleged rental of a
mobile home originally owned by Paoli. Paoli agreed
in late 2001 or early 2002 to sell the mobile home to
Lankford for $7,500, which was due on February 1,
2002. Paoli testified that Lankford and Green moved
into the mobile home in December 2001 and were
supposed to pay her $700 per month in rent until the
sale was completed. Lankford and Green moved out
of the mobile home in August 2002. Paoli also

testified that Lankford never paid her any money for
the mobile home. Lankford testified that she did pay
$7,500 for the mobile home and that she and Green
never agreed to pay rent to Paoli. Lankford did
produce, at trial, a Bill of Sale, dated February 12,
2002, which was signed by Paoli, as "Seller," and
Lankford, as "Purchaser." The Bill of Sale stated, in
part, that Paoli was, as of February 1, 2002, no longer
the legal owner of the mobile home. Lankford also
provided a State of Delaware Certificate of Title for
the mobile home dated March 6, 2002.

The Court of Common Pleas, after stating that Paoli
had the burden to establish the landlord-tenant
relationship, ruled in favor of Lankford and Green,
reasoning that since Lankford had a Bill of Sale and
Certificate of Title for the mobile home for the
alleged rental period that Paoli had failed to establish
that there ever was a landlord-tenant relationship
between the parties.

STANDARD OF REVIEW

When reviewing an appeal from the Court of
Common Pleas, this Court reviews the decision in the
same manner as the Supreme Court would consider
an appeal.[FN1] The function of the Court is to "correct
errors of law and to review the factual findings of the
court below to determine if they are sufficiently
supported by the record and are the product of an
orderly and logical deductive process."[FN2]First, errors
of law are reviewed de novo.[FN3]Second, "if
substantial evidence exists for a finding of fact, this
Court must accept that ruling, as it must not make its
own factual conclusions, weigh evidence, or make
credibility determinations."[FN4]"Substantial evidence"
means "such relevant evidence as a reasonable mind
might accept as adequate to support a
conclusion."[FN5]Substantial evidence is more than a
scintilla but less than a preponderance.[FN6]

FN1.*Fiori v. State,* 2004 WL 1284205, at *1
(Del.Super.Ct.).

FN2.*State v. Harris,* 1993 Del.Super. LEXIS
481, at *2 *citing Levitt v. Bouvier,* 287 A.2d
671, 673 (Del.1972).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                          Page 2
Not Reported in A.2d, 2005 WL 1953076 (Del.Super.)
(Cite as: Not Reported in A.2d, 2005 WL 1953076)

FN3.*Downs v. State,* 570 A.2d 1142, 1144 (Del.1990).

FN4.*Fiori,* 2004 WL at *1 citing *Johnson v. Chrysler,* 213 A.2d 64 (Del.1965).

FN5.*Olney v. Cooch,* 425 A.2d 610, 614 (Del.1981).

FN6.*Id.*

### DISCUSSION

*2 Paoli set forth six grounds for relief in her notice of appeal. However, Paoli did not, in her briefs, pursue these arguments. Instead, she simply restated the facts as she saw them and argued that she should prevail. Therefore, I will consider the six grounds for relief to have been abandoned by Paoli.

Superior Court Civil Rule 72(g) describes the procedure by which the Superior Court is to review an appeal. It states, "[a]ppeals shall be heard and determined by the Superior Court from the record of the proceedings below, except as may be otherwise expressly provided by statute."FN7This Court's job is to make sure the decision below was based upon substantial facts. At trial, Lankford presented to the Court of Common Pleas a notarized Bill of Sale and a Certificate of Title to the mobile home that covered the alleged rental period. While there are many inconsistencies and conflicts in the testimony of both Paoli and Lankford, the evidence presented by Lankford is more than adequate to support the Court of Common Pleas' decision that Paoli had failed to establish a landlord-tenant relationship. The Bill of Sale and Certificate of Title showing Lankford as the owner of the mobile home is simply inconsistent with Paoli's claim that she was the owner of the mobile home and that she was renting it to Lankford and Green.

FN7. Sup.Ct. Civ. R. 72(g).

### CONCLUSION

The Court of Common Pleas' decision is affirmed.

IT IS SO ORDERED.

Del.Super.,2005.
Paoli v. Lankford
Not Reported in A.2d, 2005 WL 1953076 (Del.Super.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Exhibit 3

Westlaw.

Not Reported in A.2d                                                                    Page 1
Not Reported in A.2d, 2005 WL 2838122 (Del.Com.Pl.)
**(Cite as: Not Reported in A.2d, 2005 WL 2838122)**

Paoli v. Malkiewicz
Del.Com.Pl.,2005.
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.

Court of Common Pleas of Delaware.
**Christina PAOLI**, Plaintiff/Appellant
v.
Michael MALKIEWICZ, Defendant/Appellee
**No. Civ.A. 04-12-077.**

Submitted Sept. 30, 2005.
Decided Oct. 28, 2005.

