IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTINA R. PAOLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-462 (GMS) |
| v. | ) | |
| | ) | |
| STATE OF DELAWARE and | ) | |
| DELAWARE TECHNICAL AND | ) | |
| COMMUNITY COLLEGE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

**I.  INTRODUCTION**

On July 28, 2006, the plaintiff, Christina Paoli ("Paoli"), filed this *pro se* action against the State of Delaware and Delaware Technical and Community College ("Delaware Tech"), alleging numerous violations of certain constitutional rights. Presently before the court is the defendant's motion for summary judgment and the plaintiff's motion to amend her complaint. For the reasons stated below, the court will grant the defendant's motion and deny the plaintiff's motion.

**II.  BACKGROUND**[1]

Paoli, a Delaware citizen, was a student at Delaware Tech from September 2004 until June 2006. (D.I. 1 ¶¶ 4, 6.) During her time at Delaware Tech, she excelled in the classroom and on the softball field, and was employed as a tutor from September 2004 through October 2005. (Id. ¶¶ 7-8, 10-12.) On April 13, 2006, Delaware Tech sent Paoli a complaint alleging that she violated the

---

[1]Because the court writes primarily for the parties, who are familiar with the background of the case, it includes only those facts necessary to resolve the pending motions. For a detailed summary of Paoli's complaint, see the court's December 18, 2007 Memorandum and Order (D.I. 30) granting the State of Delaware's motion for judgment on the pleadings, and granting in part and denying in part Delaware Tech's motion for judgment on the pleadings, *Paoli v. Delaware*, 2007 WL 4437219 (D. Del. Dec. 18, 2007).

school's drug-free policy by offering a controlled substance to a softball teammate. (D.I. 56 at A1-12). On April 24, 2006, Delaware Tech sent Paoli another complaint alleging that she violated the school's violence-free policy. (Id. at A13-33.) Brian Shirley, Esq. ("Shirley"), Delaware Tech's in house counsel, sent a letter to Paoli, on May 4, 2006, confirming that she received both complaints and informing her that a hearing on the complaints was scheduled on campus for May 10, 2006 at 1:00 p.m. (Id. at A34.) Shirley explained to Paoli that she had to send any requests for a continuance of the May 10th hearing directly to him. (Id. at A34.)

At 8:55 a.m. on May 10, 2006, Paoli had a doctor's note delivered to Shirley's secretary. (Id. at A35.) Without explanation, the note, dated May 1, 2006, stated that Paoli "was to be off work/school until 5/14." (Id.) While considering the note, Shirley learned that Paoli had been on campus participating in activities and classes during the time period which the note alleges she was physically incapacitated. (Id. at A36-39.) One of Paoli's instructors confirmed, in writing, that Paoli had attended his class on May 4, 2006. (Id. at A36.) Delaware Tech determined that Paoli was able to be on campus despite her doctor's note and, therefore, denied her request to continue the May 10th hearing.

Paoli failed to attend the May 10th hearing. Delaware Tech held the hearing in Paoli's absence, found that she had violated the school's drug-free and violence-free policies, and decided to suspend her from Delaware Tech. (Id. at A40.) Delaware Tech informed Paoli of the decision in a letter, which included instructions for pursuing an appeal. (Id) Paoli appealed the decision, and Delaware Tech conducted a review. (Id. at A41.) The appellate review upheld the decision and suspended Paoli from campus pending completion of certain conditions precedent to her return to Delaware Tech. (Id.)

### III. STANDARD OF REVIEW

A grant of summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Biener v. Calio*, 361 F.3d 206 (3d Cir. 2004). In reviewing summary judgment decisions, the Third Circuit views all evidence and draws all inferences in the light most favorable to the non-movant, affirming if no reasonable jury could find for the non-movant. *See Whiteland Woods, L.P. v. Twp. of West Whiteland*, 193 F.3d 177, 180 (3d Cir.1999). Thus, a trial court should only grant summary judgment if it determines that no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If a moving party has demonstrated the absence of a genuine issue of material fact – meaning that no reasonable jury could find in the nonmoving party's favor based on the record as a whole – concerns regarding the credibility of witnesses cannot defeat summary judgment. Instead, the nonmoving party must "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Id.* at 256-57 (citation omitted). Thus, summary judgment is particularly appropriate where, notwithstanding issues of credibility, the nonmoving party has presented no evidence or inferences that would allow a reasonable mind to rule in its favor. In this situation, it may be said that the record as a whole points in one direction and the dispute is not "genuine." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## IV. DISCUSSION

### A. Procedural Due Process

Paoli claims that Delaware Tech's conduct towards her violated her Fourteenth Amendment due process rights. Delaware Tech contends that Paoli's claim must fail because she was given notice, opportunity to be heard, and the ability to appeal the findings. Thus, Delaware Tech contends that Paoli has failed to demonstrate an actionable violation.