**Christina Paoli**, Plaintiff/Appellant, pro se.
Michael Malkiewicz, Defendant/Appellee, pro se.

DECISION ON APPEAL FROM
COMMISSIONER'S RECOMMENDATION

CLARK, J.
**\*1** Plaintiff **Christina Paoli** appeals the
Commissioner's recommendation that her complaint
on *de novo* appeal from the Justice of the Peace Court
be dismissed.

BACKGROUND

Plaintiff filed the complaint in this action against
Defendant, a member of the Delaware Bar, alleging
that Defendant's representation of his client in several
actions between his client and Plaintiff damaged her
in that it caused her stress and caused her to incur
attorney's fees in litigating those matters. Defendant
moved for judgment on the pleadings or, in the
alternative, for dismissal for failure to state a claim
upon which relief may be granted. After a hearing on
April 11, 2005, on April 13, 2005 the Commissioner
of this Court issued his Report recommending that
the motion to dismiss be granted, upon his finding
that the complaint failed to state a claim upon which
relief could be granted. On April 25, 2005, the
Commissioner deemed a letter from Plaintiff to be
motion for reargument. The Commissioner reviewed
and reiterated his previous findings in more detail,

and denied the motion. The Plaintiff appeals from the
Commissioner's findings and recommendations,
pursuant to this Court's Civil Rule 112(A)(4)(ii).

STANDARD OF REVIEW

A recommendation to dismiss a complaint for failure
to state a claim is a case-dispositive matter. When
reviewing case-dispositive matters the Judge of the
Court reviews the Commissioner's decision *de
novo.*CCP Civ. R. 112(A)(4)(iv).

DISCUSSION

The Complaint alleges that certain acts of the
Defendant, in the representation of his client, an
adversary of Plaintiff's, caused Plaintiff "financial
damage, as well as emotional stress."The Complaint
further alleges that Defendant, on behalf of his client,
filed a new suit in the Justice of the Peace Court
rather than a counterclaim to an existing action filed
by Plaintiff against Defendant's client, and that
Defendant "refused to have [these cases]
consolidated."Plaintiff complains that such actions
caused her to expend funds to retain the legal services
of Darryl Fountain, Esq. Plaintiff also alleges that
Defendant has telephoned Mr. Fountain, who has not
appeared in this proceeding, to discuss either the case
at bar or some other matter in which Plaintiff had
appeared *pro-se,* again causing her to incur legal fees.
Finally, Plaintiff alleges that Defendant and his staff
have refused to answer her phone calls, presumably
causing further stress.

In addressing a motion to dismiss a complaint for
failure to state a claim for which relief can be
granted, the Court must assume the facts pleaded as
true, and must view all inferences therefrom in the
light most favorable to the non-moving party. *Wal-
Mart Stores v. AIG Life Insurance Co.,* 868 A.2d 312
(Del Super.2004). If the Court finds that the plaintiff
could not be entitled to relief under any set of facts
that could be proven in support of his claim, the
Court may dismiss the claim. *Rabkin v. Philip A.
Hund Chemical Corp.,* 498 A.2d 1099 (Del.1985).

**\*2** After a review of the pleadings and motion, the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
Not Reported in A.2d, 2005 WL 2838122 (Del.Com.Pl.)
**(Cite as: Not Reported in A.2d, 2005 WL 2838122)**

Page 2

verbatim transcript of the hearing held in this matter, and the Commissioner's written recommendation, the Court finds that the Commissioner correctly determined that the allegations of the Plaintiff's complaint, when assumed true and viewed in the light most favorable to the Plaintiff, do not give rise to a recognizable cause of action against the Defendant under Delaware law. The Plaintiff essentially claims that the Defendant, through the course of representation of his client in various litigation matters involving the Plaintiff as an adverse party, caused her to incur attorneys' fees. The facts alleged by Plaintiff do not amount to abuse of process or unethical conduct by Defendant. Even if Plaintiff was *pro se* in one of those matters and Defendant erroneously communicated about that matter with Plaintiff's attorney of record in another matter, such prudent and cautious action on the part of Defendant to avoid direct communication with a possibly represented opposing party is not actionable to recoup any fees Plaintiff may have been charged by her attorney for that communication.

## CONCLUSION

After a *de novo* review of the law and facts, I find that the Commissioner's recommendation to dismiss the complaint for failure to state a claim was proper. The Commissioner's recommendation is ACCEPTED, and the complaint is DISMISSED.

IT IS SO ORDERED.

Del.Com.Pl.,2005.
Paoli v. Malkiewicz
Not Reported in A.2d, 2005 WL 2838122 (Del.Com.Pl.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Exhibit 4

Westlaw.

Not Reported in A.2d                                                                                              Page 1
Not Reported in A.2d, 2006 WL 39360 (Del.Com.Pl.)
**(Cite as: Not Reported in A.2d, 2006 WL 39360)**

Paoli v. DiMatteo
Del.Com.Pl.,2006.
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.

Court of Common Pleas of Delaware.
**Christina PAOLI**, Defendant below, Appellant
v.
Gerald DIMATTEO and Catherine Dimatteo,
Plaintiffs below, Appellees.
**No. Civ.A. 04-08-092.**

Submitted Nov. 23, 2005.
Decided Jan. 4, 2006.