Due process requires (1) notice, and (2) opportunity to be heard. *See e.g., Goss v. Lopez*, 419 U.S. 565, 579 (1975). The Supreme Court has recognized that, in situations in which a school is suspending or expelling a student, formal notice may be more appropriate than oral notice. *Id.* at 581, 584 (discussing the type of notice required in the contest of a high school suspension or expulsion). This court has recognized that "due process is satisfied if the accused is provided with the opportunity to respond, explain and defend himself or herself." *Marsh v. Delaware State Univ.*, No. Civ.A. 05-00087JJF, 2006 WL 141680, at *3 (D. Del. Jan. 19, 2006). This court also has recognized that the right to appeal is not required. *Id.* at 4.

In the circumstances of this case, the court concludes that the plaintiff cannot establish a violation of her due process rights as a matter of law. The Due Process Clause sets "a floor or lower limit on what is constitutionally adequate," (id. at *4) and the court concludes that the procedures used by Delaware Tech in this case are sufficient to satisfy due process. Although the Third Circuit has not addressed procedural due process rights under these circumstances, the court finds persuasive the Sixth Circuit's holding in *Flaim v. Medical College of Ohio*, 418 F.3d 629 (6th Cir. 2005). In *Flaim*, the Sixth Circuit recognized that due process is satisfied when an accused student is given the right to make a statement, and present evidence and witnesses at a hearing in his or her defense.

418 F.3d at 636. Additionally, the *Flaim* court recognized that the student's hearing does not need to be open to the public, and that counsel or a general advocate for the student generally does not have to be appointed, unless the procedures are overly complex or the student faces criminal charges stemming from the incident in question. *Id.* at 635-36.

In the present case, Delaware Tech provided Paoli with written notice of the charges against her and provided her the opportunity to defend herself against the charges at a hearing. Delaware Tech afforded Paoli the opportunity to proffer evidence and witness testimony, cross-examine witnesses, and have a representative at the hearing. As previously mentioned, Paoli sent a terse doctor's note to Shirley's secretary the morning of the hearing, claiming that she was medically unable to attend. When Delaware Tech did not continue her hearing, Paoli failed to show up, and Delaware Tech rendered a decision in her absence.[2] After rendering its decision, Delaware Tech permitted Paoli to file an appeal, which she did. Delaware Tech, however, affirmed its original decision. Clearly, Delaware Tech provided Paoli with adequate notice and opportunity to be heard. Accordingly, no genuine issues of material fact exist regarding Paoli's procedural due process claim, and the court will grant Delaware Tech's motion for summary judgment.

### B.    Paoli's Motion to Amend Complaint

Paoli has filed a motion to amend her complaint. (D.I. 62.) Leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). "[A] court should deny

---

[2] Paoli claims that the court should deny Delaware Tech's motion for summary judgment, because she was medically unable to attend the hearing. The court disagrees and finds that Paoli fails to raise a genuine issue of material fact with respect to her claim, because the record evidence demonstrates that she was present on campus, attending classes, and conducting research in the DELJIS lab during the time period that the note claimed she was physically incapacitated. *See* D.I.56 at A36-39.

leave to amend if the moving party is guilty of undue delay, bad faith, dilatory motive, prejudice, or his or her amended claims are futile." *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). "Amendment of the complaint is futile if the amendment will not cure a deficiency in the original complaint or if the amended complaint cannot withstand a motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). In the amended complaint, Paoli asserts a number of legal conclusions for which she states no supporting facts. *Morse*, 132 F.3d at 906. Paoli also repeats a number of the claims she alleged in her original complaint. *See e.g.* D.I. 62 ¶¶ 3, 4, 5 (making bald assertions that Delaware Tech breached a contract with Paoli and, therefore, should pay Paoli damages). Viewing the amended complaint in the light most favorable to Paoli, the court finds that it would not withstand a 12(b)(6) motion to dismiss. Accordingly, the court will deny Paoli's motion to amend.

## IV. CONCLUSION

For the aforementioned reasons, the court will grant Delaware Tech's motion for summary judgment and deny Paoli's motion to amend.

Dated: August 27, 2009

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA R. PAOLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-462 (GMS) |
| v. ) | |
| ) | |
| STATE OF DELAWARE and ) | |
| DELAWARE TECHNICAL AND ) | |
| COMMUNITY COLLEGE, ) | |
| ) | |
| Defendants. ) | |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendant's Motion for Summary Judgment (D.I. 55) is GRANTED.

2. The plaintiff's Motion for Leave to Amend Complaint (D.I. 62) is DENIED.

3. The clerk of court is ordered to close this case.

Dated: August 27, 2009

CHIEF, UNITED STATES DISTRICT JUDGE