Christina Paoli, Defendant below/Appellant, pro se.
Robert H. Robinson, Jr., for Plaintiff below/Appellee.

DECISION ON APPEAL FROM
COMMISSIONER'S RECOMMENDATION

CLARK, J.
*1 The Appellant/Defendant below, **Christina Paoli**
("Defendant"), appeals the Commissioner's
recommendation that her appeal from the Justice
of the Peace Court's ("J.P.Court") judgment in favor of
the Appellees/Plaintiffs below, Gerald and Catherine
DiMatteo ("Plaintiffs"), be dismissed and remitted to
the J.P. Court due to the Defendant's failure to
prosecute the appeal. For the following reasons, the
recommendation of the Commissioner is accepted
and affirmed.

BACKGROUND

On August 18, 2004, the Defendant timely filed her
notice of appeal from the final judgment of the J.P.
Court. The Plaintiffs timely responded to the appeal
and filed their Complaint on Appeal on September
10, 2004. The certificate of service attached to the
complaint certifies that a copy thereof was mailed to
Defendant at the address she provided the Court in
her notice of appeal on September 10, 2004.
Defendant did not file an answer to the Complaint
within twenty days as required by Civil Rules 72.3

and 12. On April 20, 2005 the Court mailed notice to
the parties under Rule 41(e) that the matter would be
dismissed for failure to prosecute if no action was
taken within ten (10) days. Apparently in response
thereto, on April 29, 2005 the Defendant filed
interrogatories propounded to the Plaintiffs. On May
5, 2005, the Plaintiffs moved to have the appeal
dismissed or default judgment entered against the
Defendant for failure to answer the Complaint on
Appeal. The Defendant filed her "Response to
Complaint on Appeal" at a hearing on the Plaintiffs'
motion before the Commissioner on June 6, 2005. On
July 12, 2005, after vacating and withdrawing a prior
report, the Commissioner issued his report
recommending that the Defendant's appeal be
dismissed. The Defendant now appeals the
Commissioner's Recommendation.

STANDARD OF REVIEW

A recommendation to dismiss an appeal for failure to
prosecute, pursuant to 10 Del. C. § 9574(b), is a case-
dispositive matter. When reviewing case-dispositive
matters, the Judge of the Court reviews the
Commissioner's decision *de novo.*CCP Civ. R.
112(A)(4)(iv).

DISCUSSION

Once a party files an appeal in this Court from an
order of the lower Court, she must timely prosecute
that appeal and comply with the Rules of this
Court.Section 9574(b) of Title 10 of the Delaware
Code provides that "[i]f after entering an appeal, the
appellant neglects to prosecute it, or fails to comply
with any rule, *or makes other default,* so that in a like
case, in any other suit in Court, a nonsuit, non pros.
or judgment by default would be entered, the Court
*shall* dismiss the appeal, and remit the record to the
justice, and give judgment for the respondent for
costs; whereupon the justice shall strike off the
appeal."*(Emphasis added.) See also City of Dover v.
Myers,* 2005 WL 147940, *2 (Del.Super.).
Accordingly, the crucial question before the Court is
whether the Appellant diligently pursued her appeal
from the J.P. Court. The Court finds that the
Defendant's failure to file an Answer for a period of
nearly nine months after the Plaintiffs filed their

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                          Page 2
Not Reported in A.2d, 2006 WL 39360 (Del.Com.Pl.)
(Cite as: Not Reported in A.2d, 2006 WL 39360)

Complaint constituted a failure to prosecute her appeal, and a default. If, in a "like case" the Plaintiff-Appellee herein had filed this matter as an original proceeding against the Defendant-Appellant, he would have been entitled to an entry of default judgment by the Clerk of the Court against the Defendant for failure to timely file an answer within twenty days. Thus, dismissal was appropriate pursuant to § 9574(b).

*2 The Defendant provides several excuses for her failure to pursue her appeal. First, she submits that she did not receive the Complaint because the Plaintiff's Answer was sent to an inaccurate address. Second, she alleges that her attorney failed to properly file an Answer on her behalf. Finally, she argues that § 9574(b) requires proof of negligent or willful conduct, which she contends she lacked. None of these excuses are compelling.

The Defendant contends that she never received the Plaintiffs' Complaint on Appeal because it was not sent to the proper address. She alleges that her address had been changed due to a postal mistake. When a party's address changes, they have a duty to inform the Court of that change. Here, the Defendant failed to notify the Court or opposing counsel of her new address until the hearing on June 6, 2005. The Court's record indicates that the Complaint was sent to the Defendant at the same address that she listed on her Notice of Appeal. Furthermore, the Court concludes that the Defendant continued to receive mail at the address listed on her Notice of Appeal long after the Plaintiffs sent their Complaint because she responded to the Plaintiff's Motion to Dismiss, which was sent to her original address on May 5, 2005. Even if Defendant did not receive the Complaint, she failed to properly notify the Court and/or opposing counsel of her allegedly changed address. Defendant's failure to inform the court of her changed address is not excusable neglect under these circumstances, where, as the appellant, Defendant allowed this case to languish without action for nearly nine months. The Defendant had an affirmative duty to prosecute her appeal in this Court, whether or not she received the Plaintiffs' Complaint.

The Defendant submits that her failure to diligently pursue her appeal should be excused because she alleges that she retained an attorney, who failed to respond on her behalf. The Court has thoroughly reviewed the file and there is no evidence that would indicate that the Defendant retained an attorney to represent her in this appeal. Prior to answering the Complaint, the Defendant filed her request for interrogatories, which were submitted with a hand-written certificate of service and signed by her. In fact, every document submitted on the Defendant's behalf was submitted and signed personally by the Defendant. Thus, the Defendant provided no notice to the Court that she would be represented by counsel. No attorney filed an entry of appearance on Defendant's behalf. The Court is not convinced that the Defendant believed she would be represented in this appeal.

The Defendant lastly contends that her appeal should not be dismissed because § 9574 requires proof of negligent or willful misconduct, neither of which she contends has been established. This is an inaccurate interpretation of the statute. Neglect is but one of the grounds for dismissal of an appeal under § 9754. In any event, the facts before this Court clearly exhibit the Defendant's neglect in failing to prosecute her appeal for several months by failing to respond to the complaint on appeal.

*3 The Court acknowledges that Defendant is, in effect, seeking relief from a default judgment against her, and that, generally, the Court resolves any doubts regarding defaults in favor of the petitioner because of the public policy to determine an action on its merits. *Keystone Fuel Oil Co. v. Del-Way Petroleum, Inc.,* 364 A.2d 826, 828 (Del.Super.1976). However, in considering a default upon an appeal *de novo,* the parties have already once had their matter litigated and decided on its merits. Thus, the same policy considerations do not apply to defaults under § 9574.

For the foregoing reasons, the Court affirms and approves the Commissioner's finding that the Defendant failed to prosecute her appeal and defaulted in timely filing her answer to the complaint on appeal. Thus, the appeal is dismissed and remitted to the Justice of the Peace Court.

*Plaintiffs are entitled to Judgment for Costs*

When dismissal and remitter are appropriate under § 9574(b), the appellee is entitled to judgment for costs. At the hearing before the Commissioner, the Plaintiffs sought to be awarded costs, including

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
Not Reported in A.2d, 2006 WL 39360 (Del.Com.Pl.)
(Cite as: Not Reported in A.2d, 2006 WL 39360)

attorney's fees. However, the Commissioner recommended that attorney's fees were not recoverable because they were not provided for by contract or by any statutory authority. The Plaintiffs contend that the contractual lease between the parties provided that attorney's fees were recoverable. The Court has reviewed the lease, which was submitted with the Complaint on Appeal, and finds that the lease indeed provides for the recovery of reasonable attorney's fees. Therefore, costs, including reasonable attorney's fees are hereby awarded to the Plaintiffs.

## CONCLUSION

After a *de novo* review of the law and facts, I find that the Commissioner's recommendation to dismiss the appeal pursuant to 10 *Del. C.* § 9574(b) was proper and is accepted. I further find that the Plaintiffs are entitled to judgment for costs, including reasonable attorney's fees. Counsel for Plaintiffs shall submit an affidavit of attorneys' fees within fourteen days. Defendant may respond to the submission within seven days thereof.

The Commissioner's Recommendation is AFFIRMED in part and REVERSED in part.

IT IS SO ORDERED.

Del.Com.Pl.,2006.
Paoli v. DiMatteo
Not Reported in A.2d, 2006 WL 39360 (Del.Com.Pl.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Exhibit 5

Westlaw.

Not Reported in A.2d                                                                          Page 1
Not Reported in A.2d, 2006 WL 2165690 (Del.Com.Pl.)
**(Cite as: Not Reported in A.2d, 2006 WL 2165690)**

**C**Paoli v. Whispering Pines
Del.Com.Pl.,2006.
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.

Court of Common Pleas of Delaware,Sussex County.
**Christina PAOLI** Plaintiff,
v.
WHISPERING PINES Defendant.
**C.A. No. 01-06-102.**

Submitted July 7, 2006.
Decided July 31, 2006.

**Christina Paoli**, acting pro se.
Michael P. Morton, for Defendant.

DECISION AFTER TRIAL

CLARK, J.
*1 Trial was held in the above-captioned mater on
June 21, 2006, and the Court reserved decision. On
June 22, the Plaintiff, **Christina Paoli** requested that
the Court postpone its decision after trial for a period
of two weeks so that she could attempt to negotiate
settlement with the Defendant. Neither party has
notified the Court of a settlement agreement, so the
Court renders this decision after conducting the trial
and reviewing the evidence submitted.

*BACKGROUND*

The Court interprets Plaintiff's *pro se,* handwritten
complaint as setting forth three claims: First, that
Defendant caused Plaintiff to suffer damages when it
removed a mobile home Plaintiff held title to from
Defendant's lot and placed it in a storage area.
Second, that Defendant caused damage to the
Plaintiff when it "wrongfully" had her arrested for
trespassing on Defendant's mobile home lot Plaintiff's
mobile home had occupied. Third, that Defendant
breached an agreement with Plaintiff granting her
permission to remove the mobile home from
Defendant's property.

Prior to trial, the Defendant filed a motion to dismiss,
claiming that the Plaintiff was barred from bringing
her action under the doctrine of *res judicata.*After
taking evidence and hearing the parties' arguments,
the Court reserved decision upon the motion and
proceeded to trial.<sup>FN1</sup>Upon the parties' stipulation, the
evidence admitted on the motion was also admitted
for the overall trial.

> FN1. The Defendant claimed in its motion
> that Plaintiff's causes of action had been
> previously litigated and determined in a
> separate Justice of the Peace Court action
> (*MCH DBA Nassau Park v. Tierney, JP17-*
> *97-03-0794).* Defendant responded that
> some of her claims arose after the JP Court
> action. In accordance with Civil Rule 12(b),
> the Court took testimony and treated the
> motion as one for summary judgment.

After reviewing the limited testimony and
documentary evidence in the light most favorable to
the Plaintiff, after a brief recess, for the reasons stated
on the record, the Court entered partial summary
judgment for defendant on two of Plaintiff's claims.
First, the Court determined that the J.P. Court's July
22, 1998 decision granting the Defendant in this case
summary possession of Lot E-43 gave Defendant the
right to remove the mobile home located on the lot
and move it to a storage site in accordance with
Delaware manufactured home landlord-tenant
law.<sup>FN2</sup>Thus, the Court entered judgment for
Defendant on the claim that Defendant caused
damage to Plaintiff by removing the mobile home
from its fixtures and attachments on the lot. Second,
inasmuch as the J.P. Court had granted Defendant
summary possession of the lot, the Court found that
the Plaintiff had no right to enter the lot.
Accordingly, the Court entered judgment for
Defendant on the Plaintiff's claim that the Defendant
had her wrongfully arrested for trespassing when she
entered the lot.

> FN2.25 *Del. C.* §§ 7001 *et seq.*

The Plaintiff's final claim for breach of contract
proceeded to trial, since it was not determined in or
related to the prior adjudicated proceeding, and it

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                     Page 2
Not Reported in A.2d, 2006 WL 2165690 (Del.Com.Pl.)
**(Cite as: Not Reported in A.2d, 2006 WL 2165690)**

allegedly occurred after that proceeding concluded. The Court now addresses this remaining claim.

### FACTS

The Plaintiff purchased a mobile home from a third party, Mr. David Tierney, on or about April 30, 1998. (Pl.Ex. 1.) At the time of purchase, the home was located on Lot E-43 at Nassau Park, currently known as Whispering Pines. Prior to the Plaintiff's purchase of the home, the Defendant filed a summary possession action against Mr. Tierney for his failure to pay rent on the lot.[FN3] On April 17, 1998, the J.P. Court awarded the Defendant summary possession of Lot E-43. The Plaintiff attempted to intervene in the Defendant's action against Mr. Tierney; however, on June 12, 1998, the J.P. Court entered judgment in the Defendant's favor, holding that the Plaintiff had no right to possession of the lot at issue because she did not have a landlord-tenant relationship with the Defendant.

FN3. See footnote 1.

*2 The Plaintiff testified that, on or about June 17, 1998 she met with an agent of the Defendant who, after consulting by phone with Defendant's attorney, agreed to permit her to come onto Defendant's property to remove her mobile home from a storage area. The Plaintiff stated that the following persons were present at the time of the agreement: Ms. Bertha Ramsey, an employee of the Defendant, a maintenance worker, also allegedly employed by the Defendant, her father, and Mr. Ashe Edwards, whom she stated she hired to remove the home for her. Ms. Ramsey testified that she had no recollection of the meeting. Although Mr. Paoli indicated that he recalled being present at a meeting with Ms. Ramsey about the Plaintiff's mobile home, his recollection as to what occurred at the meeting was vague and uncertain. The Plaintiff also presented a cancelled check dated June 20, 1998, demonstrating that she paid Mr. Edwards to remove the mobile home, as she testified. (Pl.Ex. 6.)

At the rest of Plaintiff's case, the Defendant opted to present no evidence whatsoever in defense. Thus, the Court is placed in the position of relying solely on the evidence presented by the Plaintiff and that brought out on cross-examination. Although Defendant's cross-examination, and indeed Plaintiff's own

presentation of the evidence, reduced the Court's opinion of the credibility of the evidence, Plaintiff's evidence remains the only evidence before the Court, and it was not directly countered with contradictory evidence.

### DISCUSSION

The Plaintiff claims that the parties mutually agreed that the Defendant would permit the Plaintiff to enter Defendant's property for purposes of removing her mobile home from the storage area. She alleges that the Defendant failed to honor the agreement when, upon its own action, it removed the Plaintiff's mobile home less than three days after the parties reached their agreement.

Fundamentally, the Plaintiff bears the burden of proving her claim by a preponderance of the evidence.[FN4] It is the duty of the Court to weigh the evidence that is presented. A preponderance of the evidence exists when the body of evidence supporting a conclusion is greater than the body of evidence that does not support that conclusion.[FN5] In this case, the Court must consider only the evidence presented by the Plaintiff because the Defendant chose not to exercise its right to introduce evidence.

FN4. *Interim Healthcare, Inc. v. Spherion Corp.,* 884 A.2d 513, 548 (Del.Super.2005).

FN5. *Reynolds v. Reynolds,* 237 A.2d 708, 711 (Del.1967).

### Breach of Contract

To succeed on a breach of contract action, the Plaintiff must establish three things. First, she must show that a contract existed. Second, she must establish that the Defendant breached an obligation imposed by the contract. Finally, she must prove that she suffered damages as a result of the Defendant's breach.[FN6] Thus, the first question before this Court is whether the Plaintiff established that a contract existed.

FN6. *Gutridge v. Iffland,* 889 A.2d 283 (Del.2005)(citing *VLIW Technology, LLC v. Hewlett-Packard Company,* 840 A.2d 606, *612 (Del.2003).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
Not Reported in A.2d, 2006 WL 2165690 (Del.Com.Pl.)
**(Cite as: Not Reported in A.2d, 2006 WL 2165690)**

Page 3

A contract has been defined under Delaware law as an agreement upon sufficient consideration to do or not to do a particular thing.[FN7] The elements necessary to create a contract include mutual assent to the terms of the agreement and the existence of consideration.[FN8] Consideration is defined as "a benefit to a promisor or a detriment to a promisee pursuant to the promisor's request."[FN9] The doctrine of promissory estoppel may also be applied to prevent injustice where the element of consideration is not established.[FN10] The doctrine states that informal promises, for which there was no bargained-for exchange, may be enforceable "because of antecedent factors that caused them to be made or because of subsequent action that they caused to be taken in reliance."[FN11] To succeed on the theory of promissory estoppel, the Plaintiff must establish the following four elements by clear and convincing evidence. First, she must show that a promise was made. Second, she must establish that the Defendant had the reasonable expectation to induce her action or forbearance. Third, she must show that she reasonably relied on the promise and did so to her detriment. Finally she must demonstrate that injustice can only be avoided if the Court finds that the promise is binding.[FN12]

> FN7. *Rash v. Equitable Trust Co.,* 159 A. 839 (Del.Super.1931).
>
> FN8. *Faw, Casson & Co. v. Cranston,* 375 A.2d 463 (Del. Ch.1977).
>
> FN9. The *Continental Ins. Co. v. Rutledge & Co., Inc.,* 750 A.2d 1219, 1232 (Del. Ch.2000).
>
> FN10. *Ramone v. Lang,* 2006 WL 905347, *14 (Del. Ch.).
>
> FN11. *Id.,* citing *Chrin v. Ibriz, Inc.* 2005 WL 2810599, *8 (Del. Ch.2005).
>
> FN12. *Id.* citing *Chrysler Corp. v. Chaplake Holdings, Ltd.,* 822 A.2d 1024, 1032 (Del.2000).

**\*3** Because the Defendant has offered no evidence to counter the Plaintiff's testimony that she entered into an agreement with the Defendant, and because the Court finds Plaintiff's testimony, corroborated by the cancelled check payment for removal of the home, is not wholly devoid of credibility, the Court finds that the Plaintiff has established that the parties mutually agreed on June 17, 1998 to allow Plaintiff to enter Defendant's property to remove the mobile home. However, the Plaintiff did not provide any evidence that the promisor, the Defendant in this case, received a benefit in exchange for its promise to permit her to enter the lot, nor was evidence admitted to establish that the promisee, the Plaintiff in this case, incurred a detriment at the Defendant's request. Thus, Plaintiff has failed to establish the essential element of consideration to prove an enforceable contract.

Notwithstanding the failure of consideration, I find from the evidence that the doctrine of promissory estoppel should be applied in this case. As discussed, *supra,* the Plaintiff has proven that the Defendant promised to permit her to enter the property to remove her mobile home. I also find the evidence sufficiently clear and convincing evidence that the Defendant had a reasonable expectation that its promise would induce Plaintiff to hire someone to remove the mobile home. Additionally, she has shown that she reasonably relied on the Defendant's promise when she paid Mr. Edwards $275 to remove the home. In light of the evidence presented by the Plaintiff, which was not countered with evidence by the Defendant, the Court is of the opinion that injustice can only be avoided if the Court finds that the agreement is binding upon the parties.

The Court now considers whether the Plaintiff has established that the Defendant breached its promise. The Plaintiff testified that the home had been removed from the lot when she arrived at the lot just three days after the parties reached their agreement. Although the parties did not specify a time in which the agreement would expire, the Court implies a reasonable amount of time.[FN13] A reasonable person would expect to have more than three days to undertake the task of making arrangements to move a mobile home and completing the removal. The Defendant breached its promise when it removed the home before allowing Plaintiff a reasonable amount of time to do so, and is estopped from denying consideration for the promise by virtue of Plaintiff's reasonable, detrimental reliance thereon.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                Page 4
Not Reported in A.2d, 2006 WL 2165690 (Del.Com.Pl.)
**(Cite as: Not Reported in A.2d, 2006 WL 2165690)**

FN13.*Martin v. Star Publishing Co.*, 126 A.2d 238, 244 (Del.1956), *See also, Bryan v. Moore*, 2004 WL 2271614, *2 (Del. Ch.2004).

### Damages

Delaware law provides that recovery under promissory estoppel "may be limited as justice requires;" the Court may grant damages based on either the aggrieved party's expectation or reliance interest.[FN14] The most common remedy in promissory estoppel actions, however, is an award of the reliance costs reasonably incurred by the party.[FN15] In *RGC Int'l Investors, LDC v. Greka Energy Corp.*,[FN16] the Court of Chancery determined that expectation damages were appropriate when the defendant breached its obligation to act in good faith, *and* it was liable under the doctrine of promissory estoppel because the defendant induced the plaintiff's action and reaped the benefit of the plaintiff's reliance. However, in *Ramone*, the Court of Chancery limited the plaintiff's damages to reliance damages when the plaintiff established the elements of promissory estoppel, but did not show that the defendant induced reliance by the plaintiff that was uniquely valuable to the defendant by having the plaintiff agree to particular terms.[FN17]

FN14.*Ramone* at 16 (citing Restatement Second of Contracts § 90).

FN15.*Id.*

FN16.2006 WL 905347, *14.

FN17.*Ramone, supra*, at 17.

**\*4** The present case is more akin to the facts of *Ramone.* The Defendant here did not receive a uniquely valuable benefit by inducing the Plaintiff to rely on their agreement when she hired Mr. Ashe to remove her mobile home. Indeed, the Defendant presumably incurred additional cost removing the home itself, when it failed to provide the Plaintiff sufficient time to hire Mr. Ashe and complete the move. For these reasons, I find that the equities of this case do not justify an award of expectation damages and the Plaintiff's damages are limited to her reliance interest.

Reliance damages are calculated by determining the losses and expenditures incurred by the plaintiff as a result of his or her reliance on the promise.[FN18] The only damages resulting from her reliance on the Defendant's promise that the Plaintiff proved was the $275 paid to Mr. Ashe to remove the mobile home. (Pl.Ex. 6.). Therefore, the Plaintiff is entitled to $275 in reliance damages from the Defendant.

FN18.*Id.* at 16 (citing Corbin on Contracts § 8.8 at 22).

### CONCLUSION

The Court finds that an enforceable promise exists under the doctrine of promissory estoppel. The Defendant breached the promise and caused the Plaintiff damages. Therefore, judgment is entered in favor of the Plaintiff and against Defendant in the amount of $275, plus post-judgment interest thereon at the legal rate, and court costs.

IT IS SO ORDERED.

Del.Com.Pl.,2006.
Paoli v. Whispering Pines
Not Reported in A.2d, 2006 WL 2165690 (Del.Com.Pl.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Exhibit 6

Westlaw.

Not Reported in A.2d                                                                                            Page 1
Not Reported in A.2d, 2007 WL 5087319 (Del.Super.)
**(Cite as: Not Reported in A.2d, 2007 WL 5087319)**

**H**Paoli v. Glenn
Del.Super.,2007.
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.

Superior Court of Delaware,Sussex County.
Re: Christina PAOLI
v.
Bill GLENN d/b/a Up Country Mobile Home Park.
**C.A. No. 07A-02-001 THG.**

Submitted: Dec. 10, 2007.
Jan. 29, 2008.

**Christina Paoli** , Rehoboth Beach, DE.
Dean A. Campbell, Esquire, Law Office of Dean A.
Campbell, LLC, Georgetown, DE.
T. HENLEY GRAVES, Resident Judge.
**\*1** Dear Ms. Paoli and Mr. Campbell:

This is the Court's decision concerning the appeal
from the Court of Common Pleas' judgment entered
in favor of William Glenn. For the reasons stated
herein, the judgment below is affirmed.

**Factual and Procedural Background**

This case has a long and tortured history. **Christina
Paoli** ("Ms .Paoli") initiated this case against
William Glenn ("Mr.Glenn") in the Justice of the
Peace Court. Following a decision in that court, Ms.
Paoli appealed to the Court of Common Pleas in
April of 2003. On January 26, 2007, following a trial
*de novo,* the court below entered judgment in favor of
Mr. Glenn. Ms. Paoli appealed that decision to this
Court in February of 2007. On December 10, 2007,
Ms. Paoli filed the final Brief in this case.[FN1]

> FN1. Briefing was delayed due to Ms.
> Paoli's need for continuances in the filing of
> her Briefs.

**Discussion**

**Standard of Review**

The standard and scope of the Court's review of an
appeal from the Court of Common Pleas is to
"correct errors of law and to review the factual
findings of the court below to determine if they are
sufficiently supported by the record and are the
product of an orderly and logical deductive
process."*State Farm Mut. Auto. Ins. Co. v. Dann,* 794
A.2d 42, 45 (Del.Super.2002) (internal quotation
marks and citation omitted). The Court will review
any questions of law presented *de novo. Id.*

**Merits**

Ms. Paoli identifies seven issues in her opening brief.
The Opening Brief filed by Ms. Paoli is a confusing
document. In it, Ms. Paoli rambles and complains
about the trial court's decision in this case, but also
takes issue with other matters concerning previous
disputes with Mr. Glenn and new cases with Mr.
Glenn that have arisen after the Court of Common
Pleas trial. Ms. Paoli argues that the judge below
erred, but admits she did not raise many of her
present arguments to the trial court. Ms. Paoli has
failed to target issues and logically argue her
position. Nevertheless, I shall attempt to address what
I have determined to be the focus of her complaints,
knowing well that this decision probably will not be
the end of this litigation.

At the outset, Ms. Paoli argues she was not properly
served in the Justice of the Peace Court. My review
of the Court of Common Pleas file indicates that any
issue concerning service on Ms. Paoli was not raised
in the Court of Common Pleas prior to trial or during
trial. Arguments that are not raised in the trial court
ordinarily cannot be raised for the first time on
appeal. *See Wilmington Trust Co. v. Conner,* 415
A.2d 773, 781 (Del.1980). Accordingly, I will not
consider this issue.

Ms. Paoli also argues that the Court below erred
when it permitted documents to be introduced by Mr.
Glenn in light of the fact that those documents had
not been included in the Pretrial Stipulation. The
lower court's decision to admit or exclude evidence is

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                    Page 2
Not Reported in A.2d, 2007 WL 5087319 (Del.Super.)
**(Cite as: Not Reported in A.2d, 2007 WL 5087319)**

reviewed for abuse of discretion. *See Spencer v. Wal-Mart Stores East, LP,* 930 A.2d 881, 886 (Del.2007).

> Judicial discretion is the exercise of judgment directed by conscience and reason, and when a court has not exceeded the bounds of reason in view of the circumstances and has not so ignored recognized rules of law or practice so as to produce injustice, its legal discretion has not been abused. To find an abuse of discretion, there must be a showing that the trial court acted in an arbitrary and capricious manner.

**\*2***Id.* at 886-87.

Although Ms. Paoli is correct in noting that the admitted documents had not been included in the Pretrial Stipulation, the trial court did not err in permitting their introduction because Ms. Paoli was not prejudiced by their admission. Indeed, both parties introduced documents that were not included in the Pretrial Stipulation over the objection of their opponent. I also note that the Court below took a recess to permit counsel for Ms. Paoli to review the documents with her. Finally, the trial court determined that the documents would be admitted because of the history of the case, i.e., the parties had been in the Justice of the Peace Court and the documents were familiar to both of them and therefore there was no surprise or prejudice. For all of these reasons, I cannot conclude that the trial court acted in an arbitrary and capricious manner and I affirm the lower court's decision to admit the documents.

Ms. Paoli next complains that the judge below erred when he determined that she was not a tenant of the Up Country Mobile Home Park. Based upon the review of the transcript, it appears that Mr. Glenn had entered into a landlord/tenant relationship with an individual residing in his mobile home park. That person subsequently passed away. Later, Ms. Paoli made a payment on behalf of the estate. Ms. Paoli assumed that her making payment on behalf of the deceased tenant rendered her a tenant in her own right. The Court below determined that Ms. Paoli, by making a payment on behalf of the estate, did not become a tenant in the Up Country Mobile Home Park. While Ms. Paoli disagrees with the judge's decision, she makes no logical legal argument as to why she should be considered a tenant. She has not

established that the payment of rent by a third party on behalf of a lawful tenant transforms that third party into being a lawful tenant. Thus, I affirm the lower court's ruling that Ms. Paoli was not lawful tenant.

Finally, Ms. Paoli argues that she should have a new trial because of newly discovered evidence of which she has learned through subsequent litigation. An appeal on the record is an improper procedural vehicle to argue newly discovered evidence as this Court must focus on the record below. *See C.C.P. Civil Rule* 60(b).

In summary, the majority of Ms. Paoli's arguments involve long-standing grievances with Mr. Glenn and his attorney. She raises facts that are not at issue in this matter and argues matters of newly discovered evidence. I have attempted to distill her arguments to those that are appropriately considered on an appeal on the record, and I have ruled against Ms. Paoli's position.

### Conclusion

For the reasons set forth above, the trial court's decision is AFFIRMED.

Yours very truly,

T. Henley Graves

Del.Super.,2007.
Paoli v. Glenn
Not Reported in A.2d, 2007 WL 5087319 (Del.Super.)

END OF DOCUMENT

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTINA R. PAOLI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. NO. 06-462 |
| | : | |
| THE STATE OF DELAWARE and | : | JURY TRIAL DEMANDED |
| DELAWARE TECHNICAL AND | : | |
| COMMUNITY COLLEGE, | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Marc S. Casarino, Esquire, do hereby certify that on this 6th day of May, 2008 the foregoing Objection to Plaintiff's Request for Stay by Defendant Delaware Technical and Community College was served, via U.S. Mail, upon the following:

>Christina R. Paoli
>7828 Hardwick Road
>#925
>New Port Richey, FL 34653

**WHITE AND WILLIAMS LLP**

By: _____
MARC S. CASARINO (#3613)